Fee Paid

**CARL GORDON**
**UNIVERSITY OF THE 'HOOD®**
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
Tel. (310) 926-3939
Email: universityofthehood@gmail.com
PLAINTIFF-RELATOR, CARL GORDON

**F I L E D**
CLERK, U.S. DISTRICT COURT

5/23/25

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ cs _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CARL GORDON,<br><br>Plaintiff-Relator,<br><br>v.<br><br>GAVIN NEWSOM, GOVERNOR OF CALIFORNIA (INDIVIDUAL CAPACITY);<br>ELENI KOUNALAKIS, LIEUTENANT GOVERNOR (INDIVIDUAL CAPACITY);<br>ROB BONTA, ATTORNEY GENERAL OF CALIFORNIA (INDIVIDUAL CAPACITY);<br>SHIRLEY WEBER, SECRETARY OF STATE (INDIVIDUAL CAPACITY);<br>STEVEN J. REYES, CHIEF COUNSEL TO THE SECRETARY OF STATE (INDIVIDUAL CAPACITY);<br>KEVIN CALIA, PARTNER, BOERSCH & ILLOVSKY LLP (INDIVIDUAL CAPACITY);<br>DEAN C. LOGAN, REGISTRAR-RECORDER/COUNTY CLERK (INDIVIDUAL CAPACITY);<br>CALIFORNIA ASSOCIATION OF CLERKS AND ELECTION OFFICIALS (CACEO), INCLUDING ALL 58 | CASE No:    CV25-4705-AB(SSCx)<br><br>**FILED UNDER SEAL**<br><br>**VERIFIED COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT, CALIFORNIA FALSE CLAIMS ACT, MISUSE OF FEDERAL ELECTION FUNDS, CONSTITUTIONAL VIOLATIONS, AND RELATED RELIEF**<br><br><br>**FEDERAL FALSE CLAIMS ACT, 31 U.S.C. §§ 3729–3733**<br><br>**CALIFORNIA FALSE CLAIMS ACT, CAL. GOV. CODE §§ 12650–12656**<br><br><br>FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)<br><br><br>**JURY TRIAL DEMANDED** |

COUNTY ELECTION OFFICERS;
SKDK (FORMERLY
SKDKNICKERBOCKER), A POLITICAL
PUBLIC RELATIONS FIRM;
ACTBLUE, A MAJOR FUNDRAISER
FOR THE DEMOCRATIC PARTY;
CALIFORNIA DEMOCRATIC PARTY;
DEMOCRATIC NATIONAL
COMMITTEE (DNC);
DEMOCRATIC GOVERNORS
ASSOCIATION (DGA);

DOES 1 through 10,

          Defendant(s)

## I. INTRODUCTION

1. Plaintiff-Relator CARL GORDON brings this qui tam action under the False Claims Act, 31 U.S.C. §§ 3729–3733, and the California False Claims Act, Cal. Gov. Code § 12650 et seq., to redress a coordinated scheme of election fraud, financial conflicts of interest, and misuse of federal funds during the 2020 presidential election and the 2021 California gubernatorial recall election. Plaintiff-Relator Carl Gordon brings this action as the original source of the material facts alleged herein pursuant to 31 U.S.C. §§ 3730(b)(5) and 3730(e)(4). (See Declaration of Original Source and First-Filer Status, attached hereto as **Exhibit A**).

2. This action exposes a conspiracy to misuse Help America Vote Act (HAVA) funds in alcohol-serving polling venues and to submit false

certifications to the federal government supporting expenditures rendered void ab initio by constitutional violations under California law.

3. These violations arose from unlawful and illegal acts—both federal and state—committed by disqualified and conflicted officials, including corrupt judges, and were aided and sustained for four years by the U.S. Department of Justice and the compromised federal judiciary in California under the Biden-Harris Administration, lending substantial credence to then-former, and now President, **Donald J. Trump's** allegations of a weaponized DOJ and a politically corrupted judicial system during the Biden presidency:

a. Submitting politically motivated false claims and material misstatements—codified under a statute expressly enacted and signed by Governor Newsom to guarantee payment from federal funds—in order to induce the federal and state governments to pay $35 million under a no-bid contract to SKDKnickerbocker, a pro-Biden political public relations firm, for work performed in connection with the corrupt staging of the 2020 presidential election, resulting in the allocation of all 55 of California's Electoral College votes to the Biden-Harris ticket on January 6, 2021.

b. See Assembly Bill No. 85, Ch. 4, Stats. 2021 (illegally signed and deposited with the Secretary of State by Governor Newsom on February 23, 2021, in violation of California Penal Code § 115 and 2 C.F.R. § 200.423, which prohibits the use of federal funds at venues serving alcohol). On August 6, 2020, Newsom—while acting as both Governor and a conflicted party with a financial interest in alcohol-serving establishments through his **PlumpJack Group Holdings**—also signed **SB 423**, authorizing the use of such establishments as

polling places for the 2020 presidential election between Donald Trump and Joe Biden. These actions occurred while Newsom was constitutionally disqualified under Article II, § 17 of the California Constitution. Moreover, because **AB 85** retroactively amended Section 39.00 of the Budget Act of 2020 to authorize payment to the pro-Biden political consulting firm SKDKnickerbocker, the resulting $35 million no-bid contract was illegal on multiple grounds. State Controller Betty Yee initially blocked the expenditure due to its legal defects, and the Howard Jarvis Taxpayers Association filed a federal lawsuit in 2020 to challenge the allocation. Eventually, through political machinations and override maneuvers as described above, the payment was processed using federal funds from the U.S. Election Assistance Commission (EAC) under the Help America Vote Act and the CARES Act.

**c**. Enacting recall-related legislation while under legal disqualification;

**d**. Using public office for personal and partisan political advantage;

**e**. Intentional violation of the **Takings Clause** of the **Fifth Amendment** to the U.S. Constitution;

**f**. Suppressing whistleblower disclosures and obstructing judicial review of constitutional violations.

**4.** Once again, on September 13, 2021—on the eve of the California recall election—then-former, now President Donald J. Trump publicly issued a prophetic statement of alarm about the election process to the American people, stating:

*"Does anybody really believe the California Recall Election isn't rigged? Millions and millions of Mail-In Ballots will make this just another giant Election Scam, no different, but less blatant, than the 2020 Presidential Election Scam!"*

5. This Verified Complaint—submitted in this federal action by Carl Gordon, co-founder and First Steward of the University of the 'Hood®—confirms, through four years of rigorous independent research and sustained, arduous, self-funded litigation in the demonstrably corrupt United States District Court for the Central District of California and the United States Court of Appeals for the Ninth Circuit—that President Donald J. Trump's statement is both factually and legally true and correct in the specific context of the 2020 presidential election in California, including the significance of California's 55 Electoral College votes. Notably, on December 9, 2021, the Inspector General of the U.S. Election Assistance Commission formally informed Gordon via email that the agency would refer evidence of recall election fraud involving Governor Gavin Newsom to the U.S. Department of Justice and the FBI. Yet both the district court and the Ninth Circuit actively suppressed those facts from the record. This Verified Complaint is based exclusively on public records, official government correspondence, and uncontested federal and state documentation that clearly and overwhelmingly establish that the 2020 presidential election in California was rigged.

**6.** The 2021 California gubernatorial recall election mirrored the structural and procedural misconduct of the 2020 presidential election through a similarly rigged framework—one that was designed, financed, and executed using federal funds, including those allocated under the Help America Vote Act (HAVA) and the CARES Act. This recall process was carried out under void legislation, including Assembly Bill No. 128 and Senate Bill No. 152, both of which were signed by Governor Gavin Newsom while disqualified under Article II, Section 17 of the California Constitution. The use of polling places in alcohol-serving venues further violated 2 C.F.R. § 200.423, which prohibits the use of federal funds not only for the cost of alcoholic beverages but also for the rental or use of facilities primarily engaged in the sale or dispensing of alcohol, even if alcohol is not consumed on-site during the election. Despite these violations, the recall election was certified, and federal funds were expended, in direct contravention of state constitutional provisions and federal cost principles. Replacement candidates—including Gordon—were forced to participate in an election that was neither lawful nor constitutionally valid, and whose outcome had been predetermined by a coordinated scheme of political self-preservation, financial self-dealing, and deliberate fraud on the electorate, including the wrongful taking of Gordon's $4,194.94 filing fee as a prospective replacement candidate to help finance the fraud, along with the fees of all other similarly situated replacement candidates—none of whom were aware they were participating in a fraudulent and unlawfully rigged recall election. All of us—including California's 22 million registered voters—were deceived, in

violation of California Civil Code §§ 1710 and 1711, which define deceit and fraudulent concealment under state law.

7. The prior 2023 False Claims Act case filed by Plaintiff-Relator Gordon, United States ex rel. Gordon v. Newsom et al., Case No. 2:23-cv-06727-JLS-MAR, was dismissed solely due to the Court's interpretation of the pro se restriction under the False Claims Act. The merits were never adjudicated. That dismissal is now the subject of a pending Rule 60(d)(3) fraud upon the court challenge in Gordon v. Olguin et al., Appeal No. 25-1190 (9th Cir.).

8. For the first time, the State of California is named in this action as a harmed party (not as a defendant), to facilitate restitution and clawback of funds wrongfully paid—including the $35 million in taxpayer money paid to SKDKnickerbocker under the "Vote Safe California" voter outreach scheme during the 2020 presidential election.

## II. LEGAL FRAMEWORK

9. The Federal False Claims Act (FCA) prohibits submission of false claims to the government and imposes liability for knowingly making or using false records or statements. Defendants violated 31 U.S.C. §§ 3729(a)(1)(A)–(C) by knowingly submitting or causing the submission of false claims and false records for payment using federal HAVA funds.

10. The California False Claims Act (CFCA) similarly prohibits submission of false claims to the State and its subdivisions, including when such claims involve both state and federal funding streams, in violation of Cal. Gov. Code § 12651(a)(1)–(3).

**11.** Defendants further violated 18 U.S.C. § 371 by conspiring to defraud the United States and committed acts of mail and wire fraud (18 U.S.C. §§ 1341, 1343, 1346), as well as major fraud (18 U.S.C. § 1031).

**12.** Under 2 C.F.R. § 200.423, federal grant funds—including HAVA funds—may not be used in alcohol-serving establishments.

**13.** The California Constitution and statutes establish the following relevant duties and prohibitions:

a. Article II, § 17: Disqualifies the Governor from recall-related powers once the recall is initiated. Plaintiff alleges that initiation occurred upon service of the petition on February 20, 2020, when Governor Newsom was officially notified and placed on legal notice. The Constitution does not define "initiated," and no California court has ruled on this issue. Plaintiff requests that this Court define the term as a matter of first impression.

b. Article V, § 10: Mandates that the Lieutenant Governor assume recall-related responsibilities upon the Governor's disqualification;

c. Gov. Code §§ 87100 and 1090: Prohibit financial conflicts of interest and contractual self-dealing;

**d**. Penal Code § 115(a): Prohibits filing false public documents;

**e**. Civil Code §§ 1710 and 1711: Prohibit deceit and fraud upon the public.

## III. PARTIES

**14.** Plaintiff-Relator Carl Gordon is a 79-year-old African American citizen and registered voter in Los Angeles County, California. He is co-founder and First Steward of the University of the 'Hood®, holds a Master of

Public Administration from the University of Southern California, and earned a Ph.D. through the University of the 'Hood. He brings this action pro se and under seal pursuant to 31 U.S.C. § 3730(b)(2).

**15.** Gavin Newsom is the Governor of California. He is sued in his individual capacity for participating in recall-related decisions and federal fund certifications while constitutionally disqualified, and for signing legislation while retaining a financial interest in alcohol-serving establishments.

**16.** Eleni Kounalakis is the Lieutenant Governor of California. She is sued in her individual capacity for failing to assume recall-related duties under Article V, § 10, thereby unlawfully enabling Governor Newsom's continued participation in the recall process.

**17.** Rob Bonta is the Attorney General of California. He is sued in his individual capacity for knowingly defending void actions, certifying elections under defective legal conditions, and failing to enforce relevant statutory prohibitions.

**18.** Shirley N. Weber is the Secretary of State of California. She is sued in her individual capacity for accepting and certifying filings and election outcomes that were constitutionally void and for acting under color of authority in certifying illegal public documents.

**19.** Steven J. Reyes is Chief Counsel to the Secretary of State. He is sued in his individual capacity for approving and facilitating the filing of unconstitutional and fraudulent documents in connection with the recall election and its related funding.

**20.** Kevin Calia is a partner at Boersch & Illovsky LLP and acted as outside counsel to the California Secretary of State during the recall. He is sued in his individual capacity for aiding the approval and defense of legally void acts involving federal funds.

**21.** Dean C. Logan is the Registrar-Recorder/County Clerk for Los Angeles County, California. He is sued in his individual capacity for deploying federally funded election infrastructure in venues prohibited under federal law and certifying election results that relied on illegal expenditures.

**22.** The California Association of Clerks and Election Officials (CACEO) is sued as an unincorporated statewide association that includes all 58 county elections officers in California. CACEO is responsible for implementing federal and state election procedures and collectively facilitated the misuse of HAVA funds in violation of 2 C.F.R. § 200.423.

**23.** SKDK (formerly SKDKnickerbocker) is a political communications and consulting firm. It is sued as a recipient of a $35 million no-bid contract authorized by Governor Newsom and funded with both state and federal funds, including HAVA and CARES Act money.

**24.** ActBlue is a Democratic fundraising platform. It is sued for facilitating hundreds of millions of dollars in political donations that were deployed in tandem with federally subsidized election infrastructure.

**25.** The California Democratic Party, including all 58 county chapters, is sued for knowingly using federally reimbursed election systems for partisan purposes during the 2021 recall election, and for participating in SKDK's illegal outreach campaign.

**26.**  The Democratic National Committee (DNC) is sued for coordinating with state officials in the use of federal funds for partisan gain during the 2020 and 2021 elections.

**27.**  The Democratic Governors Association (DGA) is sued for knowingly benefiting from, redistributing, and laundering funds that flowed through ActBlue and related networks during the period when Governor Gavin Newsom was constitutionally disqualified under Article II, Section 17 of the California Constitution. During this period, the DGA contributed $5 million to support Governor Newsom's recall defense campaign, including through entities such as Stop the Republican Recall and Stop the Steal California, which were created to preserve his office through constitutionally void and federally tainted processes..

**28.**  DOES 1–10 are currently unidentified individuals or entities believed to have participated in the fraudulent scheme. Plaintiff will amend this Complaint as soon as the names and roles of these defendants become known through discovery.

**29.**  All individual defendants are sued in their individual capacities unless otherwise noted.

**IV. JURISDICTION AND VENUE**

**30.**  This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question), 31 U.S.C. § 3732(a) (False Claims Act jurisdiction), and Cal. Gov. Code § 12652(c) (California FCA jurisdiction).

**31.**  Venue is proper in this District under 31 U.S.C. § 3732(a) because material acts and omissions occurred in the Central District of California,

and multiple Defendants reside, transact business, or are otherwise subject to personal jurisdiction within this District.

## V. BACKGROUND FACTS

**32.**   On February 20, 2020, Governor Gavin Newsom was formally served with the recall petition pursuant to California Elections Code § 11020. While the Secretary of State later approved the petition for circulation on June 10, 2020, Plaintiff alleges that the recall was "initiated" on February 20, 2020, for purposes of Article II, § 17 of the California Constitution. The Constitution does not define "initiated," and no court has addressed the meaning of the term in this context. Plaintiff asserts that service upon the Governor triggered his mandatory disqualification from recall-related duties, and that this issue presents a matter of first impression requiring judicial resolution.

**33.**   Despite this disqualification, Newsom unlawfully signed and/or enacted the following recall-related statutes:

a. Senate Bill 423 (August 6, 2020) – Authorized the use of alcohol-serving establishments as polling places by temporarily repealing Elections Code § 12288.

b. Senate Bill 29 (February 19, 2021) – Mandated universal vote-by-mail ballots for all active voters in 2021 elections, including the recall.

c. Assembly Bill 85 (February 23, 2021) – Retroactively funded a $35 million "Vote Safe" voter outreach contract with SKDK, a Democratic-aligned PR firm.

d. Senate Bill 152 and Assembly Bill 128 (June 28, 2021) – Amended the Budget Act of 2021 to appropriate over $250 million in combined state and federal funds for administration of the 2021 recall election.

**34.**  At the time he signed these statutes, Newsom retained a financial interest in the PlumpJack Group, which owns and operates alcohol-serving businesses. This created a disqualifying conflict of interest in violation of Cal. Gov. Code §§ 87100, 1090, and 8920.

**35.**  The State of California received over **$96 million** in federal **HAVA** and **CARES Act** funding in fiscal year 2020–21. These funds were used to subsidize infrastructure and logistics for the 2021 recall, including:

a. BallotTrax® voter tracking systems;

b. Dominion/ICX voting machines and software;

c. ADA-compliant voting access tools;

d. Cybersecurity infrastructure;

e. Poll worker training, PPE, and logistics.

**36.**  Many of these systems were deployed in alcohol-serving venues, in violation of 2 C.F.R. § 200.423, which prohibits the use of federal funds in such locations. This deployment also violated 18 U.S.C. § 597, which prohibits the use of financial inducements to influence federal elections.

**37.**  Lieutenant Governor Eleni Kounalakis failed to assume recall-related duties, as mandated by Article V, § 10 of the California Constitution, thereby enabling Governor Newsom to unlawfully maintain control over the recall process despite his disqualification.

**38.** On December 9, 2021, the Inspector General of the U.S. Election Assistance Commission (EAC) formally referred California's misuse of federal HAVA and CARES Act funds during the 2021 recall to the U.S. Department of Justice and the FBI for further investigation.

**39.** The EAC referral has been withheld from public and judicial scrutiny due to procedural suppression and refusal by the judiciary to acknowledge filings submitted under Federal Rule of Evidence 201. Multiple denials of Plaintiff's request to amend his complaint under federal rules of civil procedure rule 15(d). Further, The Ninth Circuit panel erroneously declined to consider this evidence, citing the principle that matters not distinctly raised and argued in the opening brief may be deemed forfeited. See *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam). However, the certified FOIA documents from the U.S. Election Assistance Commission (EAC)—which confirmed that violations of federal law by Governor Newsom concerning the misuse of HAVA funds in the 2021 recall election were referred to the FBI and DOJ under the Inspector General Act of 1978, Section 4—were in fact cited repeatedly in the case record, including in both the opening brief and the reply brief. The panel's refusal to acknowledge or consider the EAC's certified inculpatory documentation, despite its clear materiality and admissibility under Federal Rule of Evidence 201, constitutes a deliberate act of judicial suppression. This evidentiary suppression undermines the integrity of the appellate process and raises serious due process concerns. The omission is legally unjustifiable in light of the record and the Rule 201 framework. Accordingly, the resulting dismissal is now the subject of a pending Rule

60(d)(3) fraud upon the court challenge in *Gordon v. Olguin et al.*, Appeal No. 25-1190 (9th Cir.).

**40.** The 2021 recall election was conducted on a constitutionally void foundation—tainted by conflicts of interest, illegal funding, and false certifications of legality. Every legislative, financial, and administrative act taken in furtherance of the recall was therefore unlawful and federally noncompliant.

## VI. FACTUAL ALLEGATIONS

**41.** Defendants conspired to misapply federal HAVA funds entrusted to California's Federal Trust Fund to finance the 2021 recall election, in circumvention of constitutional mandates and disqualification clauses. These acts violated 31 U.S.C. § 3729(a)(1)(A)–(C).

**42.** Governor Newsom's disqualification under Article II, § 17 made him legally ineligible to sign SB 152, AB 128, AB 85, or any other recall-related appropriations. His actions rendered those statutes void ab initio, and his filings with the Secretary of State violated California Penal Code § 115.

**43.** The Legislature's redirection of $250 million in recall-related costs from the counties to the state (and federal reimbursement) constituted a quasi-kickback scheme designed to ensure county cooperation in an election rigged to retain Newsom in office

**44.** The deployment of federal systems in alcohol venues, authorized through SB 423 and AB 85, violated 2 C.F.R. § 200.423 and 18 U.S.C. §§ 1341, 1343, and 1346. These acts constituted mail fraud, wire fraud, and deprivation of honest services.

**45.** Defendants participated in suppressing whistleblower disclosures and obstructing judicial review through administrative delay, refusal to process Rule 201(e) filings, and bad-faith litigation tactics.

**46.** Plaintiff Gordon's $4,194.94 filing fee, and those of other replacement candidates, were wrongfully taken to support a fraudulent and rigged process, violating the Takings Clause of the Fifth Amendment.

## VII. STATEMENT OF UNDISPUTED FACTS

**47.** Governor Gavin Newsom was formally served with a recall petition on February 20, 2020.

**48.** The California Secretary of State approved the recall petition for circulation on June 10, 2020.

**49.** Newsom signed SB 423 on August 6, 2020, authorizing the use of alcohol-serving polling places.

**50.** Newsom signed SB 29 on February 19, 2021, mandating universal vote-by-mail for 2021 elections.

**51.** Newsom signed AB 85 on February 23, 2021, funding a $35 million no-bid contract with SKDK Newsom signed AB 85 on February 23, 2021, funding a $35 million no-bid contract with SKDK

**52.** Newsom signed AB 128 and SB 152 on June 28, 2021, appropriating $250 million for the recall.

**53.** California received $73.5 million in HAVA funds for FY 2020–2021

**54.** $46.3 million of HAVA funds were expended, including $40.8 million distributed to counties.

**55.** Federally funded election systems used included BallotTrax®, Dominion/ICX, ADA tools, and cybersecurity equipment.

**56.** No oversight or safeguards prevented their deployment in alcohol-serving venues in violation of 2 C.F.R. § 200.423.

**57.** Governor Newsom retained a financial interest in the PlumpJack Group throughout the recall process.

**58.** The 2021 gubernatorial recall election was held on September 14, 2021, and administered under statutes rendered void by constitutional violations.

**59.** Gordon paid a $4,194.94 filing fee and was never refunded.

## VIII. REQUEST FOR DECLARATORY RELIEF

Plaintiff-Relator respectfully requests that the Court declare the following:

**a**. Governor Gavin Newsom was disqualified from recall-related acts effective February 20, 2020, upon initiation of the recall within the meaning of Article II, Section 17 of the California Constitution;

**b**. SB 423, SB 29, AB 85, SB 152, and AB 128 are void ab initio;

**c**. Lieutenant Governor Eleni Kounalakis failed to assume her constitutional responsibilities under Article V, Section 10;

**d**. Use of HAVA-funded infrastructure in alcohol-serving venues violated 2 C.F.R. § 200.423;

**e**. Any certifications submitted to the federal government based on expenditures related to the recall election were materially false and legally defective;

**f**. The 2021 California gubernatorial recall election was both constitutionally invalid and federally noncompliant;

**g.** The wrongful taking of Plaintiff-Relator Gordon's $4,194.94 candidate filing fee, and those of all similarly situated replacement candidates who were unknowingly made to participate in a fraudulent recall election, violated the Takings Clause of the Fifth Amendment to the United States Constitution.

## IX. CLAIMS FOR RELIEF

**60. Count I – Violations of the Federal False Claims Act (31 U.S.C. § 3729(a)(1)(A)–(C))**

Defendants knowingly submitted or caused the submission of false claims for payment or approval using federal funds allocated under the Help America Vote Act.

**61. Count II – Conspiracy to Defraud the United States (18 U.S.C. § 371)**

Defendants conspired to defraud the federal government by misusing funds, circumventing federal restrictions, and concealing their unlawful activities through false certifications and filings.

**62. Count III – Honest Services Fraud, Mail Fraud, and Wire Fraud (18 U.S.C. §§ 1341, 1343, 1346)**

Defendants deprived the public of honest services and used interstate wires and mail to further their fraudulent recall scheme.

**63. Count IV – Violations of the California False Claims Act (Cal. Gov. Code § 12651(a)(1)–(3))**

Defendants knowingly presented and caused to be presented false claims for payment or approval using both federal and state funds.

**64. Count V – Filing False Public Documents (Cal. Penal Code § 115(a))**

Defendants knowingly filed, or caused to be filed, false and legally void documents with the Secretary of State and other public agencies in connection with the administration of the 2021 recall.

**65. Count VI – Violation of Title VI of the Civil Rights Act (42 U.S.C. § 2000d)**

Defendants administered a federally funded election process in a racially discriminatory manner that had a disparate impact on replacement candidates and voters of color.

**66. Count VII – Financial Conflict of Interest (Cal. Gov. Code §§ 87100, 1090)**

Gov. Newsom engaged in self-dealing and participated in government decisions where they had a financial interest, including legislation that benefitted businesses in which Newsom retained ownership.

**67. Count VIII – Illegal Use of Federal Funds (2 C.F.R. § 200.423)**

Defendants authorized the use of federal HAVA and CARES Act funds in polling venues that served alcohol, in violation of express federal cost restrictions.

**68. Count IX – Deceit and Fraudulent Public Conduct**

**(Cal. Civ. Code §§ 1710, 1711)**

Defendants engaged in acts of deceit with the intent to defraud the public and cause public funds to be expended under false pretenses.

**69.  Count X – Violation of the Fifth Amendment Takings Clause**

Defendants, acting under color of law, wrongfully took Plaintiff-Relator Carl Gordon's **$4,194.94** replacement candidate filing fee—and the fees of all other similarly situated replacement candidates—for use in a constitutionally void, federally noncompliant, and fraudulent election process. This unlawful appropriation of private property without just compensation violated the **Takings Clause of the Fifth Amendment** to the United States Constitution.

# XI. PRAYER FOR RELIEF

WHEREFORE, Relator, on behalf of the United States and himself, respectfully requests that this Court:

a. Enter judgment against all Defendants for three times the amount of damages sustained by the United States and/or the State of California;

**b**. Impose civil penalties of up to $11,000 per false claim, as permitted by law;

**c**. Award restitution to the United States and the State of California for all improperly expended funds;

**d**. Award Relator's share of any recovery, pursuant to 31 U.S.C. § 3730(d) and Cal. Gov. Code § 12652(g);

**e.** Issue declaratory relief as set forth in Section VIII;

**f.** Award costs, interest, and attorney's fees (if applicable); and

**g**. A finding that the taking of Gordon's $4,194.94 candidate filing fee violated the Fifth Amendment, and an order requiring just compensation;

**h.** Grant such other and further relief as this Court may deem just and proper.

**i.** Such other relief as the Court deems just.

## XII. DEMAND FOR JURY TRIAL

Relator demands a trial by jury on all issues so triable

## XIII. VERIFICATION

I, **Carl Gordon**, am the Plaintiff-Relator in the above-captioned action. I have read the foregoing Verified Complaint and know the contents thereof. I verify under penalty of perjury under the laws of the United States of America that the factual allegations contained in this Complaint are true and correct to the best of my knowledge, information, and belief.

Executed on this ̲2̲3̲ day of ̲ ̲ ̲ ̲ ̲May̲ ̲ ̲ ̲ ̲, 2025, in Los Angeles, California.

*Carl Gordon*

**Carl Gordon**
Plaintiff-Relator, appearing pro se

Dated: May 23, 2025                    Respectfully submitted,

*Carl Gordon*

Carl Gordon
Plaintiff-Relator, appearing pro se
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
universityofthehood@gmail.com
(310) 926-3939

# EXHIBIT A

1
2  **CARL GORDON**
   **UNIVERSITY OF THE 'HOOD®**
3  8306 Wilshire Blvd., No. 792
   Beverly Hills, CA 90211
4  Tel. (310) 926-3939
   Email: universityofthehood@gmail.com
5  PLAINTIFF RELATOR, CARL GORDON
6

7
       **UNITED STATES DISTRICT COURT**
8      **CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION**

9  UNITED STATES OF AMERICA ex     |  CASE No:
   rel. CARL GORDON,
10                                 |  **EXHIBIT A**
   Plaintiff-Relator,
11                                 |  **DECLARATION OF ORIGINAL**
   v.                              |  **SOURCE AND FIRST-FILER**
12                                 |  **STATUS**
   GAVIN NEWSOM,, et al.,
13
   AND;
14
15                                 |  **FILED UNDER SEAL**
   DOES 1 through 10,
16
17        Defendant(s)
18

19

20  **DECLARATION OF ORIGINAL SOURCE AND FIRST-FILER**

21  **STATUS** *(For Attachment to Verified Complaint Filed May 23, 2025)*

22

23  I, **Carl Gordon**, declare as follows:

24
    I am the Plaintiff-Relator in the above-captioned False Claims Act matter. I
25
    submit this declaration in support of my jurisdictional eligibility and standing
26

27

28
         MAY 23, 2025, DECLARATION OF ORIGINAL SOURCE AND FIRST-FILER STATUS | 1

under 31 U.S.C. §§ 3730(b)(5) (first-to-file bar) and 3730(e)(4) (public disclosure bar and original source exception).

I am the original source of the material facts, allegations, and legal claims set forth in the Verified Complaint filed on May 22, 2025. These facts concern fraudulent conduct by California state officials and affiliated entities involving the misuse of federal funds, constitutional violations, and material false statements submitted to the United States and the State of California.

I previously filed a related qui tam complaint in the United States District Court for the Central District of California on August 16, 2023, in the matter styled *United States ex rel. Gordon v. Newsom et al.*, Case No. 2:23-cv-06727-JLS-MAR. That action was dismissed without prejudice on August 25, 2024, solely on procedural grounds that pro se litigants may not maintain actions under the False Claims Act.

The merits of that case were never adjudicated. The dismissal is now the subject of a pending Rule 60(d)(3) fraud upon the court challenge in *Gordon v. Olguin et al.*, Ninth Circuit Appeal No. 25-1190.

The 2023 complaint did not include the State of California as a harmed governmental entity, nor did it present the expanded set of constitutional, regulatory, and financial conflict-of-interest claims now asserted in the 2025 complaint. This case introduces newly discovered facts, including material documentation and correspondence obtained from the Fair Political Practices Commission, the U.S. Election Assistance Commission (EAC), and other state and federal sources.

In 2023 and 2024, I also made disclosures of these facts and concerns to:

- The U.S. Department of Justice (DOJ);

- Jeffrey Zients, Chief of Staff to President Joseph R. Biden;

- President Biden himself, who responded in a letter dated April 3, 2024, acknowledging receipt of my correspondence and affirming his administration's commitment to racial equity and accountability in American public life;

- Senator Chuck Grassley, the preeminent and principal architect of the modern False Claims Act and long-time congressional leader in FCA oversight and enforcement, also received my disclosures. He authored the landmark 1986 amendments that revitalized the statute and has remained one of its most prominent defenders in Congress;

- **Attorney General Merrick Garland**, head of the U.S. Department of Justice; and

- **E. Martin Estrada**, United States Attorney for the Central District of California.

These disclosures were made well in advance of any press or public investigation and reflect direct outreach to the highest levels of federal law enforcement and executive leadership. The substance of the disclosures included constitutional violations, the unlawful use of federal funds, and fraudulent political activity tied to the **February 2020 initiation of the gubernatorial recall and the 2021 recall election of Governor Gavin Newsom**, as well as the broader administration of the 2020 and 2021 elections.

I also submitted a detailed complaint to the Office of Inspector General of the U.S. Election Assistance Commission (EAC), which was formally acknowledged by email on December 8, 2021. The following day, on December 9, 2021, Brianna Schletz, Inspector General of the EAC, informed me in writing that my complaint would be referred to the U.S. Department of Justice and the Federal Bureau of Investigation. This expedited one-day referral, made after review of my submission, included inculpatory evidence of unlawful conduct by Governor Newsom and was transmitted pursuant to the **Inspector General Act of 1978, § 4(b)**, which provides in relevant part:

*"If the Inspector General has reason to believe there has been a violation of federal criminal law, the Inspector General shall report expeditiously to the Attorney General of the United States."*

These disclosures—made prior to any media coverage or federal investigative reports—include:

- Unlawful use of federal election infrastructure in alcohol-serving polling venues, in violation of 2 C.F.R. § 200.423;

- Constitutional disqualification of Governor Gavin Newsom under Article II, Section 17 of the California Constitution;

- Failure of Lieutenant Governor Eleni Kounalakis to assume recall-related powers under Article V, Section 10;

- Unlawful legislation and expenditures executed by a disqualified Governor;

- Material financial conflicts of interest related to Governor Newsom's retained ownership stake in the PlumpJack Group.

On October 20, 2023, the U.S. Department of Justice filed a Notice of Election to Decline Intervention in the earlier qui tam action, *United States ex rel. Gordon v. Newsom et al.*, Case No. 2:23-cv-06727-JLS-MAR. The declination occurred despite the overwhelming statutory and documentary evidence of fraud, and in a political context where Governor Gavin Newsom was serving as a key surrogate for President Joseph R. Biden. This raises legitimate concern regarding institutional bias and the political independence of the DOJ's decision not to intervene.

Moreover, recently uncovered evidence developed by me confirms that Governor Gavin Newsom orchestrated the retroactive payment of $35 million in federal funds to SKDKnickerbocker—a partisan, pro-Biden political consulting firm— under the guise and cover of COVID-19 public outreach, enabling plausible deniability for awarding a no-bid contract to a Biden-Harris partisan during the 2020 presidential election. Specifically:

(a) Governor Newsom submitted and authorized politically motivated false claims and material misstatements, codified in Assembly Bill No. 85, Ch. 4, Stats. 2021, which he personally signed on February 23, 2021, despite being disqualified under California Government Code §§ 1090 and 87100(a) (as enforced by the Fair Political Practices Commission) due to a clear financial conflict of interest arising from his ownership interest in the PlumpJack Group, and in violation of Article II, Section 17 of the California Constitution. This statute was enacted expressly to guarantee payment to SKDKnickerbocker under a no-bid contract, using federal election assistance funds allocated under the Help America Vote Act (HAVA) and the CARES Act.

(b) The $35 million allocation retroactively amended Section 39.00 of the Budget Act of 2020 to justify the unlawful payment. State Controller Betty Yee initially blocked the expenditure due to legal defects, and the Howard Jarvis Taxpayers Association filed a lawsuit to challenge it. Ultimately, the payment was processed using federal funds from the U.S. Election Assistance Commission under the Help America Vote Act (HAVA) and the CARES Act—despite clear restrictions under 2 C.F.R. § 200.423, which prohibits use of such funds for certain political and alcohol-serving venues. The contract and payout occurred while Newsom maintained a financial interest in such venues via the PlumpJack Group.

These newly integrated facts further corroborate both the constitutional disqualification of Governor Newsom and the politically motivated nature of the DOJ's non-intervention.

As such, I qualify as an "original source" under 31 U.S.C. § 3730(e)(4)(B) because I:

1. Possess knowledge that is independent of and materially adds to any prior public disclosure; and

2. Disclosed this information to the federal government before filing this action.

I further confirm that the claims asserted in this action do not duplicate any pending FCA case, and that no other party has previously filed a complaint based on the same full set of material facts. Therefore, this action is not barred by the "first-to-file" provision of § 3730(b)(5).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _23_ day of _____May_____, 2025 at Los Angeles, California.

*Carl Gordon*

**Carl Gordon**

Plaintiff-Relator

8306 Wilshire Blvd., No. 792

Beverly Hills, CA 90211

universityofthehood@gmail.com

(310) 926-3939

1

## PROOF OF SERVICE

2

(31 U.S.C. § 3730(b)(2) – Qui Tam Filing Under Seal)

3

I, Mae Gordon, declare as follows:

4

5   I am employed in the City and County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My address is 1125 So. Holt Ave.

6   Apt. 3, Los Angeles, California 90035. On **May 23, 2025**, I served the foregoing document described as:

7

8   VERIFIED QUI TAM COMPLAINT FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2) and DECLARATION OF ORIGINAL SOURCE AND FIRST-FILER STATUS

9   by placing true and correct copies in sealed envelopes with postage fully prepaid, and depositing them in the United States mail in Los Angeles, California, addressed as

10  follows:

11  1. Attorney General of the United States

12  U.S. Department of Justice

13  950 Pennsylvania Avenue, NW

14  Washington, DC 20530-0001

15

16  2. Civil Intake Clerk

17  Office of the United States Attorney

18  Central District of California

19  300 North Los Angeles Street, Suite 7516

20  Los Angeles, CA 90012

21

22  Executed on **May 23, 2025**, at Los Angeles, California. I declare under penalty of

23  perjury under the laws of the State of California that the foregoing is true and correct.

24

25

26  _____
      Mae Gordon

27

28