UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:25-cv-04705-AB-SSC | Date: | December 29, 2025 |

| | |
|---|---|
| Title: | *United States ex. rel. Carl Gordon v. Gavin Newsom* |

| | |
|---|---|
| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION [DKT. NO. 29] AND EMERGENCY MOTION FOR PARTIAL RELIEF FROM VOID ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)(4) [DKT. NO. 32]**

    Before the Court is Plaintiff Carl Gordon's ("Plaintiff") Emergency Motion for Reconsideration of the Court's November 26, 2025 Order ("December 11 EPA", Dkt. No. 29), and Emergency Motion for Partial Relief From Void Order Pursuant to Federal Rule of Civil Procedure 60(b)(4) ("December 13 EPA", Dkt. No. 32). For the following reasons, both motions are **DENIED.**

                       **I.**        **BACKGROUND**

    On May 23, 2025, Plaintiff Carl Gordon ("Plaintiff") filed a pro se *qui tam* action alleging, among other claims, violations of the False Claims Act ("FCA"). Compl., Dkt. No. 1. Once the U.S. government declined to intervene in the case (Dkt. No. 21), this Court issued an Order to Show Cause Re: Dismissal Due To Lack of Counsel. "OSC", Dkt. No. 24. The Court's OSC ordered Plaintiff to find counsel

as FCA claims are not permitted pro se. *See Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007).

Plaintiff filed a response to the OSC and stated that he had not obtained counsel. "OSC Reply," Dkt. No. 25. In its November 26, 2025 Order, the Court (1) dismissed Plaintiff's FCA claims for failure to obtain counsel and ordered Plaintiff to file an amended complaint containing only his remaining claims; (2) dismissed and denied Plaintiff's then-pending *ex parte* applications; and (3) denied Plaintiff's Motion for Leave to Exceed the Word Limit. "Nov. 26 Order," Dkt. No. 28

Plaintiff has filed two "emergency" motions with the Court in response to the Court's November 26 Order seeking reconsideration.

## II.    LEGAL STANDARD

a. *Ex Parte* Applications

*Ex parte* applications are solely for extraordinary relief and are rarely granted. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995). Such applications are "inherently unfair, and they pose a threat to the administration of justice. They debilitate the adversary system." *Id*. at 490.

> *Ex parte* applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason. They demand priority consideration, where such consideration is seldom deserved. In effect, they put the applicant "ahead of the pack," without cause or justification. *Ex parte* applications are not intended to save the day for parties who have failed to present requests when they should have and should not be used as a way to "cut in line" ahead of those litigants awaiting determination of their properly noticed and timely filed motions.

*In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989). Accordingly, *ex parte* relief is warranted only where the movant shows two things:

> First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that

the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *Mission Power Eng'g Co.*, 883 F. Supp. at 492.

### b. **Motions for Reconsideration**

Motions to alter a judgment or for reconsideration may be brought under Fed. R. Civ. P. 59(e) or 60(b). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991).

Rule 60(b) allows for reconsideration only upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b). Subparagraph (6) requires a showing of extraordinary grounds for relief. *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). The mere belief that the court's decision was wrong does not justify reconsideration. *Id*.

Additionally, a court always retains the "inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005) (internal quotes omitted). In this district, Local Rule 7-18 provides that motions for reconsideration made pursuant to the court's independent authority

> … may only be made because of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

A motion for reconsideration may not repeat any oral or written argument made in support of or in opposition to the original motion. *Id.* Indeed, "a mere attempt by [the moving party] to reargue its position by directing [the] court to additional case law and . . . argument[s] which [it] clearly could have made earlier, but did not . . . is not the purpose of motions for reconsideration . . . ." *Yang Ming Marine Transp. Corp. v. Oceanbridge Shipping Int'l, Inc.*, 48 F. Supp. 2d 1049, 1057 (C.D. Cal. 1999).

## III.   DISCUSSION

While Plaintiff has only styled one of his motions, or the December 11 EPA, as a motion for reconsideration, because his second motion requests relief pursuant to Federal Rule of Civil Procedure 60(b)(4), the Court reviews the December 13 EPA as a motion for reconsideration. The Court considers each of his EPAs in turn.

### A. Plaintiff failed to articulate why he is entitled to "emergency" relief.

As a threshold matter, Plaintiff has filed two motions seeking "emergency" relief. While Plaintiff has not styled his motions as *ex parte* applications, the Court treats them as *ex parte* applications because "a motion that is not motioned for hearing 'is effectively an *ex parte* application.'" *United States ex rel. IONM LLC v. Univ. of S. Cal.*, 2023 WL 8290414 at *2 n.2 (C.D. Cal. Oct. 27, 2023) (quoting *Schmitz v. Asman*, 2022 WL 1172537, at *1, n.1 (E.D. Cal. April 20, 2022)).

As this Court has previously told Plaintiff, *ex parte* relief is an exceptional form of relief. Plaintiff has made no arguments as to why he would be irreparably prejudiced if his motions are heard according to regularly noticed motion procedures. Plaintiff does not even attempt to address the *Mission Power* factors or explain why his motions should be considered "emergencies." *See Clayton v. Farrell*, 2013 WL 12139106 at * 1 (C.D. Cal. Dec. 20, 2023). Accordingly, the Court cannot find that Plaintiff is entitled to *ex parte* relief. *See Levin v. Stonhard Gp, Inc.*, 2019 WL 6711686 at *1 (C.D. Cal. Aug. 23, 2019).

The Court observes these are two of several *ex parte* applications Plaintiff filed in this case. *Ex parte* applications should be employed only if there is a genuine need for extraordinary relief. They are the "equivalent of standing in a crowded theater and shouting, 'Fire!'" *Mission Power Eng'g Co.*, 883 F. Supp. at 492. Accordingly, a moving party must demonstrate why they "should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Id.* While the Court does not wish to deter Plaintiff from filing necessary *ex parte* applications, the continued abuse of the *ex parte* system may result in dismissal of the underlying motion, sanctions, or even dismissal of the action in its entirety.[1]

---

[1] Plaintiff received a similar admonishment by another court in the Central District of California for inappropriate use of the *ex parte* process earlier this year. *Gordon v. Newsom*, 2025 WL 2014317 (C.D. Cal. June 11, 2025).

## B. Plaintiff's December 11 EPA is denied for failure to state a basis for reconsideration under Local Rule 7-18.

Plaintiff first argues that the United States' declination was void because the U.S. officials who signed the declination lacked authority under 28 U.S.C. § 546(d). Plaintiff contends the act that triggered the requirement for him to obtain counsel was invalid, which permits him to proceed pro se in this matter. Dec. 11 EPA at 3.

The Court observes that Plaintiff failed to raise this argument in his OSC Reply. Plaintiff attempted to raise this argument in a Supplemental Response to the Order to Show Cause. "Supp. Resp.," Dkt. No. 27. Plaintiff's Supplemental Response was 18,1398 words, far exceeding the Court's 7,000-word limit. *See* C.D. Cal. R. 11-6.1. Plaintiff, apparently aware of the Court's word limit, concurrently filed a Motion for Leave to Exceed the Word Limit. Dkt. No. 26. The Court declined to exercise its discretion and denied Plaintiff's request in its November 26, 2025 Order. Thus, this is the first time the Court will consider this argument.

As a threshold matter, Plaintiff made no argument as to why this allegation satisfies any of the criteria for reconsideration under Local Rule 7-18. Even assuming Plaintiff satisfied that burden, his argument for reconsideration on this basis is not convincing. He contends another court's holding that First Assistant U.S. Attorney for the Central District of California Bill Essayli had been unlawfully serving as Acting United States Attorney invalidates the U.S. Government's declination in this case. *See United States v. Ramirez*, 2025 WL 3019248 at *20 (C.D. Cal. Oct. 28, 2025).

However, Plaintiff provides no argument as to why the holding in *United States v. Ramirez* should be binding on this Court. Moreover, he provides no argument as to why the holding in *United States v. Ramirez*, which was based on substantially different factual background, affects a declination to intervene in an FCA case. Plaintiff only provides a conclusory statement that the requirement to obtain counsel no longer applies to him. This is not sufficient to merit reconsideration of the Court's earlier order.

Next, Plaintiff claims that he has Article III standing. Dec. 11 EPA at 3. However, he has not articulated why this is a ground for reconsideration, as the Court never held that he did not have Article III standing. Accordingly, this argument fails.

Plaintiff further argues the Court improperly dismissed or denied his *ex parte* filings at Docket Numbers 17, 19, 20, 22, and 27 by failing to take judicial notice of the facts Plaintiff provided and apply Federal Rules of Evidence 201(c)(2) and 201(e). Dec. 11 EPA at 4. The Court denied Plaintiff's *ex parte* applications seeking judicial notice for failure to meet the requirements for an *ex parte* application. As the Court emphasized above, *ex parte* applications request extraordinary relief from the Court and, accordingly, require filing parties to meet a high standard. The Court denied Plaintiff's *ex parte* applications seeking judicial notice since Plaintiff failed to meet that burden. The fact the Court did not apply Federal Rules of Evidence 201(c)(2) or 201(e) is not a basis for reconsideration as the Court denied his *ex parte* motions for judicial notice on other grounds, or failure to meet the standard for an *ex parte* application.

Plaintiff additionally claims the Court should reconsider its November 26 Order because the Court allegedly failed to treat the document at Docket Number 27 as a "Rule 15(d) supplemental pleading." Dec. 11 EPA at 4. Plaintiff has not explained why, even if true, this would merit reconsideration. Furthermore, the Court observes that Plaintiff's Supplemental Response, which far exceeded the Court's word limit, would still be subject to that same word limit as a supplemental pleading.

Finally, in his last two arguments, Plaintiff argued the Court improperly denied his "oversized-brief" and doing so violated his statutory and constitutional rights. Dec. 11 EPA at 5. Plaintiff does not explain how his constitutional or statutory rights are implicated. He merely includes conclusory statements that the Court violated his rights. As with his other claims, this argument fails to meet any of the criteria for reconsideration.

Accordingly, the Court **DENIES** Plaintiff's December 11 EPA.

### C. Plaintiff's December 13 EPA is denied for failure to state a basis for reconsideration under Federal Rule of Civil Procedure 60(b)(4).

Plaintiff argues that the Court should hold the portion of its November 26 Order related to the FCA Claims as void under Rule 60(b)(4). Plaintiff argues the Court's order is void because the government did not properly decline to intervene in his case. His argument fails for several reasons.

First, Plaintiff incorrectly states the court is *required* to set aside a judgement under Rule 60(b)(4). Rule 60(b)(4) plainly states "the court *may* relieve

a party or its legal representative from a final judgment, order, or proceeding . . . [if] the judgement is void[.]" Fed. R. Civ. P. 60(b)(4)(emphasis added). Moreover, the only legal authority Plaintiff provided on this point is irrelevant and does not support a holding that Rule 60(b)(4) is mandatory. *See* Dec. 13 EPA at 8 (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)).

Plaintiff's argument that the declination is invalid is also unconvincingly. In support of his argument, Plaintiff offers three Supreme Court cases. Dec. 13 EPA at 9 (citing *Ryder v. United States*, 515 U.S. 177 (1995), *Nguyen v. United States*, 539 U.S. 69 (2003), *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998)). However, upon review, none stand for the proposition he asserts nor does he attempt to provide any reasoning for his citation.

Accordingly, the Court finds no evidence the November 26 Order is void pursuant to Rule 60(b)(4) and **DENIES** Plaintiff's December 13 EPA.

**IT IS SO ORDERED**.