**CARL GORDON**
**UNIVERSITY OF THE 'HOOD®**
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
Tel. (310) 926-3939
Email: universityofthehood@gmail.com
Plaintiff Pro Se

FILED

CLERK, U.S. DISTRICT COURT

1/13/26

CENTRAL DISTRICT OF CALIFORNIA

BY _____MRV_____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. CARL GORDON, RELATOR AND ARTICLE III PLAINTIFF, INDIVIDUALLY AND ON BEHALF OF MORE THAN FORTY SIMILARLY SITUATED RECALL REPLACEMENT CANDIDATES,<br><br>            Plaintiff,<br><br>Plaintiff-Relator,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br><br>            Defendant(s) | CASE No: 2:25-cv-04705-AB(SSx)<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NOTICE OF JURISDICTIONAL DEFECTS AND SUPPORTIVE AUTHORITATIVE FACTS EXHIBITS A–J FILED CONCURRENTLY**<br><br>*(Record Preservation Filing; No Relief Requested)* |

## TO THE HONORABLE ANDRÉ BIROTTE JR., UNITED STATES DISTRICT JUDGE, CENTRAL DISTRICT OF CALIFORNIA

1 13 26 NOTICE OF JURISDICTIONAL DEFECTS AND SUPPORTIVE… Exhibits A–J 1

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NOTICE OF JURISDICTIONAL DEFECTS AND SUPPORTIVE AUTHORITATIVE FACTS EXHIBITS A–J FILED CONCURRENTLY**

Relator Carl Gordon respectfully requests that the Court take judicial notice, pursuant to Federal Rule of Evidence 201(b) and 201(e), of the following materials for the limited purpose of establishing their existence, filing dates, titles, issuing judges, assignments, and docket entries.

Judicial notice is not requested for the truth of disputed factual assertions unless such facts are indisputable matters of public record. This request preserves the right of all parties to be heard under Rule 201(e) and seeks no substantive relief.

**Exhibits A–J**

- Exhibit A — Civil docket sheet, No. 2:23-cv-06727-JLS-MAR

- Exhibit B — Notice of Assignment (Dkt. 8)

- Exhibit C — Order re Transfer (Dkt. 17)

- Exhibit D — Relator's Objection and Formal Protest

- Exhibit E — Minutes Order (Dkt. 28)

- Exhibit F — DOJ Declination (Dkt. 29)

- Exhibit G — Order Lifting Seal (Dkt. 30)

- Exhibit H — Magistrate Judge Rocconi request for recusal (Dkt, 13.)

- Exhibit I — SEALED Declination and Unsealing Request (Dkt. 21)

- Exhibit J — *United States v. Ramirez*, No. 5:25-cr-00264

CASE No: 2:25-cv-04705-AB(SSx)

EXHIBITS FOR PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF NOTICE OF JURISDICTIONAL DEFECTS AND
SUPPORTIVE AUTHORITATIVE FACTS

(With Integrated Request for Judicial Notice — Exhibits A–J)

(Record Preservation Filing; No Relief Requested)

# EXHIBIT A

Docket sheet 2-23-cv-06727-JLS-MARCM_ECF - California Central District

(MARx),CLOSED,DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:23-cv-06727-JLS-MAR

| | |
|---|---|
| The United States of America et al v. Gavin Newsom et al | Date Filed: 08/16/2023 |
| Assigned to: Judge Josephine L. Staton | Date Terminated: 08/25/2024 |
| Referred to: Magistrate Judge Margo A. Rocconi | Jury Demand: Plaintiff |
| Cause: 31:3729 False Claims Act | Nature of Suit: 375 Other Statutes: False Claims Act |
| | Jurisdiction: Federal Question |

**Plaintiff**

**The United States of America**
*ex rel. Carl Gordon*

represented by  **Karen Yumi Paik**
AUSA - Office of US Attorney
Civil Division
300 North Los Angeles Street Suite 7516
Los Angeles, CA 90012
213-894-8561
Fax: 213-894-7819
Email: karen.paik@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Carl Gordon**
*Relator*

represented by  **Carl Gordon**
8306 Wilshire Blvd. No. 792
Beverly Hills, CA 90211
310-289-8057
Fax: 310-926-3939
PRO SE

V.

**Defendant**

**Governor Gavin Newsom**
*governor of California, individual capacities*

**Defendant**

**Eleni Kounalakis**
*lieutenant governor of California, individual capacities*

**Defendant**

**Rob Bonta**
*attorney general of California, individual*

*capacities*

**Defendant**

**Shirley N. Weber**
*secretary of state of California, individual capacities*

**Defendant**

**Steven J. Reyes**
*chief counsel of the Office of the Secretary of State of California, and the offices outside counsel, individual capacities*

**Defendant**

**Kevin Calia**
*partner in Boersch & Illovsky LLP, individual capacities*

**Defendant**

**James Patrick Arguelles**
*Sacramento Superior Court Judge, individual capacities*

**Defendant**

**The California Association of Clerks and Election Officials**

**Defendant**

**The California Democratic Party**

**Defendant**

**The Democratic Governons Association**

**Defendant**

**Does**
*1 through 10*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 08/16/2023 | 1 | VERIFIED FALSE CLAIMS ACT COMPLAINT against Defendants James Patrick Arguelles, Rob Bonta, Kevin Calia, Does, Eleni Kounalakis, Gavin Newsom, Steven J. Reyes, The California Association of Clerks and Election Officials, The California Democratic Party, The Democratic Governons Association, The United States of America, Shirley N. Weber. Case assigned to Judge Josephine L. Staton for all further proceedings. Discovery referred to Magistrate Judge Margo A. Rocconi. (Filing fee $ 402 PAID.) Jury Demanded., filed by Plaintiff Carl Gordon. (Attachments: # 1 Civil Cover Sheet) (et). Modified on 10/31/2023 (jp). (Entered: 08/18/2023) |
| 08/16/2023 | 2 | 21 DAY Summons Issued re Complaint - (Discovery) 1 as to Defendants James Patrick Arguelles, Rob Bonta, Kevin Calia, Eleni Kounalakis, Gavin Newsom, Steven J. Reyes, The California Association of Clerks and Election Officials, The California Democratic |

| | | Party, The Democratic Governors Association, Shirley N. Weber. (et) (Entered: 08/18/2023) |
|---|---|---|
| 08/16/2023 | 3 | EXHIBIT IN SUPPORT OF FCA COMPLAINT filed by Plaintiff Carl Gordon. as to Complaint - (Discovery) 1 . (et) Modified on 11/8/2023 (jp). (Entered: 08/18/2023) |
| 08/16/2023 | 4 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiff Carl Gordon. (et) (Entered: 08/18/2023) |
| 08/16/2023 | 5 | VERIFIED DISCLOSURE STATEMENT filed by Plaintiff Carl Gordon. (et) Modified on 11/8/2023 (jp). (Entered: 08/18/2023) |
| 08/16/2023 | 6 | REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF RELATOR'S FALSE CLASS ACT ACTION filed by Plaintiff Carl Gordon. (Attachments: # 1 Proposed Order)(et) Modified on 11/8/2023 (jp). (Entered: 08/18/2023) |
| 08/16/2023 | 7 | PROOF OF SERVICE filed by Plaintiff Carl Gordon, re Corporate Disclosure Statement 5 , Exhibit (non-trial) 3 , Request for Judicial Notice 6 , Complaint - (Discovery) 1 served on 8/16/2023. (et) Modified on 11/8/2023 (jp). (Entered: 08/18/2023) |
| 08/18/2023 | 8 | NOTICE OF ASSIGNMENT to District Judge Josephine L. Staton and Magistrate Judge Margo A. Rocconi. (et) (Entered: 08/18/2023) |
| 08/18/2023 | 9 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (et) (Entered: 08/18/2023) |
| 08/18/2023 | 10 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (et) (Entered: 08/18/2023) |
| 08/18/2023 | 11 | RELATOR'S (REQUEST) THAT U.S. DISTRICT JUDGE BIROTTE AND U.S. MAGISTRATE JUDGE ROCCONI RECUSE THEMSELVES FROM THIS FCA ACTION SUA SPONTE (Attachments: # 1 Proposed Order) (bm) Modified on 11/8/2023 (jp). (Entered: 08/21/2023) |
| 08/18/2023 | 12 | PROOF OF SERVICE. (bm) Modified on 11/8/2023 (jp). (Entered: 08/21/2023) |
| 08/22/2023 | 13 | RELATOR'S REQUEST FOR RECUSAL UNDER 29 C.F.R. Sec. 2200.68(c), THAT HON U.S. MAGISTRATE JUDGE MARGO A ROCCONI TO BE RECUSED FROM THIS FCA ACTION. CONCURRENTLY FILED WITH AN AFFIDAVIT (Attachments: # 1 Proposed Order) (bm) Modified on 11/8/2023 (jp). (Entered: 08/24/2023) |
| 08/22/2023 | 14 | RELATOR'S AFFIDAVIT IN SUPPORT OF RECUSING U.S. MAGISTRATE JUDGE MARGO A. ROCCONI FROM THIS INSTANT FEDERAL FCA (bm) Modified on 11/8/2023 (jp). (Entered: 08/24/2023) |
| 08/22/2023 | 15 | PROOF OF SERVICE - NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES; NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM (bm) Modified on 11/8/2023 (jp). (Entered: 08/24/2023) |
| 08/22/2023 | 16 | PROOF OF SERVICE PROPOSED ORDER RELATOR'S REQUEST FOR RECUSAL UNDER 29 C.F.R. Sec. 2200.68(c), THAT HON. U.S. MAGISTRATE JUDGE MARGO A ROCCONI (bm) Modified on 11/8/2023 (jp). (Entered: 08/24/2023) |
| 08/24/2023 | 17 | ORDER RE TRANSFER to this Court's General Order in the Matter of Assignment of Cases and Duties to the District Judges. (Related Case) filed. Transfer of case declined by Judge Fernando M. Olguin, for the reasons set forth on this order. Related Case No. 2:21-cv-07720 FMO(MAR) (rn) (Entered: 08/24/2023) |
| 09/19/2023 | 18 | RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS FABRICATED ORDER RE TRANSFER RELATED CASES |

| | | ATTACHMENT TO FORM CV-34A DATED AUGUST 24, 2023 AND RE-REQUEST THAT THIS COURT GRANTS RELATOR'S RECUSAL REQUEST OF US MAGISTRATE JUDGE MARGO A ROCCONI UNDER 29 C.F.R. 2200.68(c) DATED AUGUST 22, 2023 (lom). Modified on 11/14/2023 (jp). (Entered: 09/19/2023) |
|---|---|---|
| 09/19/2023 | 19 | PROOF OF SERVICE RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS FABRICATED ORDER RE TRANSFER RELATED CASES ATTACHMENTTO FORM CV-34A DATED AUGUST 24, 2023 AND RE-REQUEST THAT THIS COURTGRANTS RELATORS RECUSAL REQUEST OF U.S. MAGISTRATE JUDGE MARGO A.ROCCONI UNDER 29 C.F.R. § 2200.68(c) DATED AUGUST 22, 2023(lom). Modified on 11/14/2023 (jp). (Entered: 09/19/2023) |
| 09/19/2023 | 20 | CARL GORDONS VERIFICATION. RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS FABRICATED ORDER RE TRANSFER RELATED CASES ATTACHMENT TO FORM CV-34A DATED AUGUST 24, 2023 AND RE-REQUEST THAT THIS COURT GRANTS RELATOR'S RECUSAL REQUEST OF US MAGISTRATE JUDGE MARGO A ROCCONI UNDER 29 C.F.R. 2200.68(c) DATED AUGUST 22, 2023 (lom). Modified on 11/14/2023 (jp). (Entered: 09/20/2023) |
| 09/26/2023 | 21 | TEXT ONLY ENTRY by Judge Josephine L. Staton. Counsel and/or the parties are advised that the Court has updated its procedures in civil cases, including procedures encouraging consent to the magistrate judge in ordinary civil cases; setting forth presumptive schedules for class certification motion briefing; simplifying the requirements for substituting named defendants for Doe defendants; clarifying requirements for submission of mandatory chambers copies of voluminous exhibits; substituting compliance with the Local Rule regarding limitations on the number of words in the parties briefing for the Courts previous page limitations on briefing; imposing further limitations on the number of words in reply briefs; updating the Courts procedures in the case of settlement, including procedures for orders imposing stays of proceedings, orders of dismissal, and retention of jurisdiction by the Court; imposing limitations on both the number of and the content of motions in limine; and clarifying trial exhibit preparation, including the requirement to prepare a separate binder of exhibits for each witness. These updates are found on the Courts procedures page, and/or the Courts Initial Standing Order and Civil Trial Order, attached thereto. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cbr) TEXT ONLY ENTRY (Entered: 09/26/2023) |
| 09/29/2023 | 22 | RELATOR GORDON'S NOTICE OF AND EX PARTE APPLICATION FOR GORDON'S PETITION TO CHANGE (TRANSFER) VENUE, TO CDCA EASTERN DIVISION (Riverside) PURSUANT TO 28 U.S.C. Sec. 1404(a) AND UNDER 31 U.S. CODE Sec. 3732 - FALSE CLAIMS ACT JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES (Attachments: # 1 Proposed Order) (bm) Modified on 11/8/2023 (jp). (Entered: 09/29/2023) |
| 09/29/2023 | 23 | DECLARATION OF CARL GORDON (bm) Modified on 11/8/2023 (jp). (Entered: 09/29/2023) |
| 09/29/2023 | 24 | PROOF OF SERVICE (bm) Modified on 11/8/2023 (jp). (Entered: 09/29/2023) |
| 10/02/2023 | 25 | THE UNITED STATES' RESPONSE TO QUI TAM PLAINTIFF'S EX PARTE APPLICATION TO TRANSFER VENUE (bm) Modified on 11/8/2023 (jp). (Entered: 10/03/2023) |
| 10/04/2023 | 26 | QUI TAM PLAINTIFF'S RESPONSE TO THE UNITED STATES' RESPONSE TO QUI TAM PLAINTIFF'S EX PARTE APPLICATION TO TRANSFER VENUE (lom) Modified on 11/8/2023 (jp). (Entered: 10/06/2023) |

| | | |
|---|---|---|
| 10/04/2023 | [27](#) | PROOF OF SERVICE (lom) Modified on 11/8/2023 (jp). (Entered: 10/06/2023) |
| 10/12/2023 | [28](#) | MINUTES (In Chambers) ORDER DENYING Motion to Recuse and ORDER DENYING Ex Parte Application to Transfer Venue by Judge Josephine L. Staton: The Court DENIES Relator's Motion to Recuse (Doc. [13](#) ) and DENIES Relator's Ex Parte Application to Transfer Venue (Doc. [22](#) ). (See document for further information). (jp) (Entered: 10/24/2023) |
| 10/20/2023 | [29](#) | NOTICE OF ELECTION BY THE UNITED STATES TO DECLINE INTERVENTION AND REQUEST FOR UNSEALING OF CASE (Attachments: # [1](#) Proposed Order)(bm) Modified on 10/31/2023 (jp). (Entered: 10/26/2023) |
| 10/30/2023 | [30](#) | ORDER RE ELECTION BY THE UNITED STATES TO DECLINE INTERVENTION AND REQUEST FOR UNSEALING OF CASE [29](#) by Judge Josephine L. Staton that: (1) The seal is LIFTED from this action in all respects; (2) The Complaint, this Order and the Notice of Election by the United States to Decline Intervention and Request for Unsealing of Case are all UNSEALED; (3) The seal is lifted as to all papers and records filed or lodged in this action after the date of this Order; (4) The parties shall serve all pleadings, notices, motions, orders, and otherpapers hereafter filed or lodged in this action, including supporting memoranda and any notice of appeal, upon the United States as provided for in 31 USC section 3730(c)(3). (jp) (Entered: 10/31/2023) |
| 11/01/2023 | [31](#) | REQUEST that the Court on its own motion issue an Order supplementing its 10/30/2023 Order Lifting the Seal as to all papers and records filed or loged in this action Requested by the USA dated 10/30/2023, see document for further information filed by plaintiff Carl Gordon. (jp) (Entered: 11/01/2023) |
| 11/01/2023 | [32](#) | PROOF OF SERVICE Pursuant to Court Order Dated October 30, 2023 filed by plaintiff Carl Gordon, re REQUEST that the Court on its own motion issue an Order supplementing its 10/30/2023 Order Lifting the Seal as to all papers and records filed or lodged in this action Requested by the USA dated 10/30/2023 [31](#) served on 11/1/2023. (jp) (Entered: 11/01/2023) |
| 11/03/2023 | [33](#) | MINUTES (In Chambers) ORDER Directing The Clerk to Unseal Docket Entries and Issue Self-Representation Order by Judge Josephine L. Staton: The Court has reviewed Relators latest filing. (Doc. [31](#) .) The Court directs counsel for the Government to file a response to Relator's latest filing and advise the Court whether the Government believes that any documents filed in this case, including those identified by Relator, should remain sealed. (jp) (Entered: 11/06/2023) |
| 11/06/2023 | [34](#) | SELF-REPRESENTATION ORDER by Judge Josephine L. Staton. See document for further information. (jp) (Entered: 11/06/2023) |
| 11/06/2023 | [35](#) | RESPONSE filed by Plaintiff The United States of Americato REQUEST to Unseal Document [31](#) (Paik, Karen) (Entered: 11/06/2023) |
| 11/07/2023 | [36](#) | MINUTE (In Chambers) ORDER TO UNSEAL Remaining Docket Entries by Judge Josephine L. Staton: The Court has reviewed Relator's latest filing and the Government's response. (Docs. [31](#) and [35](#) .) The Clerk unsealed the case. Many docket entries were sealed on an individual basis, and these remain unsealed as of the date of this Order. The Court directs the Clerk to unseal all remaining docket entries filed through and including 11/7/2023. (jp) (Entered: 11/08/2023) |
| 11/08/2023 | [37](#) | REPLY to Court Orders Dated October 30 and November 3-6, 2023, and Government's November 6, 2023, Response Rector Gordon Request a Reconsideration of the Multiple Court Orders Dated October 12, and November 30,6, 2023 or in the Alternative a Stay in the Proceedings to Fill an Interlocutory Appeal With the U.S. Court of Appeals for the |

| | | |
|---|---|---|
| | | Ninth Circuit Under FRCP 59(E) Extraordinary Circumstances and in the Interest of Justice filed by Plaintiff Carl Gordon. (jp) (Entered: 11/09/2023) |
| 11/08/2023 | 38 | PROOF OF SERVICE filed by plaintiff Carl Gordon re Reply to Court Orders Dated October 30 and November 3-6, 2023, and Government's November 6, 2023, Response Rector Gordon Request a Reconsideration of the Multiple Court Orders Dated October 12, and November 30,6, 2023 or in the Alternative a Sta]n in the Proceedings to Fill an Interlocutory Appeal With the U.S. Court of Appeals for the Ninth Circuit Under FRCP 59(E) Extraordinary Circumstances and in the Interest of Justice 37 served on 11/8/2023. (jp) (Entered: 11/09/2023) |
| 01/04/2024 | 39 | MINUTES (In Chambers) ORDER DENYING MOTION FOR RECONSIDERATION (DOC 37) AND ORDER REGARDING DEADLINE FOR SERVICE OF PROCESS by Judge Josephine L. Staton. Relator has 90 days from the date of the unsealing of the complaint to complete service or his claims will be subject to dismissal. See 31 U.S.C. 3730(b)(3) (setting the time for defendants to respond to a qui tam complaint as "20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure."); Fed. R. Civ. P. 4(m) (setting a 90-day period for service). Here, the complaint was unsealed on November 6, 2023. Therefore, service must be completed no later than February 5, 2024. (SEE DOCUMENT FOR FURTHER DETAILS.) (rolm) (Entered: 01/04/2024) |
| 02/27/2024 | 40 | MINUTES (IN CHAMBERS) ORDER TO SHOW CAUSE Re Dismissal for Lack of Prosecution by Judge Josephine L. Staton: The Court, on its own motion, hereby ORDERS plaintiff's counsel, to show cause in writing no later than 3/7/2024, why this action should not be dismissed for lack of prosecution. (See document for further information). (jp) (Entered: 02/28/2024) |
| 03/07/2024 | 43 | DECLARATION of Carl Gordon in support of the Response to Order to Show Cause 40 filed by Plaintiff Carl Gordon. (jp) (Entered: 03/11/2024) |
| 03/07/2024 | 44 | PROOF OF SERVICE filed by plaintiff Carl Gordon, re Response to Order to Show Cause 41 , Declaration of Carl Gordon in support of the Response to Order to Show Cause 43 served on 3/7/2024. (jp) (Entered: 03/11/2024) |
| 03/11/2024 | 41 | RESPONSE to Order to Show Cause 40 filed by Plaintiff Carl Gordon. (jp) (Entered: 03/11/2024) |
| 03/11/2024 | 42 | PROOF OF SERVICE filed by plaintiff Carl Gordon, re Response to Order to Show Cause 41 served on 3/7/2024. (jp) (Entered: 03/11/2024) |
| 03/11/2024 | 45 | MINUTE (IN CHAMBERS) ORDER DISCHARGING ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION by Judge Josephine L. Staton: On 2/27/2024, the court Ordered Plaintiff to Show Cause in writing why the action should not be dismissed for lack of prosecution. Dkt. 40 . Plaintiff filed a Response to Order to Show Cause on 3/7/2024. The court DISCHARGES the OSC. (jp) (Entered: 03/12/2024) |
| 07/03/2024 | 46 | REQUEST for Extension of Time filed by plaintiff Carl Gordon. (jp) (Entered: 07/03/2024) |
| 07/03/2024 | 47 | PROOF OF SERVICE filed by plaintiff Carl Gordon, re REQUEST for Extension of Time 46 served on 7/3/2024. (jp) (Entered: 07/03/2024) |
| 07/15/2024 | 48 | MINUTES (IN CHAMBERS) ORDER (1) TO SHOW CAUSE Re: Dismissal Due to Lack of Attorney, and (2) DENYING Relator's Request for Extension of Time AS MOOT (Doc. 46 ) by Judge Josephine L. Staton: The Court, on its own motion, hereby ORDERS Plaintiff to show cause in writing within 30 days of this Order why this action should not be dismissed under Stoner. The Court will consider the filing of a Notice of Appearance by |

| | | a licensed attorney to be an appropriate response to this Order. Additionally, given the above, the Court DENIES AS MOOT Relator's request for an extension of time (Doc. 46). (jp) (Entered: 07/15/2024) |
|---|---|---|
| 08/12/2024 | 49 | REQUEST for a 45-Day Extension of Time to Respond to the Court's 8/14/2024, OSC Due to a Possible Universal Comprehensive Settlement in All Related Cases Between Plaintiff and all Defendants filed by plaintiff Carl Gordon. (jp) (Entered: 08/16/2024) |
| 08/12/2024 | 50 | PROOF OF SERVICE filed by plaintiff Carl Gordon, re REQUEST for a 45-Day Extension of Time to Respond to the Court's 8/14/2024, OSC Due to a Possible Universal Comprehensive Settlement in All Related Cases Between Plaintiff and all Defendants 49 served on 8/12/2024. (jp) (Entered: 08/16/2024) |
| 08/25/2024 | 51 | MINUTE (IN CHAMBERS) ORDER DISMISSING ACTION by Judge Josephine L. Staton: In its prior order, the Court explained that the Ninth Circuit has held that a relator cannot proceed pro se under the FAC. (OSC, Doc. 48 ); As such, the Court gave Relator 30 days to secure counsel. (See OSC.) Relator, however, submitted a response that was unresponsive to the Court's concerns. (Resp., Doc. 49 .) Because Relator has not secured counsel, the Court DISMISSES this action. (Made JS-6. Case Terminated.) (jp) (Entered: 08/26/2024) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/11/2026 11:10:47 | | |
| **PACER Login:** | gd08342022. | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:23-cv-06727-JLS-MAR End date: 1/12/2026 |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

# EXHIBIT B

Notice of Assignment (Dkt. 8), assigning Judge Staton and Magistrate Judge Rocconi.

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 14 of 132    Page ID
#:1745
Case 2:23-cv-06727-JLS-MAR    Document 64    Filed 08/18/23    Page 1 of 1    Page ID
#:391

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to:

District Judge  **Josephine L. Staton**
Magistrate Judge  **Margo A. Rocconi**

The case number on all documents filed with the Court should read as follows:

**2:23−cv−06727−JLS (MARx)**

District judges in the Central District of California refer all discovery-related motions to the assigned magistrate judge pursuant to General Order No. 05-07. Discovery-related motions should be noticed for hearing before the assigned magistrate judge. Please refer to the assigned judges' Procedures and Schedules, available on the Court's website at www.cacd.uscourts. gov/judges-requirements, for additional information.

Clerk, U.S. District Court

_August 18, 2023_
Date

By  _/s/ Estrella Liberato_
Deputy Clerk

---

## ATTENTION

*The party that filed the case-initiating document in this case (for example, the complaint or the notice of removal) must serve a copy of this Notice on all parties served with the case-initiating document. In addition, if the case-initiating document in this case was electronically filed, the party that filed it must, upon receipt of this Notice, promptly deliver mandatory chambers copies of all previously filed documents to the newly assigned-district judge. See L.R. 5-4.5. A copy of this Notice should be attached to the first page of the mandatory chambers copy of the case-initiating document.*

---

# EXHIBIT C

**ORDER RE TRANSFER (RELATED CASES)**

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 16 of 132    Page ID
#:1747
Case 2:23-cv-06727-JLS-MAR    Document 17    Filed 08/24/23    Page 1 of 2    Page ID
#:442

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| The United States of America et al | **CASE NUMBER** |
| | |
| v.                            PLAINTIFF(S) | 2:23-cv-06727 JLS(MARx) |
| | |
| Gavin Newsom et al | **ORDER RE TRANSFER** |
| | **(RELATED CASES)** |
| DEFENDANT(S). | |

### CONSENT

I hereby consent to the transfer of the above-entitled case to my calendar pursuant to this Court's General Order in the Matter of Assignment of Cases and Duties to District Judges.

~~TRANSFER ORDER DECLINED~~

_____          _____
Date                                                    United States District Judge

### DECLINATION

I hereby decline to transfer the above-entitled case to my calendar for the reasons set forth:

Please see the attached.

_____

_____

_____

_____

August 24, 2023                          /s/  Fernando M. Olguin
_____          _____
Date                                                    United States District Judge

### REASON FOR TRANSFER AS INDICATED BY COUNSEL

Case    2:21-cv-07270 FMO(MAR)    and the present case:

- [ ] A.    Arise from the same or closely related transactions, happenings or events; or
- [ ] B.    Call for determination of the same or substantially related or similar questions of law and fact; or
- [x] C.    For other reasons would entail substantial duplication of labor if heard by different judges; or
- [ ] D.    Involve one or more defendants from the criminal case in common, and would entail substantial duplication of labor if heard by different judges (applicable only on civil forfeiture action).

### NOTICE TO COUNSEL FROM CLERK

Pursuant to the above transfer, any discovery matters that are or may be referred to a Magistrate Judge are hereby transferred from Magistrate Judge _____ to Magistrate Judge _____ .

On all documents subsequently filed in this case please substitute the initials _____ after the case number in place of the initials of the prior judge, so that the case number will read _____ . This is very important because the documents are routed to the assigned judges by means of these initials

~~TRANSFER ORDER DECLINED~~

cc:  [ ] *Previous Judge*    [ ] *Statistics Clerk*

CV-34 (06/23)                                          ORDER RE TRANSFER (Related Cases)

Attachment to Form CV-34A
**The United States of America, et al. v. Gavin Newsom, et al.**
Case No. CV 23-6727 JLS (MARx)

     Case No. CV 23-6727 JLS (MARx) and Case No. CV 21-7270 FMO (MARx) do not appear to be closely related, nor do they call for the determination of substantially similar or related questions of law or fact.  The cases involve different parties and claims, i.e., the factual circumstances and defenses will necessarily be different.

# EXHIBIT D

**Relator's Objection and Formal Protest re Transfer Related Cases.**

Case 2:25-cv-04705-AB-SSC     Document 36     Filed 01/13/26     Page 19 of 132     Page ID
#:750
Case 2:23-cv-06727-JLS-MAR     Document 36     Filed 09/19/23     Page 1 of 52     Page ID
#:444

FILED
CLERK, U.S. DISTRICT COURT

9/19/23

CENTRAL DISTRICT OF CALIFORNIA
BY:   CS        DEPUTY

1  **CARL GORDON**
   **UNIVERSITY OF THE 'HOOD®**
2  8306 Wilshire Blvd., No. 792
3  Beverly Hills, CA 90211
   Tel. (310) 289-8057/ (310) 926-3939
4  Email: universityofthehood@gmail.com
5  Pro se Plaintiff/Relator, Carl Gordon

6

7          **UNITED STATES DISTRICT COURT**
8          **CENTRAL DISTRICT OF CALIFORNIA**
                    **WESTERN DIVISION**
9

10  UNITED STATES OF AMERICA          Honorable Josephine L. Staton
11  ex rel. CARL GORDON               **Case No.: 2:23−cv−06727−JLS−MAR**
                                      **\*SEALED\***
12              Plaintiff,
                                      **FILED IN CAMERA UNDER SEAL**
13  vs.
14  Gavin Newsom, governor of California; Eleni   **RELATOR'S OBJECTION AND**
15  Kounalakis, lieutenant governor of            **FORMAL PROTEST TO THE**
    California; Rob Bonta, attorney general of     **COURT'S AND CLERK'S**
16  California; Shirley N. Weber, secretary of     **ERRONEOUS FABRICATED ORDER**
    state of California; Steven J. Reyes, chief    **RE TRANSFER RELATED CASES**
17  counsel of the Office of the Secretary of State **ATTACHMENT TO FORM CV-34A**
18  of California, and the office's outside        **DATED AUGUST 24, 2023  AND RE-**
    counsel, Kevin Calia, partner in Boersch &     **REQUEST THAT THIS COURT**
19  Illovsky LLP; James Patrick Arguelles,         **GRANTS RELATOR'S RECUSAL**
20  Sacramento Superior Court Judge; Defendant     **REQUEST OF U.S. MAGISTRATE**
    sued in their individual capacities; the       **JUDGE MARGO A. ROCCONI UNDER**
21  California Association of Clerks and Election   **29 C.F.R. § 2200.68(c) DATED AUGUST**
    Officials; the California Democratic Party;    **22, 2023**
22  the Democratic Governors Association; and
23  DOES 1 through 10,                             United States Courthouse
                                                   350 West First Street, 8th FL
24              Defendants.                         Los Angeles, CA 90012
25                                                  Courtroom 8A

26

27

28      RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS
         AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 1

1
2
3
4
5
6
7
8
9

On August 16, 2023, the Plaintiff/Relator, a pro se litigant, Carl Gordon ("Gordon" or "Relator"), filed the above cited *qui tam* action as Relator on behalf of the United States of America against the Defendants under the False Claims Act, ("FCA") 31 U.S.C. §§ 3729-3733, and in his own name, to seek relief for the damages he suffered due to the Defendants' actions and inactions.

On August 16, 2023, Gordon also filed the mandatory United Sates District Court Central District of California ("CDCA") Civil Cover Sheet Form CV-071(10/20) pursuant to Local Rule 3-1 for CDCA, which reads in part:

> L.R. 3-1 Civil Cover Sheet and Other Forms Required at the Time of Filing a New Action. All civil actions presented to the Clerk for filing must be accompanied by a Civil Cover Sheet (Form CV-071) completed and signed by the attorney or party presenting the matter.

**THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA CIVIL COVER SHEET INSTRUCTIONS READS IN RELEVANT PART:**

> All civil actions presented to the Clerk for filing must be accompanied by a Civil Cover Sheet (Form CV-71), in duplicate, completed and signed by the attorney or party presenting the matter. Local Rule 3-1. Neither the Civil Cover Sheet nor the information it contains, however, replaces or supplements the filing and service of pleadings or other papers as required by law, except as provided by the Court's local rules. The attorney or self-represented party filing a case should complete the Civil Cover Sheet as follows:

**IX.**    (b) **RELATED CASES.** Using the definition of "related" cases that appears in this section, indicate whether the present case is related to any other case previously filed in this Court. List the docket number and presiding judge's name for any related case(s). Check all boxes that apply.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 2

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 21 of 132    Page ID
#:1752
Case 2:23-cv-06727-JLS-MAR    Document 36    Filed 09/19/23    Page 3 of 52    Page ID
#:446

If it may please the Court, kindly pause the docket entry (under seal) and the corresponding excerpt copy of page 3 of the Civil Cover Sheet Form CV-071(10/20) filed under seal with the court, dated August 16, 2023. Please take note of question **IX(b). RELATED CASES** is marked **NO**, and no docket number or presiding judge's name for any related case is listed.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**    ☒ NO    ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**    ☒ NO    ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

To reiterate, the court record is clear, there were no claims made of any related cases and there is no docket number or presiding judge's name for any related case is listed.

Accordingly, Gordon vehemently objects to and formally protests the erroneous and fabricated order issued by the district court and the clerk concerning the made-up, fake request for the transfer of related cases for any related case.

This contrived and misleading order, which was attached to Form CV-34A filed and dated August 24, 2023, and was electronically signed by United States District Judge Fernando M. Olguin ("Olguin"), is/was allegedly part of a scheme to mislead and commit fraud upon the Court. It also served (the real purpose alleged) as a conduit to tip off Olguin, U.S. Magistrate Judge Margo A. Rocconi ("Rocconi"), and possibly the defendants, and others of this FCA instant case.

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 22 of 132    Page ID
#:1753
Case 2:23-cv-06727-JLS-MAR    Document 18    Filed 09/19/23    Page 4 of 52    Page ID
#:447

As noted by unquestionable documentary evidence in the court record, cited above specifically the U.S. District Court Central District of California Civil Cover Sheet Form CV-071(10/20), and an excerpt copy cited in this document, it shows that Gordon informed the Court that there were **NO RELATED CASES** and there is no docket number or presiding judge's name for any related case is listed for the instant action filed on August 16, 2023, in accordance with CDCA Local Rule 3-1.

To be absolutely clear, any deviation by whomever from Gordon's clear representation pursuant to CDCA Local Rule 3-1 made on August 16, 2023, on the Civil Cover Sheet Form CV-071(10/20) that there were no related cases to the instant case is/was an intentional and a deliberate fraudulent misrepresentation of the facts in furtherance of a nefarious scheme, *inter alia*, to commit fraud upon the Court. And to delay or not respond to Gordon's recusal requests of Rocconi.

Anyone who made any representations to the Court that Gordon requested or implied that there was a related case to the instant case did so with the clear intent to deceive, mislead, and misrepresent the facts, as defined in Definitions (9) Misrepresentation of fact under 41 U.S. Code § 7101.

Consequently, it appears (allegedly) that the "Transferred Order Declined Order" for Case 2:23-cv-06727-JLS-MAR, SEALED Document 17, signed by Olguin on August 24, 2023, (a true and correct copy is posted below), constitutes a fraud upon the court and corruptly impedes the due administration of justice.

Original Source: Case 2:23-cv-o6727-JLS-MAR *SEALED* Document 17 Filed 08/24/23 Page 1of 2 Page ID #: 442

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS
AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 4

Case 2:23-cv-06727-JLS-MAR *SEALED*   Document 17   Filed 08/24/23   Page 1 of 2   Page ID #:442

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| The United States of America et al | CASE NUMBER |
|---|---|
| v.          PLAINTIFF(S) | 2:23-cv-06727 JLS(MARx) |
| Gavin Newsom et al        DEFENDANT(S). | ORDER RE TRANSFER (RELATED CASES) |

### CONSENT

I hereby consent to the transfer of the above-entitled case to my calendar pursuant to this Court's General Order in the Matter of Assignment of Cases and Duties to District Judges.

_____        _____
Date                    United States District Judge

TRANSFER ORDER DECLINED

### DECLINATION

I hereby decline to transfer the above-entitled case to my calendar for the reasons set forth:

Please see the attached.

_____

_____

_____

_____

August 24, 2023         /s/  Fernando M. Olguin
Date                    United States District Judge

### REASON FOR TRANSFER AS INDICATED BY COUNSEL

Case  2:21-cv-07270 FMO(MAR)   and the present case:

☐ A.  Arise from the same or closely related transactions, happenings or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve one or more defendants from the criminal case in common, and would entail substantial duplication of labor if heard by different judges (applicable only on civil forfeiture action).

### NOTICE TO COUNSEL FROM CLERK

Pursuant to the above transfer, any discovery matters that are or may be referred to a Magistrate Judge are hereby transferred from Magistrate Judge _____ to Magistrate Judge _____ .

On all documents subsequently filed in this case please substitute the initials _____ after the case number in place of the initials of the prior judge, so that the case number will read _____ . This is very important because the documents are routed to the assigned judges by means of these initials

TRANSFER ORDER DECLINED

cc: ☐ Previous Judge   ☐ Statistics Clerk
CV-34 (06/23)                    ORDER RE TRANSFER (Related Cases)

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 5



Case 2:23-cv-06727-JLS-MAR *SEALED*   Document 17   Filed 08/24/23   Page 2 of 2   Page ID #:443

Attachment to Form CV-34A
**The United States of America, et al. v. Gavin Newsom, et al.**
Case No. CV 23-6727 JLS (MARx)

Case No. CV 23-6727 JLS (MARx) and Case No. CV 21-7270 FMO (MARx) do not appear to be closely related, nor do they call for the determination of substantially similar or related questions of law or fact. The cases involve different parties and claims, *i.e.*, the factual circumstances and defenses will necessarily be different.

Furthermore, there is no doubt that Judge Olguin was aware that he no longer had jurisdiction over *Gordon v. Newsom, et al.*, Case No.: 2:21-cv-07270-FMO-MAR after June 29, 2022. This awareness was reinforced when he clandestinely read the sealed court record for Case No. CV 23-6727 JLS (MARx) (purportedly the *qui tam* complaint is initially sealed for 60 days pursuant to § 3730 (b)(2) civil actions for FCA). He also signed the fabricated Order Re Transfer (Related Cases) on August 24, 2023. His awareness stemmed from his nearly 10-year tenure as an Article III Judge at that time and from the United States Court of Appeals for the Ninth Circuit's remand order of August 17, 2022, which explicitly informed Judge Olguin that he had violated the rules and no longer had jurisdiction over the case. Please review the Court's order below.

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 6

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 25 of 132    Page ID
#:1756
Case 2:23-cv-06727-JLS-MAR    Document 18    Filed 09/19/23    Page 7 of 52    Page ID
#:450

1

2          Case: 22-55640, 08/17/2022, ID: 12518661, DktEntry: 6, Page 1 of 2

3

4          UNITED STATES COURT OF APPEALS                    **FILED**

5              FOR THE NINTH CIRCUIT                    AUG 17 2022

6                                                       MOLLY C. DWYER, CLERK
                                                        U.S. COURT OF APPEALS
   CARL GORDON,                          No.    22-55640

7
                   Plaintiff-Appellant,          D.C. No.
8                                                2:21-cv-07270-FMO-MAR
          v.                                     Central District of California,
9                                                Los Angeles
   GAVIN NEWSOM, in his official capacity
10 as the Governor of the State of California; et ORDER
   al.,
11
                   Defendants-Appellees.
12

13 Before:  SCHROEDER, O'SCANNLAIN, and FORREST, Circuit Judges.

14          On June 29, 2022, the district court entered a final order and judgment.

15 Appellant filed a notice of appeal on the same day.  On July 18, 2022, the district

16 court entered an amended final order and amended judgment.  Because this case

17 was pending on appeal at the time the district court entered the July 18, 2022

18 amended order and judgment, the district court lacked jurisdiction to enter the

19 amended order and judgment. *See Davis v United States,* 667 F.2d 822, 824 (9th

20 Cir. 1982).

21          In the interests of judicial efficiency, we remand this case to the district

22 court for the limited purpose of allowing the district court to vacate its July 18,

23 2022 amended order and amended judgment, and re-enter an amended order and

24 judgment that considers appellant's June 28, 2022 submission.  To appeal the

25
   at/MOATT
26

27

28 RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS
   AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 7

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 26 of 132    Page ID
#:1757
Case 2:23-cv-06727-JLS-MAR    Document 18    Filed 09/19/23    Page 8 of 52    Page ID
#:451

Case: 22-55640, 08/17/2022, ID: 12518661, DktEntry: 6, Page 2 of 2

district court's re-entered order and amended judgment on remand, appellant must

file an amended notice of appeal in compliance with Federal Rule of Appellate

Procedure 4.

    Appellant's motion to strike (Docket Entry No. 3) is denied.

    This appeal is stayed pending the district court's decision pursuant to the

limited remand.

at/MOATT                                    2                                    22-55640

This illegal shenanigan (filling Form CV-34A and the attachment )

previously noted and described above, committed by whomever, are in line with

and replicate the alleged judicial and illegal misconduct that occurred in the case

of *Carl Gordon v. Gavin Newsom, et al*., CASE No.: 2:21-cv-07270-FMO-MAR

when did have jurisdiction of the case.

    Moreover Olguin dismissed the case with prejudice, on June 29, 2022.

Consequently, the case is currently under appeal before the Ninth Circuit Court

of Appeals, with Case Number: 22-55640, which was docketed on July 1, 2022,

and is still pending.

    The alleged judicial and illegal misconduct that occurred in Carl Gordon v.

Gavin Newsom, et al., Case No.: 2:21-cv-07270-FMO-MAR by the judges in

the case gave rise to Gordon's August 22, 2023, request that Rocconi be recused

from the instant FCA Case 2:23-cv-06727-JLS-MAR, SEALED, pursuant to 29

C.F.R. § 2200.68(c).

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS
AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 8

It is important to note that on August 22, 2023, the facts of judicial misconduct in the *Gordon v. Newsom, et al*., Case No.: 2:21-cv-07270-FMO-MAR overwhelmingly supported Gordon's assertions and the filing of a Request For Recusal of Rocconi pursuant to 29 C.F.R. § 2200.68(c) in the instant case.

Moreover, the recusal request only cited that Rocconi be recused from the instant case as the magistrate judge before the Honorable Josephine Laura Staton, Case No.: 2:23-cv-06727-JLS-MAR, under Seal.

The Request For Recusal of Rocconi in the instant case was filed concurrently with Gordon's sworn affidavit dated August 22, 2023. In accordance with 29 CFR § 2200.68 - Recusal of the Judge (c), the Request for Recusal states:

> Any party may request that the Judge, at any time following the Judge's designation and before the filing of a decision, be recused under paragraph (a) or (b) of this section or both by filing with the Judge, promptly upon the discovery of the alleged facts, an affidavit setting forth in detail the matters alleged to constitute grounds for recusal.

As noted accordingly, under 29 CFR § 2200.68, Relator Gordon, on behalf of the United States of America, filed a request for recusal against Rocconi with the statutorily mandated sworn affidavit attached.

As noted, and reiterated here once again to make it crystal clear, Gordon never filed a request, a motion, or any documents as implied by the erroneously fabricated ORDER RE TRANSFER RELATED CASES dated August 24, 2023, which is attached above. This TRANSFER ORDER DECLINED was intentionally fabricated and intentionally misleading to cause obfuscation and confusion and to tip off the alleged offending judges, who egregiously committed judicial misconduct and serious violations of federal laws.

It is absolutely absurd and nonsensical to believe that anyone acting as a

Case 2:25-cv-04705-AB-SSC   Document 36   Filed 01/13/26   Page 28 of 132   Page ID
#:1759
Case 2:23-cv-06727-JLS-MAR   Document 18   Filed 09/19/23   Page 10 of 52   Page ID
#:453

Relator in an FCA *qui tam* case on behalf of the United States of America would
request Judges Olguin and Rocconi, who allegedly committed serious federal
law violations, to participate in the decision-making process regarding even a
fictitious related case or a fake transfer of an FCA action. However, in FCA
Case No. 2:23-cv-06727-JLS-MAR, which was filed under seal on August 16,
2023, they did. This purported fake transfer and related case request scheme
involved Civil Rights Case No. 2:21-cv-07270-FMO-MAR, previously presided
over by Olguin and Rocconi, who once had jurisdiction over it.

The Civil Rights case pertained to, *inter alia*, the constitutionality of Gov.
Gavin Newsom signing the recall appropriation bill and the 2021 Budget Act
into law. These actions were done for, among other things, the administration of
the 2021 California gubernatorial recall election. The action taken by Gov.
Newsom (in which he was a direct financial beneficiary) was in clear violation
of the California Constitution, Article II, Section 17, and California's conflict of
interest laws for elected officials. The case was filed on September 9, 2021, As
noted Olguin's jurisdiction of the case ended on June 29, 2022.

Apparently, those who conceived of this harebrained scheme think that the
Relator and potential judicial officers for the United States of America
responsible for the prosecution of this FCA action would not see through the
porous and silly way that they breached the 60-day confidentiality provision of
the False Claims Act, 31 U.S.C. §§ 3729 – 3733. It states in part.

**The False Claims Act (FCA), 31 U.S.C. §§ 3729 - 3733**

(a) RESPONSIBILITIES OF THE ATTORNEY GENERAL.

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 29 of 132    Page ID
#:1760
Case 2:23-cv-06727-JLS-MAR    Document 18    Filed 09/19/23    Page 11 of 52    Page ID
#:454

—The Attorney General diligently shall investigate a violation under section 3729. If the Attorney General finds that a person has violated or is violating section 3729, the Attorney General may bring a civil action under this section against the person. (b) ACTIONS BY

PRIVATE PERSONS.— (1)

A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting. (2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

Department of Justice (.gov) https://www.justice.gov › C-FRAUDS_FCA_Primer

https://www.justice.gov/sites/default/files/civil/legacy/2011/04/22/C-FRAUDS_FCA_Primer.pdf

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 30 of 132    Page ID
Case 2:23-cv-06727-JLS-MAR    Document 17    Filed 09/19/23    Page 12 of 52    Page ID
#:761
#:455

## THIS JUDICIAL MISCONDUCT AND FEDERAL
## LAW VIOLATIONS MUST END NOW

It is important to precisely cite the instances of judicial misconduct and federal law violations committed by the following officers of the court representing the United States District Court for the Central District of California, U.S. District Court Judge Olguin, U.S. Magistrate Judge Rocconi, and Rocconi's courtroom Deputy Clerk, Erica Bustos ("Bustos"), in cases *Carl Gordon v. Gavin Newsom, et al.*, case No. 2:21-cv-7270-FMO (MAR), and in the appeal filed June 30, 2022 with the United States Court of Appeals for the Ninth Circuit Case No. 22-55640.

### THE CONSPIRACY

United States District Judge Olguin, U.S. Magistrate Judge Rocconi, and courtroom Deputy Clerk Bustos are alleged to have conspired to commit fraud upon the court and violate numerous federal laws. These alleged violations include 28 U.S.C. § 636, 28 U.S. Code § 455, and § 453 of U.S. Code Title 18 – Crimes and Criminal Procedure § 1512(B), which pertains to preventing the production of records or documents in an official proceeding. These actions were in furtherance of violating Carl Gordon's Fifth Amendment constitutional rights to due process and preventing Gordon a fair trial. Their action and inactions were all allegedly committed in their individual capacities under the color of law in violation of 42 U.S. Code § 1983 - civil action for deprivation of rights.

Olguin also allegedly intentionally made false statements to the Ninth Circuit Court of Appeals in his Second Amended Judgment, filed, entered, and dated on August 22, 2022, in violation of 18 U.S.C. § 1001. This was an attempt to cover up his alleged wrongdoing, despite his status as a well-seasoned Article III District Court Judge with nearly 10 years of experience on the federal bench.

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 31 of 132    Page ID
#:1762
Case 2:23-cv-06727-JLS-MAR    Document 18    Filed 09/19/23    Page 13 of 52    Page ID
#:456

Additionally, Olguin intentionally violated Fed. R. Civ. P. Rule 60(a) by purposefully amending his final order and judgment of June 29, 2022—twenty days or so after he knew he no longer had jurisdiction or authority to do so. Olguin's deliberate violation is corroborated by the Ninth Circuit's remand order of August 17, 2022, as cited, and posted on pages 8-9 of this document. Original Source: Case: 22-55640, 08/17/2022, ID: 12518661, DktEntry: 6, Page 1 of 2.

Furthermore, Judge Olguin's final dispositive order and judgment of August 22, 2022, can only be characterized as a cautionary "third bite of the apple," granted instructively by the collective wisdom of the three-judge panel of the Ninth Circuit Court of Appeals.

However, as fate, and karma would have it, the outcome unintentionally led to what can only be described as unwitting "judicial hara-kiri".

It is shameful and tragic that Judge Olguin's actions and inactions led to the abandonment of his solemn oath to defend and protect the Constitution of the United States of America.

Judge Olguin's irrevocable written unforced error was tantamount or equivalent to him waiving his Fifth Amendment protection against self-incrimination. It created the context and circumstances for the inculpatory incriminating evidence written in his own hand.


**THE FOLLOWING EXCERPT IS THE CHRONOLOGY OF A CONSPIRACY CHRONICLED BY THE**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**(Western Division - Los Angeles)**
**CIVIL DOCKET FOR CASE #: 2:21-cv-07270-FMO-MAR**

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS
AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 13

1
2

**05/02/2022 32 NOTICE OF FILING REPORT AND RECOMMENDATION by Magistrate Judge Margo A. Rocconi. Objections to R&R due by 6/1/2022. (es) (Entered: 05/02/2022)**

3
4
5

05/02/2022 33 REPORT AND RECOMMENDATION issued by Magistrate Judge Margo A. Rocconi. Re NOTICE OF MOTION AND MOTION to Dismiss Complaint 11 , Complaint - (Referred), 1 IT IS THEREFORE RECOMMENDED that the District Court issue an order: (1) accepting this Report and Recommendation; (2) GRANTING the Motion to Dismiss; and (2) directing Judgment be entered DISMISSING this action with prejudice. (es) (Entered: 05/02/2022)

6
7
8

**05/02/2022 34 PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND AND PLAINTIFF'S REQUEST LEAVE TO AMEND AND SUPPLEMENT THE PLEADINGS PURSUANT TO RULE 15(a)(2), 15 (d) 11 filed by Plaintiff Carl Gordon. (es) (Entered: 05/03/2022)**

9

06/02/2022 35 Plaintiff's OBJECTION to United States Magistrate Judge's Report and Recommendation (Issued), 33 filed by plaintiff Carl Gordon.(es) (Entered: 06/03/2022)

10
11
12

**06/02/2022 36 REQUEST for Judicial Notice in Support of Plaintiff's Objection to U.S. Magistrate Judge's Report and Recommendation 35 filed by plaintiff Carl Gordon. (Attachments: # 1 Proposed Order) (es) (Entered: 06/03/2022)**

13
14

06/02/2022 37 PROOF OF SERVICE filed by plaintiff Carl Gordon, re REQUEST for Order for Judicial Notice in Support of Objection to Report and Recommendation 36 , Objection to Report and Recommendations 35 served on June 1, 2022. (es) (Entered: 06/03/2022)

15
16

**06/15/2022 38 RESPONSE filed by Defendants Rob Bonta, Gavin Newsom, Steven J. Reyes, Shirley N. Weber to Objection to Report and Recommendations 35 (Sheth, Natasha) (Entered: 06/15/2022)**

17
18
19

06/28/2022 44 PLAINTIFF'S RESPONSE AND REQUEST THAT THE COURT OVERRULE DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE DUE TO LATE FILING OF THE RESPONSE BY DEFENDANTS filed by Plaintiff Carl Gordon. (lom) (Entered: 07/20/2022)

20
21
22

**06/29/2022 39 ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE by Judge Fernando M. Olguin for NOTICE OF MOTION AND MOTION to Dismiss Complaint 11 , Report and Recommendation (Issued), 33 The Court accepts the findings and recommendation of the Magistrate Judge. IT IS THEREFORE ORDERED that Judgment be entered dismissing this action with prejudice. (es) (Entered: 06/29/2022)**

23
24
25

06/29/2022 40 JUDGMENT by Judge Fernando M. Olguin, Pursuant to the Order Accepting Findings and Recommendation of United States Magistrate Judge, IT IS HEREBY ADJUDGED that this action is dismissed with prejudice. Related to: R&R - Accepting Report and Recommendations, 39 (MD JS-6, Case Terminated). (es) (Entered: 06/29/2022)

26
27

**06/30/2022 APPEAL FEE PAID: as to Plaintiff Carl Gordon; Receipt Number: LA240517 in the amount of $505. (rsm) (Entered: 06/30/2022)**

28

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 14

Case 2:25-cv-04705-AB-SSC   Document 36   Filed 01/13/26   Page 33 of 132   Page ID
#:1764
Case 2:23-cv-06727-JLS-MAR   Document 11   Filed 09/19/23   Page 15 of 52   Page ID
#:458

06/30/2022 41 NOTICE OF APPEAL to the 9th CCA filed by plaintiff Carl Gordon. Appeal of Judgment, 40 Filed On: 6/29/22; Entered On: 6/29/22; Filing fee $505, paid receipt number LA240517. (mat) (Entered: 06/30/2022)

**07/01/2022 42 NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 22-55640 assigned to Notice of Appeal to 9th Circuit Court of Appeals 41 as to plaintiff Carl Gordon. (es) (Entered: 07/05/2022)**

07/18/2022 43 NOTICE OF DOCUMENT DISCREPANCIES AND ORDER by Judge Fernando M. Olguin ORDERING Plaintiff's Response and Request that the Court Overrule Deft's Response to Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge Due to Late Filing of the Response by Deft's submitted by Plaintiff Carl Gordon received on 6/28/22 to be filed and processed; filed date to be the date the document was stamped Received but not Filed with the Clerk. (lom) (Entered: 07/19/2022)

**07/18/2022 45 AMENDED ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE 39 by Judge Fernando M. Olguin. IT IS THEREFORE ORDERED that an Amended Judgment be entered dismissing this action with prejudice. (lom) (Entered: 07/20/2022)**

07/18/2022 46 AMENDED JUDGMENT 40 by Judge Fernando M. Olguin. Pursuant to the Amended Order Accepting Findings and Recommendation of United States Magistrate Judge 45 , IT IS HEREBY ADJUDGED that this action is dismissed with prejudice. (lom) (Entered: 07/20/2022)

**08/17/2022 47 ORDER from Ninth Circuit Court of Appeals filed re: Notice of Appeal to 9th Circuit Court of Appeals 41 filed by Carl Gordon. CCA # 22-55640. In the interests of judicial efficiency, we remand this case to the district court for the limited purpose of allowing the district court to vacate its July 18, 2022 amended order and amended judgment, and re-enter an amended order and judgment that considers appellant's June 28, 2022 submission. To appeal the district courts re-entered order and amended judgment on remand, appellant must file an amended notice of appeal in compliance with Federal Rule of Appellate Procedure 4. Appellants motion to strike (Docket Entry No. 3) is denied. This appeal is stayed pending the district courts decision pursuant to the limited remand. (car) (Entered: 08/17/2022)**

08/22/2022 48 SECOND AMENDED ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE by Judge Fernando M. Olguin for Report and Recommendation (Issued), 33 Accordingly, the Amended Order and Judgment, dkts. 45 - 46 , are hereby VACATED. Pursuant to 28 U.S.C. § 636, the Court has, again, reviewed the First Amended Complaint, the relevant records on file, and the Report and Recommendation of the United States Magistrate Judge. Having conducted a de novo review of plaintiff's Objections to the Report and Recommendation, the Court finds that they warrant no changes to the Magistrate Judge's recommendation and therefore accepts the findings and recommendation of the Magistrate Judge. IT IS THEREFORE ORDERED that Judgment be entered dismissing this action with prejudice. (es) (Entered: 08/22/2022)

**08/22/2022 49 SECOND AMENDED JUDGMENT by Judge Fernando M. Olguin, Pursuant to the Second Amended Order Accepting Findings and Recommendation of United States Magistrate Judge, IT IS HEREBY ADJUDGED that this action is dismissed with prejudice. Related to: R&R - Accepting Report and Recommendations, 48 (es) (Entered: 08/22/2022)**

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 15

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 34 of 132    Page ID
#:1765
Case 2:23-cv-06727-JLS-MAR    Document 17    Filed 09/19/23    Page 16 of 52    Page ID
#:459

1
2
3
4
5
6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL GORDON, | Case No. 2:21-cv-7270-FMO (MAR) |
| Plaintiff, | |
| v. | SECOND AMENDED ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| GAVIN NEWSOM, ET AL., | |
| Defendant(s). | |

On June 29, 2022, the court entered judgment dismissing the above-captioned action. On June 28, 2022, Plaintiff had filed a Response and Request that the Court Overrule Defendant's Response to Plaintiff's Objections to the Report and Recommendation of the Magistrate Due to Late Filing of the Response by Defendants, which the court construed as further Objections to the Magistrate Judge's Report and Recommendation. Dkt. 44. However, the filing was not processed until the Court had already considered and issued the judgment dismissing the action. The Court entered an Amended Judgment and Order Accepting on July 18, 2022, to make clear that the Court had considered Plaintiff's June 28, 2022 filing. Dkts. 43, 45.

However, by that time, Plaintiff had already filed a Notice of Appeal. Dkt. 41. Accordingly, on August 17, 2022, the Ninth Circuit issued a mandate indicating that

1   this Court did not have jurisdiction to enter the Amended Judgment and Order.  Dkt.

2   47.  The Ninth Circuit remanded the case to this Court for the limited purpose of

3   vacating the Amended Judgment and Order and reentering a judgment and order

4   considering Plaintiff's June 28, 2022 filing.  Id.

5           Accordingly, the Amended Order and Judgment, dkts. 45–46, are hereby

6   **VACATED**.  Pursuant to 28 U.S.C. § 636, the Court has, again, reviewed the First

7   Amended Complaint, the relevant records on file, and the Report and

8   Recommendation of the United States Magistrate Judge. Having conducted a de novo

9   review of plaintiff's Objections to the Report and Recommendation, the Court finds

10  that they warrant no changes to the Magistrate Judge's recommendation and therefore

11  accepts the findings and recommendation of the Magistrate Judge.

12          **IT IS THEREFORE ORDERED** that Judgment be entered dismissing this

13  action with prejudice.

14

15  Dated:  August 22, 2022

16

17                                   /s/
                            _____
18                          HONORABLE FERNANDO M. OLGUIN
                            United States District Judge
19

20

21

22

23

24

25

26

27

28                                      2

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 36 of 132    Page ID
Case 2:23-cv-06727-JLS-MAR    Document 17    Filed 09/19/23    Page 18 of 52    Page ID
#:1367
#:461

In the face of Olguin's apparent intentional misconduct and violation of the law, including but not limited to Title 18 U.S. Code § 1512, the Ninth Circuit three-judge panel granted Olguin an cautionary opportunity for the specific purpose of vacating his unlawful and erroneous amended order and judgment from July 18-20, 2022 (See Dkts. 45 and 46 noted above [typical throughout]). They allowed him to issue a second amended order and judgment, effectively confirming that Olguin had taken into consideration Gordon's timely objections, filed on June 28, 2022, to Rocconi's May 2, 2022 Report and Recommendation (Dkts. 32 and 33) on June 29, 2022.

**ASSESSING THE VERACITY OF OLGUIN'S STATEMENTS IN HIS SECOND AMENDED ORDER AND JUDGMENT DATED AUGUST 22, 2022, IN RESPONSE TO THE NINTH CIRCUIT'S REMAND ORDER OF AUGUST 17, 2022**

**STATEMENT 1 (8/22/22)**: "On June 29, 2022, the court entered judgment dismissing the above-captioned action."

**FACT CHECK STATEMENT 1**: This statement is factually accurate but contains obfuscations intended to mislead the Court regarding the timing of Olguin's actions. Olguin filed and entered the order and judgment at **1:20 p.m.** and **1:37 p.m.,** respectively in case *Carl Gordon v. Gavin Newsom, et al.*, case No. 2:21-cv-7270-FMO (MAR).

Please find attached the original exhibits G and H from Gordon's opening brief dated October 3, 2022 below, which corroborate the timestamps generated by the U.S. Court Records Case Management/Electronic Case Files (CM/ECF). These timestamps establish the predicate for the knowingly and intentionally subsequent false statements by Olguin in his SECOND AMENDED ORDER.

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 37 of 132    Page ID
#:1768
Case 2:23-cv-06727-JLS-MAR    Document 18    Filed 09/19/23    Page 19 of 52    Page ID
#:462

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:noreply@ao.uscourts.gov
Message-Id:<34160532@cacd.uscourts.gov>Subject:Activity in Case 2:21-cv-07270-FMO-MAR Carl
Gordon v. Gavin Newsom et al R&R - Accepting Report and Recommendations Content-Type:
text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.
\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* There is no charge for viewing opinions.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Notice of Electronic Filing**
The following transaction was entered on 6/29/2022 at 1:20 PM PDT and filed on 6/29/2022

| | |
|---|---|
| **Case Name:** | Carl Gordon v. Gavin Newsom et al |
| **Case Number:** | 2:21-cv-07270-FMO-MAR |
| **Filer:** | |
| **Document Number:** | 39 |

**Docket Text:**
**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE by Judge Fernando M. Olguin for NOTICE OF MOTION AND
MOTION to Dismiss Complaint [11], Report and Recommendation (Issued), [33] The Court
accepts the findings and recommendation of the Magistrate Judge. IT IS THEREFORE
ORDERED that Judgment be entered dismissing this action with prejudice. (es)**

**2:21-cv-07270-FMO-MAR Notice has been electronically mailed to:**
Natasha Saggar Sheth    melissa.mendiola@doj.ca.gov, natasha.sheth@doj.ca.gov
**2:21-cv-07270-FMO-MAR Notice has been delivered by First Class U. S. Mail or by other means
BY THE FILER to :**
Carl Gordon
8306 Wilshire Blvd. No. 792
Beverly Hills CA 90211

**Originally marked as Exhibit G in the 10/3/22 opening brief.**

**Page 38**

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS
AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 19

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 38 of 132    Page ID
#:1769
Case 2:23-cv-06727-JLS-MAR    Document 1    Filed 09/19/23    Page 20 of 52    Page ID
#:463

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:noreply@ao.uscourts.gov
Message-Id:<34160724@cacd.uscourts.gov>Subject:Activity in Case 2:21-cv-07270-FMO-MAR Carl
Gordon v. Gavin Newsom et al Judgment Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.**

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered on 6/29/2022 at 1:37 PM PDT and filed on 6/29/2022

| | |
|---|---|
| **Case Name:** | Carl Gordon v. Gavin Newsom et al |
| **Case Number:** | 2:21-cv-07270-FMO-MAR |
| **Filer:** | |

**WARNING: CASE CLOSED on 06/29/2022**

**Document Number:** 40

**Docket Text:**
**JUDGMENT by Judge Fernando M. Olguin, Pursuant to the Order Accepting Findings and
Recommendation of United States Magistrate Judge, IT IS HEREBY ADJUDGED that this
action is dismissed with prejudice. Related to: R&R - Accepting Report and Recommendations,
[39] (MD JS-6, Case Terminated).(es)**

**2:21-cv-07270-FMO-MAR Notice has been electronically mailed to:**
Natasha Saggar Sheth    melissa.mendiola@doj.ca.gov, natasha.sheth@doj.ca.gov
**2:21-cv-07270-FMO-MAR Notice has been delivered by First Class U. S. Mail or by other means
BY THE FILER to :**
Carl Gordon
8306 Wilshire Blvd. No. 792
Beverly Hills CA 90211

Originally marked as Exhibit H in the 10/3/22 opening brief.

**Page 40**

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS
AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 20

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 39 of 132    Page ID
#:1770
Case 2:23-cv-06727-JLS-MAR    Document 18    Filed 09/19/23    Page 21 of 52    Page ID
#:464

**OLGUIN'S 8/22/22 STATEMENT 2.** "On June 28, 2022, Plaintiff had filed a Response and Request that the Court Overrule Defendants' Response to Plaintiff's Objections to the Report and Recommendation of the Magistrate Due to Late Filing of the Response by Defendants, which the court construed as further Objections to the Magistrate Judge's Report and Recommendation. Dkt. 44."

**FACT CHECK STATEMENT 2:** It is a factual assertion that the court indeed considered Gordon's objections dated June 28, 2022, as objections to Rocconi's Report and Recommendation. However, the court ultimately dismissed Gordon's objections in their entirety, despite Gordon's presentation of clear and convincing evidence pointing to fraudulent conduct by personnel associated with the Central District of California (CDCA). This alleged misconduct involved retroactively changing the filing date of Defendants' Response to Plaintiff's Objections to the Report and Recommendation of the Magistrate (Docket No. 38) from its actual filing date, June 16, to the fraudulent date of June 15. This act raises suspicions of complicity with Defendants' attorneys. It is essential to emphasize that this behavior is not trivial; it constitutes tangible evidence of fraudulent actions within the court system itself—a direct assault on the court's "judicial machinery."

The question arises: How could Mendiola certify the certificate of service on June 16 when it purportedly had already been filed on June 15? This certificate of service was filed alongside the objections and serves as evidence.

It is imperative to highlight that Gordon was never served via email, as suggested by the June 16, 2022 certificate of service. This discrepancy raises suspicions that personnel within the California DOJ were aware of this inconsistency. Additionally, it appears that Paul Stein, in his role as the supervising deputy attorney general, failed to address these concerns. Supporting documentation can be found in Docket No. 38, specifically Exhibit L.

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS
AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 21

## CERTIFICATE OF SERVICE

Case Name: **_Gordon, Carl v. Gavin Newsom, et al._**    Case No. **2:21-cv-07270-FMO-MAR**

I hereby certify that on June 16, 2022, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On June 16, 2022, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Carl Gordon**
**8306 Wilshire Blvd. No. 792**
**Beverly Hills, CA 90211**

In addition, I served the foregoing document(s) by transmitting a true copy via electronic mail, addressed as follows:

**Email: universityofthehood@gmail.com**

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 16, 2022, at San Francisco, California.

| | |
|---|---|
| _M. Mendiola_ | _M. Mendiola_ |
| Declarant | Signature |

SA2021304476
43264433.docx

**Originally marked as Exhibit L in the 10/3/22 opening brief.**

**Page 57**

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 22

**OLGUIN'S 8/22/22 STATEMENT 3.** "However, the filing was not processed until the Court had already considered and issued the judgment dismissing the action."

**FACT CHECK STATEMENT 3:** The statement made by Olguin is unwittingly and surprisingly true. On the morning of June 29, 2022, Olguin, Rocconi, and Bustos were found to have possessed Gordon's objections and, in a conspiratorial manner, under color of law, chose to intentionally withhold the official documentation of Gordon's legally and timely filed objections from the judicial proceedings. In violation of federal law, their actions prevented the statutorily mandated *de novo* review of the documents. By falsely claiming they conducted a *de novo* review when they did not on June 29, and on August 22, 2022 (in the original and second amended orders respectively), they also violated federal law (§§ 1001, 1505, 6005, and 28 U.S.C. 1365, false writing or document knowingly containing any materially false, fictitious, or fraudulent statement or entry). Furthermore, they violated 18 U.S. Code § 1512 - Tampering with a witness, victim, or an informant, specifically (B), by withholding testimony or any record, document, or other object from an official proceeding.

This fact is corroborated by a copy of the attached email below dated August 25, 2022, from ecf-helpdesk CACD ecf-helpdesk@cacd.uscourts.gov to Carl Gordon at universityofthehood@gmail.com. The official email from the ecf-helpdesk CACD provides irrefutable evidence that Olguin, Rocconi, and Bustos were in possession of Gordon's objections dated June 28, 2022, as of 9:22 AM on June 29, 2022. Notably, this occurred four hours before Olguin issued his order and judgment, ultimately resulting in the dismissal of the action with prejudice.

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 42 of 132    Page ID
#:1773
Case 2:23-cv-06727-JLS-MAR    Document 18    Filed 09/19/23    Page 24 of 52    Page ID
#:467

Case: 22-55640, 10/03/2022, ID: 12553997, DktEntry: 15-2, Page 36 of 76    (85 of 126)

M Gmail                                                   Carl Gordon <universityofthehood@gmail.com>

RE: Re: Website inquiry

ecf-helpdesk CACD <ecf-helpdesk@cacd.uscourts.gov>                  Thu, Aug 25, 2022 at 9:32 AM
To: Carl Gordon <universityofthehood@gmail.com>

Carl,

The EDSS submission was forwarded to Judge Rocconi's chambers on 6/29/2022 at 9:22 am.

Thanks                                                          [Emphasis added.]

**Originally marked as Exhibit F in the 10/3/22 opening brief.**

In this context, it becomes evident that Olguin's and Rocconi's egregious judicial misconduct, involving a conspiracy to violate Gordon's constitutional rights, serves as undeniable proof of plain error, rendering a mockery of the judicial system. Furthermore, it is apparent that Olguin and Rocconi engaged in actions that corruptly impeded the proper administration of justice.

Despite the Ninth Circuit's extraordinary opportunity for Olguin and Rocconi to rectify their unlawful actions and address the irreparable harm inflicted upon Gordon in the May 2, 2022 R&R, the original order and judgment on June 29, 2022, the fraudulent attempted cover-up entries made in the official court record between July 18-22, in flagrant intentional violation of Federal Rules of Civil Procedure Rule 60, and in Olguin's reinforcement of their actions in the August 22, 2022, Second Amended Judgment and Orders. They persist in their wrongdoing. This includes the offense of obstructing the due administration of justice by knowingly and willfully making false and misleading statements in writing—as articulated and defined in 18 USC §1001(a)(3)—to the U.S. Court of Appeals for the Ninth Circuit. See *United States v. Aguilar*, 515 U.S. 593 (1995).

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 43 of 132    Page ID
#:1774
Case 2:23-cv-06727-JLS-MAR    Document 18    Filed 09/19/23    Page 25 of 52    Page ID
#:468

Furthermore, to reiterate for clarity, what's remarkable about Judge Olguin's Second Amended Judgment and Orders in Statement 3 is that he unwittingly but unmistakably waived his Fifth Amendment right against self-incrimination and confessed. This confession (inculpatory evidence) confirms that he intentionally violated Gordon's rights protected by the Constitution or laws of the United States. Acting under color of law, as defined in Title 18, U.S.C., Section 242, Olguin willfully deprived Gordon of his due process rights when, *inter alia*, Judge Olguin purposefully rejected his own statutory duty to conduct a *de novo* review of Gordon's objections to Rocconi's Report and Recommendation. Contrary to Judge Olguin's misleading assertion/falsehood (*"On June 29, 2022, the court entered judgment dismissing the above-captioned action. On June 28, 2022, Plaintiff had filed a Response and Request that the Court Overrule Defendant's Response to Plaintiff's Objections to the Report and Recommendation of the Magistrate Due to Late Filing of the Response by Defendants, which the court construed as further Objections to the Magistrate Judge's Report and Recommendation. Dkt. 44. However, the filing was not processed until the Court had already considered and issued the judgment dismissing the action. The Court entered an Amended Judgment and Order Accepting on July 18, 2022, to make clear that the Court had considered Plaintiff's June 28, 2022 filing. Dkts. 43,45."*) he had possession of Gordon's objections for 4 hours in the morning of June 29, as corroborated by the email from ecf-helpdesk CACD (cited above), before making his final dispositive ruling in the afternoon of June 29, 2022.

To be 100 percent clear, United States District Judge Olguin conspired with U.S. Magistrate Judge Rocconi to, among other things, withhold Gordon's objections from an official proceeding, which constitutes a serious violation of

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 44 of 132    Page ID
#:1775
Case 2:23-cv-06727-JLS-MAR    Document 18    Filed 09/19/23    Page 26 of 52    Page ID
#:469

federal law. Consequently, Olguin and Rocconi willfully and deliberately contravened 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b)(3), L.R. 72-3.5, and 18 U.S.C. § 1512(c)(1) & (2). This resulted in 'conduct prejudicial to the effective and expeditious administration of the courts' business.' Such actions have brought shame and disrepute to the CDCA[1], eroding public confidence in it.

Olguin rendered his preordained decision and simply deep-sixed Gordon's objections on June 29, 2022, as if they didn't exist. However, Olguin's unwitting self-incriminating confession in his written second amended judgment and order on remand response to the Ninth Circuit dated August 22, 2022, confirms that they did exist and that he did, in fact, violate U.S. Code Title 18, Crimes and Criminal Procedure § 1512 (B), which prohibits withhold a record, document, or other object, from an official proceeding. Additionally, the omnibus clause, or the "catch-all provision" of 18 U.S.C. § 1503, pertains to obstruction of justice.[2]

---

[1] **ELENA KAGAN, ASSOCIATE JUSTICE U.S. SUPREME COURT, ON PUBLIC CONFIDENCE IN THE SUPREME COURT AND THE JUDICIARY IN GENERAL, JULY 21, 2022 PART OF U.S. COURT OF APPEALS FOR NINTH CIRCUIT HOLDS A CONFERENCE**
"What can the court do to basically regain or increase public confidence in the Supreme Court? What, specifically?" Justice Kagan: "A super hard question, of course. But overall, the way the court retains legitimacy and fosters public confidence is by acting like a court. By doing the kinds of things that do not seem political or partisan. By not behaving as though we are just people with individual political, policy, or social preferences that we are making everybody live with. But instead, we are acting like a court, doing something that is recognizably law-abiding. That is where we gain our legitimacy. Not because we have better opinions than anybody else." [Justice Kagan's sage is applicable to the entire judiciary. Apparently, Olguin and Rocconi did not heed the clarion call.] Original Source:  Case: 22-55640, 10/03/2022, ID: 12553997, DktEntry: 15-1, Page 22 of 49 (22 of 126

[2] **1724. PROTECTION OF GOVERNMENT PROCESSES -- OMNIBUS CLAUSE -- 18 U.S.C. 1503**
The omnibus clause, or "catch-all provision" of 18 U.S.C. § 1503, provides: Whoever . . . corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be (guilty of an offense). See *United States v. Aguilar*, 515 U.S. 593 (1995) United States v. Aguilar, ___ U.S. ___, 115 S. Ct. 2357 (1995) https://bit.ly/3LZTtSN as of 09/16/23.

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 26

**OLGUIN'S 8/22/22 STATEMENT 4**. "The Court entered an Amended Judgment and Order Accepting on July 18, 2022, to make clear that the Court had considered Plaintiff's June 28, 2022 filing. Dkts. 43, 45."

**FACT CHECK STATEMENT 4.** The fact that the court entered an Amended Judgment and Order on Monday, July 18, 2022, is true. However, to there's more to the misleading cover story than what Olguin revealed in the Amended Order.

Simple questions: if the case was closed on June 29, 2022, by Olguin's dispositive ruling, and there was no motion for reconsideration filed by Gordon within 10 days of the Court's judgment — as governed by Rule 59(e) of the Federal Rules of Civil Procedure, "Motion for reconsideration" (see *Bass v. United States Dep't of Agriculture,* 211 F.3d 959, 962 [5th Cir. 2000]) — 20 days after Olguin's dispositive ruling, what was his rationale for filing Dkts. 43, 44, 45, and 46 (cited on page 15 of this document) on July 18, 2022, allegedly to make clear that he had considered Plaintiff's June 28, 2022 objections?

Who was his audience? Who needed to know that information, and for what purpose, nearly three weeks after Olguin had dismissed the case with prejudice? Especially when Olguin had full knowledge that the case was out of his jurisdiction on June 30, 2022, as evidenced by the June 30, 2022 Notice of Appeal to the Ninth Circuit filed by Gordon, and the July 7, 2022 Notification from the Ninth Circuit, both from cacd_ecfmail@cacd.uscourts.gov, and Bustos' July 7, 2022 email to Gordon stating, **"Mr. Gordon, your case is closed."**

What was Olguin's reason for not seeking leave under Rule 60(a) to achieve the supposed clarity, other than to perfect and proffer the ruse and to cover up his egregious judicial misconduct and unlawful behavior? See a copy of each cited impeachment document of Olguin's misrepresentation in Statement 4 below.

CM/ECF - California Central District-Display Receipt                    https://cacd-ecf.sso.dcn/cgi-bin/DisplayReceipt.pl?103210701781537-...

```
MIME-Version: 1.0
From: cacd_ecfmail@cacd.uscourts.gov
To: noreply@ao.uscourts.gov
Bcc:
--Paper recipients:
Carl Gordon
8306 Wilshire Blvd. No. 792
Beverly Hills CA 90211

--Case Participants: Natasha Saggar Sheth (melissa.mendiola@doj.ca.gov,
natasha.sheth@doj.ca.gov), Judge Fernando M. Olguin (crd_olguin@cacd.uscourts.gov),
Magistrate Judge Margo A. Rocconi (crd_rocconi@cacd.uscourts.gov)
--Non Case Participants: Clerk, U S Court of Appeals - 9th Circuit, Pasadena
(pasa_noa@ca9.uscourts.gov)
--No Notice Sent:
Message-Id:<34169355@cacd.uscourts.gov>
Subject: Activity in Case 2:21-cv-07270-FMO-MAR Carl Gordon v. Gavin Newsom et al Notice of
Appeal to 9th Circuit Court of Appeals Content-Type: text/html
```

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mailbox is unattended.**

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

Originally marked as Exhibit O in the 10/3/22 opening brief.

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered on 6/30/2022 at 3:18 PM PDT and filed on 6/30/2022

**Case Name:**     Carl Gordon v. Gavin Newsom et al
**Case Number:**    2:21-cv-07270-FMO-MAR
**Filer:**          Carl Gordon
**WARNING: CASE CLOSED on 06/29/2022**
**Document Number:** 41

**Docket Text:**
**NOTICE OF APPEAL to the 9th CCA filed by plaintiff Carl Gordon. Appeal of Judgment, [40] Filed On: 6/29/22; Entered On: 6/29/22; Filing fee $505, paid receipt number LA240517. (mat)**

**2:21-cv-07270-FMO-MAR Notice has been electronically mailed to:**

Natasha Saggar Sheth    melissa.mendiola@doj.ca.gov, natasha.sheth@doj.ca.gov

**2:21-cv-07270-FMO-MAR Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**
Carl Gordon
8306 Wilshire Blvd. No. 792 Beverly Hills CA 90211

Page 64

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 28

```
MIME-Version:1.0
From:cacd_ecfmail@cacd.uscourts.gov
To:noreply@ao.uscourts.gov
Bcc:
--Paper recipients:
Carl Gordon
8306 Wilshire Blvd. No. 792
Beverly Hills CA 90211

--Case Participants: Natasha Saggar Sheth (melissa.mendiola@doj.ca.gov,
natasha.sheth@doj.ca.gov), Judge Fernando M. Olguin (crd_olguin@cacd.uscourts.gov),
Magistrate Judge Margo A. Rocconi (crd_rocconi@cacd.uscourts.gov)
--Non Case Participants: Clerk, U S Court of Appeals - 9th Circuit, Pasadena
(pasa_noa@ca9.uscourts.gov)
--No Notice Sent:

Message-Id:<34169355@cacd.uscourts.gov>
Subject:Activity in Case 2:21-cv-07270-FMO-MAR Carl Gordon v. Gavin Newsom et al Notice of
Appeal to 9th Circuit Court of Appeals Content-Type: text/html
```

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**Originally marked as Exhibit O in the 10/3/22 opening brief.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered on 6/30/2022 at 3:18 PM PDT and filed on 6/30/2022

**Case Name:**     Carl Gordon v. Gavin Newsom et al
**Case Number:**   2:21-cv-07270-FMO-MAR
**Filer:**         Carl Gordon
**WARNING: CASE CLOSED on 06/29/2022**
**Document Number:** 41

**Docket Text:**
**NOTICE OF APPEAL to the 9th CCA filed by plaintiff Carl Gordon. Appeal of Judgment, [40] Filed On: 6/29/22; Entered On: 6/29/22; Filing fee $505, paid receipt number LA240517. (mat)**

**2:21-cv-07270-FMO-MAR Notice has been electronically mailed to:**

Natasha Saggar Sheth     melissa.mendiola@doj.ca.gov, natasha.sheth@doj.ca.gov

**2:21-cv-07270-FMO-MAR Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**

Carl Gordon
8306 Wilshire Blvd. No. 792 Beverly Hills CA 90211

Case: 22-55640, 10/03/2022, ID: 12553997, DktEntry: 15-2, Page 68 of 76

CM/ECF - California Central District-Display Receipt                    https://cacd-ecf.sso.dcn/cgi-bin/DisplayReceipt.pl?156211251664316-...

MIME-Version: 1.0
From: cacd_ecfmail@cacd.uscourts.gov
To: noreply@ao.uscourts.gov
Bcc:
--Paper recipients:
Carl Gordon
8306 Wilshire Blvd. No. 792
Beverly Hills CA 90211

--Case Participants: Natasha Saggar Sheth (melissa.mendiola@doj.ca.gov,
natasha.sheth@doj.ca.gov), Judge Fernando M. Olguin (crd_olguin@cacd.uscourts.gov),
Magistrate Judge Margo A. Rocconi (crd_rocconi@cacd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:<34188152@cacd.uscourts.gov>
Subject: Activity in Case 2:21-cv-07270-FMO-MAR Carl Gordon v. Gavin Newsom et al USCA
Notification of Case Number Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to
this e-mail because the mailbox is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits
attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of
all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees
apply to all other users. To avoid later charges, download a copy of each document during this first
viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not
apply.

**Originally marked as Exhibit P in the 10/3/22 opening brief.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered on 7/5/2022 at 5:27 PM PDT and filed on 7/1/2022
**Case Name:**      Carl Gordon v. Gavin Newsom et al
**Case Number:**    2:21-cv-07270-FMO-MAR
**Filer:**          Carl Gordon
**WARNING: CASE CLOSED on 06/29/2022**
**Document Number:** 42

**Docket Text:**
NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing
schedule. Appeal Docket No. 22-55640 assigned to Notice of Appeal to 9th Circuit Court of
Appeals [41] as to plaintiff Carl Gordon. (es)

**2:21-cv-07270-FMO-MAR Notice has been electronically mailed to:**

Natasha Saggar Sheth    melissa.mendiola@doj.ca.gov, natasha.sheth@doj.ca.gov

**2:21-cv-07270-FMO-MAR Notice has been delivered by First Class U. S. Mail or by other means BY
THE FILER to :**
Carl Gordon
8306 Wilshire Blvd. No. 792 Beverly Hills CA 90211

Page 66

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS
AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 29

```
MIME-Version:1.0
From:cacd_ecfmail@cacd.uscourts.gov
To:noreply@ao.uscourts.gov
Bcc:
--Paper recipients:
Carl Gordon
8306 Wilshire Blvd. No. 792
Beverly Hills CA 90211

--Case Participants: Natasha Saggar Sheth (melissa.mendiola@doj.ca.gov,
natasha.sheth@doj.ca.gov), Judge Fernando M. Olguin (crd_olguin@cacd.uscourts.gov),
Magistrate Judge Margo A. Rocconi (crd_rocconi@cacd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:<34188152@cacd.uscourts.gov>
Subject:Activity in Case 2:21-cv-07270-FMO-MAR Carl Gordon v. Gavin Newsom et al USCA
Notification of Case Number Content-Type: text/html
```

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to
this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits
attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of
all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees
apply to all other users. To avoid later charges, download a copy of each document during this first
viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not
apply.**

<span style="color:blue">**Originally marked as Exhibit P in the 10/3/22 opening brief.**</span>

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered on 7/5/2022 at 5:27 PM PDT and filed on 7/1/2022 

| | |
|---|---|
| **Case Name:** | Carl Gordon v. Gavin Newsom et al |
| **Case Number:** | 2:21-cv-07270-FMO-MAR |
| **Filer:** | Carl Gordon |
| **WARNING: CASE CLOSED on 06/29/2022** | |
| **Document Number:** | 42 |

**Docket Text:**
<span style="color:blue">**NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing
schedule. Appeal Docket No. 22-55640 assigned to Notice of Appeal to 9th Circuit Court of
Appeals [41] as to plaintiff Carl Gordon. (es)**</span>

**2:21-cv-07270-FMO-MAR Notice has been electronically mailed to:**

Natasha Saggar Sheth    melissa.mendiola@doj.ca.gov, natasha.sheth@doj.ca.gov

**2:21-cv-07270-FMO-MAR Notice has been delivered by First Class U. S. Mail or by other means <u>BY
THE FILER</u> to :**
Carl Gordon

8306 Wilshire Blvd. No. 792 Beverly Hills CA 90**Page 66**

1

2        **Case: 22-55640, 10/03/2022, ID: 12553997, DktEntry: 15-2, Page 70 of 76**    **(119 of 126)**

3        M Gmail                                          Carl Gordon <universityofthehood@gmail.com>

4        **Dear Ms. Bustos,  I filled the following documents below on June 28, 2022, please let
         me know when they will be filed and appear on the docket?**

5
         **Erica Bustos** <erica_bustos@cacd.uscourts.gov>                    Thu, Jul 7, 2022 at 1:32 PM
6        To: Carl Gordon <universityofthehood@gmail.com>

7            **Mr. Gordon, your case is closed.**            **[Emphasis added.]**

8
                          ERICA BUSTOS
9                         MAGISTRATE JUDGE COURTROOM DEPUTY
                          TO THE HONORABLE MARGO A. ROCCONI
                          UNITED STATES DISTRICT COURT
10                        CALIFORNIA CENTRAL DISTRICT COURT
                          255 East Temple Street
                          Los Angeles, CA 90012-3332
11                        Office: (213) 894-3589    Fax: (213) 894-3035
                          Email: erica_bustos@cacd.uscourts.gov

12

13
         **From:** Carl Gordon <universityofthehood@gmail.com>
14       **Sent:** Wednesday, July 6, 2022 1:04 PM
         **To:** Erica Bustos <erica_bustos@cacd.uscourts.gov>; Isabel Martinez <Isabel_Martinez@cacd.uscourts.gov>
15       **Subject:** Fwd: Dear Ms. Bustos, I filled the following documents below on June 28, 2022, please let me know when they
         will be filed and appear on the docket?

16

17       CAUTION - EXTERNAL:

18       [Quoted text hidden]

19        CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening
          attachments or clicking on links.

20
                  **Originally marked as Exhibit Q in the 10/3/22 opening brief.**
21

22

23

24

25

26

27
         RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS
28       AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 30

What motivated Olguin to do what he did on Monday, July 18, 2022? We will never know for sure, but logic and reason tell us that perhaps Olguin was motivated by anxiety and concern about the exposure of what he had and hadn't done on June 29, 2022, as a federal judge. *Mens rea*, perhaps? Certainly, it's something to consider; the false narrative continues. When given the opportunity for the third bite of the apple by the Ninth Circuit's mandate remand order, Olguin provided misleading statements (unintentional self-incrimination, statements contradictory to the facts and the evidence) in his August 22, 2022, reentered Amended Order and Judgment and his corresponding actions that we are analyzing for truthfulness and validity here.

To be clear, Olguin chose not to follow the law in seeking leave from the Ninth Circuit pursuant to Rule 60(a) to amend his dispositive order and judgment dated June 29, 2022. Alternatively, on Monday, July 18-20, 2022, Olguin and Rocconi filed and implemented a misdirected Notice of Document Discrepancies, engaging in an illegal subterfuge on the docket. The flurry of filings and document entries, numbered 43, 44, 45, and 46, took place between July 18 and July 20, 2022, with the intention of creating the appearance of judicial diligence. However, their actions, which were prompted solely by their fear of exposure, followed Gordon's filing of his Statement of Issues, which included Gordon's objections to Rocconi's R&R on the night of Friday, July 15, 2022, at 8:29 p.m., on the Court of Appeals for the Ninth Circuit Case No.: 22-55640, docket Dkt. No. 2.

07/15/2022 2 417 pg, 3.73 MB Filed (ECF) Appellant Carl Gordon Correspondence: Statement of issues. Date of service: 07/15/2022. [12495405] [22-55640]--[COURT UPDATE: Updated docket text to reflect correct ECF filing type. 07/18/2022 by SLM] (Gordon, Carl) [Entered: 07/15/2022 08:29 PM]

The immediate filing of Gordon's appeal with the Ninth Circuit apparently signaled to Olguin, Rocconi, and Bustos the impending legal jeopardy they were

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 52 of 132    Page ID
#:1783
Case 2:23-cv-06727-JLS-MAR    Document 17-3    Filed 09/19/23    Page 34 of 52    Page ID
#:477

facing due to their judicial misconduct and multiple federal law violations. This misconduct included, among other things, withholding Gordon's objections from the judicial proceedings in violation of U.S. Code Title 18, Crimes and Criminal Procedure § 1512 (B), and their intentional manipulation and falsification of the court record. Monday, July 18, 2022, marked their first opportunity to implement damage control.

However, the damage control appears to have been a calculated continuation of covering-up their egregious judicial misconduct and a furtherance of their illegally manipulate of the court docket to align with their conspiratorial preordained decision of June 29, 2022, as evidenced by the identical decision (Order) filed by the Hon. U.S. District Court Judge Olguin on August 22, 2022.

The Xerox-type ruling extended even down to the unfounded phantom assertion (a flat-out lie) on June 29 that Olguin had reviewed *de novo* Gordon's first amended complaint — which was absolutely impossible to achieve. This purported statutory *de novo* review of Gordon's first amended complaint was impossible to have occurred because Gordon was never allowed or granted leave to file a first amended complaint in the action by Olguin or Rocconi, despite Gordon's numerous requests (5 to be exact) to do so in accordance with Federal Rules of Civil Procedure Rule 15(d) on amended and supplemental pleadings.

This blatant and deliberate misrepresentation of the true facts by the conspirators is another violation of Judges Olguin and Rocconi, acting under color of law, as defined in Title 18, U.S.C., Section 242. They willfully deprived Gordon of his due process rights guaranteed under the Constitution of the United States of America. Their willful violation of 18 USC §1001(a)(3) — *making or using any false writing or document knowing the same to contain any materially*

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 53 of 132    Page ID
#:1784
Case 2:23-cv-06727-JLS-MAR    Document 18    Filed 09/19/23    Page 35 of 52    Page ID
#:478

1   *false, fictitious, or fraudulent statement or entry* — occurred in Olguin's August

2   22, 2022, self-incriminating inculpatory evidence response to the mandated order

3   handed down by the Ninth Circuit on August 17, 2022.

4       As noted above, on July 15, 2022, Gordon responded to the Ninth Circuit's

5   order of July 1, 2022 (Docket Entry No. [1]) and filed his Appellant's Statement

6   of Issues to Be Raised on Appeal (Docket Entry No. [2], Dkt. Entry: 2-1, page 1

7   of 32). He also filed an Emergency Motion to Expedite on the same date and time

8   (Dkts. Entry Nos. 2-5, page 2 of 17). Each of these documents appears to have

9   been the catalyst for Olguin's and Rocconi's willful misrepresentation and ruse

10  (Please see Docket Entry No. Case: 22-55640, 10/03/2022, ID: 12553997, Dkt

11  Entry: 15-1, Page 29 of 49 (29 of 126) [2], 417 pages in total).

12      The content perhaps offers a glimpse into Olguin's and Rocconi's anxiety

13  about being exposed and their defensive actions on July 18, 2022, and July 20,

14  2022, after Gordon filed, on July 15, 2022, the illuminating challenging

15  documents about the clearly prejudicial and unlawful court proceedings.

16      Additionally, below please peruse the excerpts from Appellant's July 15,

17  2022, Statement of Issues and the motion to Expedite the Proceedings that appear

18  to have formed the basis for Olguin's and Rocconi's extraordinary judicial ruse,

19  cover-up, and after-the-fact self-incriminating damage control documentation with

20  unimpeachable inculpatory evidence of guilt.[3]

21

22

23                           _____

24

25  [3]   Olguin and Rocconi are both accomplished legal professionals in their own right, who have made
    outstanding contributions to the law and the legal community. This is evident from their nominations and
26  appointments by President Barack Obama in 2012 and President Joe Biden in March 2021, respectively.

27  It's worth noting the interesting coincidence that Biden was Obama's vice president when Olguin was nominated
    and appointed. Furthermore, Kamala Harris, a former U.S. senator and attorney general from California, was

28  RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS
    AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 33

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 54 of 132    Page ID
#:1785
Case 2:23-cv-06727-JLS-MAR    Document 18    Filed 09/19/23    Page 36 of 52    Page ID
#:479

1

2

3    **OLGUIN'S 8/22/22 STATEMENT 5.** "However, by that time, Plaintiff had

4    already filed a Notice of Appeal. Dkt. 41. Accordingly, on August 17, 2022, the

5    _____

6

7    Biden's vice president when Rocconi was sworn in on March 19, 2021, just six months before they faced the
     challenges of the instant case.

8    On September 8, 2021, Harris campaigned for Newsom, and on September 9, 2021, Biden did the same against

9    the Republican-backed 2021 gubernatorial recall election. However, despite their esteemed backgrounds and
     affiliations, Olguin and Rocconi, serving as judges in the United States District Court, Central District of

10   California, failed in their mission of impartiality and in the fair application of the rule of law in the instant case.

11   Further, Rocconi is a longtime ally in the fight to abolish capital punishment in California. https://bit.ly/3zgHyeB
     January 30, 2002. https://lat.ms/3aFBO4o. "Anderson strained his head several times to look toward the 40

12   witnesses. One of his attorneys, Margo Rocconi, mouthed the words "I love you" to him several times. His eyes
     blinking, his right foot twitching, he mouthed the words "thank you."

13   **Case:** *California-Lethal-Injection-Settlement-Agreement-2020-07-29, Case 3:06-cv-00219-RS, Document 755,*

14   *filed 07/24/20.* On March 13, 2019, Governor Newsom issued Executive Order N-09-19, which mandated a
     moratorium on the death penalty in California. This moratorium took the form of a reprieve for all individuals

15   sentenced to death in California, the repeal of California's lethal injection protocol, and the closure of the death
     chambers at San Quentin State Prison. Consequently, executions cannot be carried out in California while the

16   executive order remains in effect.

17   **Case** *3:06-cv-00219-RS Document 755*, filed on 07/24/20, can be found on page 2 of 14 and pertains to a
     Stipulation Regarding Procedural Reinstatement of the Fifth Amended Complaint, as ordered on July 16, 2020.

18   Governor Gavin Newsom Orders a Halt to the Death Penalty in California.
     https://www.youtube.com/watch?v=u_kAup99U0o

19   *[Dated: July 16, 2020 by: /s/ Margo Ann Rocconi Margo Ann Rocconi DEPUTY FEDERAL PUBLIC

20   DEFENDER Attorneys for Plaintiffs Tracy Cain, Raynard Cummings, Robert Fairbank, William Payton, Scott
     Pinholster, and John Visciotti]

21   **Appellant's Statement of Issues to be Raised on Appeal: 1.** Whether the very close relationship between the

22   Magistrate Judge and the governor violated the Code of Conduct for United States Judges Canon 3., **2.** Whether
     noncompliance by the District Court with 28 U.S.C. § 636 violated Gordon's rights. **3.** Whether the District

23   Court purportedly reviewed Gordon's First Amended Complaint, in *de novo* review of those portions of the
     Report to which Plaintiff has objected without reviewing Plaintiff's objection to Response to Plaintiff's

24   Objections to Report and Recommendation of Magistrate, filed untimely in violation of Rule 72 on June 16,
     2022, and backdated on the court docket to reflect June 15, 2022, as filing date by someone mysteriously at the

25   court. **4.** Whether the District Court violated Gordon's rights under Rule 72. **5.** Whether the District Court,
     having full knowledge that the Election Assistance Commission (EAC) Office of Inspector General had referred

26   this case to DOJ and FBI for investigation due to the incriminating evidence of wrongdoing by the defendants,
     had a duty to act. **6.** Whether the District Court violated Gordon's rights under Fed. R. Civ. P. 15(d) by not

27   granting Gordon leave to amend the complaint.

28       RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS
             AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 34

Case 2:25-cv-04705-AB-SSC   Document 36   Filed 01/13/26   Page 55 of 132   Page ID
#:1786
Case 2:23-cv-06727-JLS-MAR   Document 17   Filed 09/19/23   Page 37 of 52   Page ID
#:480

Ninth Circuit issued a mandate indicating that this Court did not have jurisdiction to enter the Amended Judgment and Order. Dkt. 47."

**FACT CHECK STATEMENT 5.** In Statement 5, when Olguin stated, "[B]y that time, Plaintiff had already filed a Notice of Appeal. Dkt. 41," he is implying that on July 18 and July 20, 2022, when he filed and entered Dkts. 43, 44, 45, and 46, he was unaware that Gordon had already filed a notice of appeal on June 30, 2022, and, by inference, he was unaware of his loss of jurisdiction in the case.

Olguin's Statement 5, on its face, appears to be a transparent equivocation intended to conceal the fact that between June 30, 2022, and August 16, 2022, Olguin, Rocconi, and Bustos were aware that Gordon had filed a notice of appeal, thereby divesting the district court of any jurisdiction. Furthermore, on July 1, 2022, the Ninth Circuit Court of Appeals had filed its notification, assigned a case number, and provided a briefing schedule (see Dkt. 42), which was entered on July 5, 2022. This occurred two days before Bustos sent Gordon her email dated July 7, 2022, stating, "**Mr. Gordon, your case is closed.**" Please refer to pages 28, 29, and 30 respectively of this document for confirmation of their undeniable knowledge that District Court Case No.: 2:21-cv-07270-FMO-MAR was closed and out of their jurisdiction. Also refer to page 3 of this document which reads in part:

> Accordingly, Gordon vehemently objects to and formally protests the erroneous and fabricated order issued by the district court and the clerk concerning the made-up, fake request for the transfer of related cases for any related case.

> This contrived and misleading order, which was attached to Form CV-34A filed and dated August 24, 2023, and was electronically signed by

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS
AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 35

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 56 of 132    Page ID
#:1787
Case 2:23-cv-06727-JLS-MAR    Document 16    Filed 09/19/23    Page 38 of 52    Page ID
#:481

United States District Judge Fernando M. Olguin ("Olguin"), is/was allegedly part of a scheme to mislead and commit fraud upon the Court. It also served (the real purpose alleged) as a conduit to tip off Olguin, U.S. Magistrate Judge Margo A. Rocconi ("Rocconi"), and possibly the defendants, and others of this FCA instant case.

### OLGUIN KNEW THAT THE CASE WAS OUT OF HIS JURISDICTION ON JUNE 30, 2022. SEE PAGES 28, 29, AND 30

Moreover, unrefuted evidence reveals that Olguin knew that case No.: 2:21-cv-07270-FMO-MAR was no longer in his jurisdiction weeks before he executed the canard that was the filing of Dkts. 43, 44, 45, and 46, with the intent to cover the conspiracy to commit fraud upon and judicial misconduct to deceive the Ninth Circuit, making a mockery of the Court (See *Slater v. U.S. Steel Corp.*, 11th Cir.). When Olguin stated, "*... on August 17, 2022, the Ninth Circuit issued a mandate indicating that this Court did not have jurisdiction to enter the Amended Judgment and Order. Dkt. 47,*" he was deliberately mocking the Court of Appeals by being evasive to obscure the fact that he knew the case was out of his jurisdiction 20 days earlier than July 18, 2022, when he deliberately and intentionally violated Fed. R. Civ. P. Rule 60(a) with a smug "Catch Me If You Can" mentality and attitude. Furthermore, Olguin was also aware of Gordon's July 20, 2022, motion requesting that the Ninth Circuit strike Olguin's illegal entries from the record of the docket, pursuant to Rule 60(a), which states, in part:

> The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave to do so.

**OLGUIN'S 8/22/22 STATEMENT 6.** "The Ninth Circuit remanded the case to this Court for the limited purpose of vacating the Amended Judgment and Order and reentering a judgment and order considering Plaintiff's June 28, 2022 filing. Id.

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 57 of 132    Page ID
#:1788
Case 2:23-cv-06727-JLS-MAR    Document 18    Filed 09/19/23    Page 39 of 52    Page ID
#:482

Accordingly, the Amended Order and Judgment, Dkts. 45–46, are hereby
VACATED. Pursuant to 28 U.S.C. § 636, the Court has, again, reviewed the First
Amended Complaint, the relevant records on file, and the Report and
Recommendation of the United States Magistrate Judge.

Having conducted a de novo review of plaintiff's Objections to the Report and
Recommendation, the Court finds that they warrant no changes to the Magistrate
Judge's recommendation and therefore accepts the findings and recommendation
of the Magistrate Judge. IT IS THEREFORE ORDERED that Judgment be
entered dismissing this action with prejudice. Dated: August 22, 2022
HONORABLE FERNANDO M. OLGUIN United States District Judge /s/"
No court in the country has the power to remand the mandate a lie

**FACT CHECK STATEMENT 6.** The Ninth Circuit remanded the case to the

district court for the limited purpose of vacating the amended judgment and order

and reentering a judgment and order considering Plaintiff's June 28, 2022 filing

because, as noted, Olguin had deliberately, *inter alia*, violated Fed. R. Civ. P.

Rule 60(a) in an attempt to cover up his conspiracy and fraud upon the court.

### NO COURT IN THE COUNTRY HAS THE POWER OR LEGAL AUTHORITY TO REMAND TO VACATE AND MANDATE A LIE

With all due respect to Circuit Judges Schroeder, O'Scannlain, and Forrest

of the United States Court of Appeals for the Ninth Circuit (as Gordon believes),

they did not possess the statutory authority or power to mandate that District

Court Judge Olguin vacate his illegal Amended Judgment and Order, which was

constructed upon the intentional violation of federal laws, misrepresentations and

deliberate lies, and then repeat the same lie and federal law violations in his

Second Amended Judgment and Order. Please reference the Order below.

Case 2:25-cv-04705-AB-SSC     Document 36     Filed 01/13/26     Page 58 of 132     Page ID
#:1789
Case 2:23-cv-06727-JLS-MAR     Document 16     Filed 09/19/23     Page 40 of 52     Page ID
#:483

UNITED STATES COURT OF APPEALS

# FILED

FOR THE NINTH CIRCUIT

AUG 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARL GORDON, | No.    22-55640 |
| Plaintiff-Appellant, | D.C. No.
2:21-cv-07270-FMO-MAR |
| v. | Central District of California,
Los Angeles |
| GAVIN NEWSOM, in his official capacity as the Governor of the State of California; et al., | ORDER |
| Defendants-Appellees. | |

Before:  SCHROEDER, O'SCANNLAIN, and FORREST, Circuit Judges.

On June 29, 2022, the district court entered a final order and judgment.

Appellant filed a notice of appeal on the same day.  On July 18, 2022, the district

court entered an amended final order and amended judgment.  Because this case

was pending on appeal at the time the district court entered the July 18, 2022

amended order and judgment, the district court lacked jurisdiction to enter the

amended order and judgment. *See Davis v United States,* 667 F.2d 822, 824 (9th

Cir. 1982).

In the interests of judicial efficiency, we remand this case to the district

court for the limited purpose of allowing the district court to vacate its July 18,

2022 amended order and amended judgment, and re-enter an amended order and

judgment that considers appellant's June 28, 2022 submission.  To appeal the

at/MOATT

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS
AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 38

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 59 of 132    Page ID
#:1790
Case 2:23-cv-06727-JLS-MAR    Document 18    Filed 09/19/23    Page 41 of 52    Page ID
#:484

district court's re-entered order and amended judgment on remand, appellant must

file an amended notice of appeal in compliance with Federal Rule of Appellate

Procedure 4.

     Appellant's motion to strike (Docket Entry No. 3) is denied.

     This appeal is stayed pending the district court's decision pursuant to the

limited remand.

at/MOATT                         2                       22-55640

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS
AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 39

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 60 of 132    Page ID
#:1791
Case 2:23-cv-06727-JLS-MAR    Document 18    Filed 09/19/23    Page 42 of 52    Page ID
#:485

# OLGUIN'S AUGUST 22, 22 SECOND AMENDED ORDER ANNOTATED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CARL GORDON,

                Plaintiff,

        v.

GAVIN NEWSOM, ET AL.,

                Defendant(s).

Case No. 2:21-cv-7270-FMO (MAR)

SECOND AMENDED ORDER
ACCEPTING FINDINGS AND
RECOMMENDATION OF UNITED
STATES MAGISTRATE JUDGE

      On June 29, 2022, the court entered judgment dismissing the above-captioned

action. On June 28, 2022, Plaintiff had filed a Response and Request that the Court

Olguin conspired with Rocconi and Bustos to withhold Gordon's objections from an official proceeding, which
constitutes a violation of U.S. Code Title 18, § 1512(b). Furthermore, while acting under color of law, they willfully
deprived Gordon of his due process rights guaranteed under the U.S. Constitution as defined in Title 18, U.S.C., § 242.

Overrule Defendant's Response to Plaintiff's Objections to the Report and

Recommendation of the Magistrate Due to Late Filing of the Response by

Defendants, which the court construed as further Objections to the Magistrate

Judge's Report and Recommendation.  Dkt. 44.  However, the filing was not

This assertion constitutes a total material misrepresentation of the facts and a willful violation of 18 USC §1001(a)(3). Please refer to
page 24 of this document, where the ecf-helpdesk CACD email corroborates that Gordon's objections were in the Court's possession
at 9:22 A.M., on the morning of June 29, 2022, four hours before this Order and judgment was filed and entered by the district court.

processed until the Court had already considered and issued the judgment dismissing

the action.  The Court entered an Amended Judgment and Order Accepting on July

Olguin clearly knew that the case was out of his jurisdiction 20 days earlier than July 18, 2022, when on June 30, 2022,
cacd.uscourts.gov emailed him. However, Olguin deliberately and intentionally violated Fed. R. Civ. P. Rule 60(a).

18, 2022, to make clear that the Court had considered Plaintiff's June 28, 2022 filing.

On July 18-20, 2022, to whom did Olguin, want to make it clear that he had considered Gordon's June 28 filing, despite
knowing that the case was closed by his final dispositive ruling on June 29, 2022, and was out of his jurisdiction on June 30,
2022? Olguin's assertion here constitutes a total material misrepresentation and a willful violation of 18 USC §1001(a)(3)

Dkts. 43, 45.

      However, by that time, Plaintiff had already filed a Notice of Appeal.  Dkt. 41.

      Accordingly, on August 17, 2022, the Ninth Circuit issued a mandate indicating that

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS
AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 40

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 61 of 132    Page ID
Case 2:23-cv-06727-JLS-MAR    Document 17    Filed 09/19/23    Page 43 of 52    Page ID
#:1792
#:486

Case 2:21-cv-07270-FMO-MAR    Document 48    Filed 08/22/22    Page 2 of 2    Page ID #:1209

1  this Court did not have jurisdiction to enter the Amended Judgment and Order.  Dkt.

2  47.  The Ninth Circuit remanded the case to this Court for the limited purpose of

3  vacating the Amended Judgment and Order and reentering a judgment and order

4

5  considering Plaintiff's June 28, 2022 filing.  Id.

6

7          Accordingly, the Amended Order and Judgment, dkts. 45–46, are hereby

8

9

10  **VACATED**.  Pursuant to 28 U.S.C. § 636, the Court has, again, reviewed the First

This assertion constitutes a material misrepresentation of the facts and a willful violation of 18 USC §1001(a)(3). Gordon
was never granted leave to file a first amended complaint by Olguin or Rocconi, despite Gordon's numerous requests to
do so in accordance with Federal Rules of Civil Procedure Rule 15(d).

11  Amended Complaint, the relevant records on file, and the Report and

12

13  Recommendation of the United States Magistrate Judge. Having conducted a de novo

14

15  review of plaintiff's Objections to the Report and Recommendation, the Court finds

16

17  that they warrant no changes to the Magistrate Judge's recommendation and therefore

18

19  accepts the findings and recommendation of the Magistrate Judge.

20          **IT IS THEREFORE ORDERED** that Judgment be entered dismissing this

21

22  action with prejudice.

23

24

25  Dated:  August 22, 2022                    /s/

26                                HONORABLE FERNANDO M. OLGUIN
27                                United States District Judge
28                                              2

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 62 of 132    Page ID
#:1793
Case 2:23-cv-06727-JLS-MAR    Document 17    Filed 09/19/23    Page 44 of 52    Page ID
#:487

## BUT FOR ROCCONI'S VIOLATION OF FED. R. CIV. P. 15(D)
## AND FED. R. EVID. RULE 201

But for Rocconi's violation of Federal Rules of Civil Procedure 15(d), repeated denials of Gordon's request to amend the complaint, and her violation of 28 U.S. Code § 455 and Rocconi's violation of Fed. R. Evid. Rule 201 (denial of the judicial notice), Gordon would have had the opportunity to remedy any purported deficiencies in the complaint as claimed by the magistrate judge and Defendants-Appellees' attorneys. Refer to Gordon's multiple requests to amend the complaint made throughout the course of the proceedings under Fed. R. Civ. P. 15, which, for unknown reasons, were denied.

**Plaintiff's request for additional time to oppose defendant's motion to dismiss 10/22/21.**

Gordon respectfully requests a similar amount of time to present the opposition to Defendant's motion to dismiss the action without leave to amend the pleading in contravention of See **Fed. R. Civ. P. 15(a). See Case 2:21-cv-07270-FMO-MAR Document 15 Filed 10/22/21 Page 3 of 12 Page ID #:533**

**Plaintiff's Response to Defendants Opposition to Plaintiff's Second Request for Time 1/5/22.**

These facts alone not only demonstrates a good cause for an extension of time, but it also demonstratively demonstrate and establishes "good cause" for the Court to stay the proceedings to protect and preserve the constitutional rights of the Defendants as well as the Plaintiff, contrary to Defendant's counsel absurdity that the Defendants are prejudiced by a stay, or an extension of time until February 14, 2022, to Amended and file a Supplemental Pleadings Rule 15(a)and(b). **See Case 2:21-cv-07270-FMO-MAR Document 24 Filed 01/05/22 Page 4 of 15 Page ID #:843**

**Plaintiff's Opposition to Defendant's Motion to Dismiss... Plaintiff's Request Leave to Amend the Pleadings Pursuant to Rule 15(a)(2), 15 (d) 2/15/22.**

Plaintiff can, in the amended pleadings, and did demonstrate beyond a reasonable doubt that Defendants' actions were discriminatory and done in bad faith... As a matter of law under the circumstances, Plaintiff has a right to seek recovery from injuries and economic losses inflicted by Defendants, notwithstanding sovereign immunity. Furthermore, if the state or local government entities receive federal funding for whatever purpose, they cannot claim sovereign immunity if they are sued in federal court for discrimination. The United States Code, Title 42, Section 2000d-7 explicitly says this. As long as the state entity receives federal funding, then sovereign immunity for discrimination cases is not abrogated but voluntarily waived. Since receiving the federal funds was optional, then the waiver of sovereign immunity was optional. **See Case 2:21-cv-07270-FMO-MAR Document 27 Filed 02/15/22 Page 18 of 22 Page ID #:945**

**Plaintiff's Opposition To Defendants' Motion To Dismiss... And Plaintiff's Request Leave To Amend 5/2/22.**

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS
AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 42

Further, Plaintiff's claims should be allowed to proceed, notwithstanding Plaintiff's contemporaneous opposition to Defendants' motion for dismissal without leave to amend to cure any deficiencies, among them the legal option, often mistaken even by seasoned attorneys, to file a federal action seeking to impose personal liability based on individual capacities or in their official capacities as government officers or subordinates for actions taken under color of state law as a part of their government work. Under 42 U.S.C. § 1983 and 18 U.S.C. § 242,

Plaintiff is seeking relief based on Defendants' intentional discrimination and deprivation of Plaintiff's rights secured by the United States Constitution. Accordingly, for Plaintiff to receive damages sought despite sovereign immunity, Plaintiff must amend the complaint seeking to impose personal liability on Defendants in their individual capacities for their unlawful actions ... **See Case 2:21-cv-07270-FMO-MAR Document 34 Filed 05/02/22 Page 22 of 31 Page ID #:1045**

**PLAINTIFF'S RESPONSE AND REQUEST THAT THE COURT OVERRULE DEFENDANT'S RESPONSE 6/28/22.**

Plaintiff's Complaint fully complies with the pleading requirements of the Federal Rules of Civil Procedure and provides Defendants fair notice of the charges against them and the grounds therefor. Discovery and argument will add further detail later; in fact, additional supporting factual material was provided by Plaintiff in materials filed. And that Plaintiff's Motion for leave to amend the Complaint should be GRANTED. **See Case 2:21-cv-07270-FMO-MAR Document 44 Filed 06/28/22 Page 1 of 34 Page ID #:1169**

On June 29, 2022, Olguin, Rocconi, and Bustos conspired to withhold Gordon's objections from an official proceeding. Gordon's objections, filed on June 28, 2022, included a request that his previous request to amend the pleading be granted. Unfortunately, due to tampering with Gordon's objections, this request never came to light. This tampering (withholding the objections) constitutes a violation of U.S. Code Title 18, § 1512(b). Additionally, while acting under color of law, they willfully deprived Gordon of his due process rights guaranteed by the U.S. Constitution, as defined in Title 18, U.S.C., § 242.

**COMPARE AND CONTRAST JUDICIAL TREATMENT BETWEEN
A BLACK MAN AND A WHITE MAN
IN THE U.S. DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA,
Western Division, Los Angeles
AND THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT:**

**"NO RIGHTS WHICH THE WHITE MAN WAS BOUND TO RESPECT."**

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 43

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 64 of 132    Page ID
#:1795
Case 2:23-cv-06727-JLS-MAR    Document 17    Filed 09/19/23    Page 46 of 52    Page ID
#:489

On November 29, 2022, in a case in the United States Court of Appeals for the Ninth Circuit, nearly identical, with a distinction—before a three-judge panel—Circuit Judges Diarmuid F. O'Scannlain ("O'Scannlain"), Paul J. Watford ("Watford"), and Andrew D. Hurwitz ("Hurwitz") unanimously ruled in the matter of A. W. Clark v. Shirley Weber, Case No. 21-56337, D.C. No. 2:21-cv-06558-MWF-KS, addressing Weber's actions as California secretary of state. A. W. Clark, Plaintiff-Appellant ("Clark"), challenged the constitutionality of Section 15 of the California Constitution, Article II – Voting, Initiative, and Referendum, and Recall.

Clark's lawsuit failed, but what is paramount and most important here is that Clark's constitutional procedural rights were upheld by the district court and the Ninth Circuit without question. Clark's case was handled and executed with judicial precision.

Clark was afforded the right to amend his complaint (to tailor it for the circumstances, as he was injured, therefore staving off mootness of the case), which is usually liberally granted by the district court and magistrate judges in this circuit.

It is important to note that Clark's case originated in the same district court—CDCA, Western Division Los Angeles—as did Gordon's case in approximately the same timeframe, August-September 2021.

Each case's core issue centered on the constitutionality of some aspect of the California Constitution Article II – Voting, Initiative, and Referendum, and Recall and the 2021 gubernatorial recall election, with Gov. Newsom as the main focus.

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 65 of 132    Page ID
#:1396
Case 2:23-cv-06727-JLS-MAR    Document 18    Filed 09/19/23    Page 47 of 52    Page ID
#:490

However, because Gordon, a Black American of African descent, and a self-represented litigant, coupled with the fact that the case was assigned to U.S. Magistrate Judge Rocconi, who had a strong emotional bond and a long-term overpowering connection with the principal defendant in the case, Gov. Newsom, Gordon's case was doomed from the beginning. Gordon's case was treated completely differently by Rocconi and Olguin, to say the least.

With all due respect to the fine men and women judicial officers of the CDCA, as exemplified in Clark's case, Rocconi's and Olguin's judicial misconduct was a tragic but not an anomaly.

Gordon was not granted his requests for leave to file amended complaint, nor was Gordon granted the request for judicial notice in this case despite the fact he requested such repeatedly.

Clark's and Gordon's cases are fundamentally similar, with key distinctions. Clark challenged the constitutionality of Article II, Section 15, while Gordon is challenging the constitutionality of Senate Bill No. 152, Chapter 34, signed by Newsom—a preferential, discriminatory, and Newsom-specific bill—along with the corresponding appropriation in Assembly Budget Act 2021, No. 128, Chapter 21. Gordon's constitutional challenge centers on Gov. Newsom's violation of Article II, Section 17, affecting not only California's 22 million registered voters but also non-voters and protecting participatory democracy enshrined in the California Constitution since 1911, strengthened by the overwhelming approval California Proposition 14, by the voters, which amended the California Constitution by specifically adding Article II, Section 17, on June 8, 1976.

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 66 of 132    Page ID
#:1797
Case 2:23-cv-06727-JLS-MAR    Document 16    Filed 09/19/23    Page 48 of 52    Page ID
#:491

It is Gordon's understanding of the Ninth Circuit's ruling that Clark challenged the legitimacy and constitutionality of the recall over the violation of his voting rights; he claimed that he was harmed as a result by not having the right to vote affirmatively for Newsom on Question 2 during the recall election on the same recall ballot.

However, Clark was unable to persuade the district court or the Ninth Circuit of the validity of his argument; as a result, he lost on the merits.

Once again, the significance of Clark's case lies in the fact that he had the opportunity to amend his complaint and present his case on its merits before the district court and the Ninth Circuit—a fair and equitable process. Gordon did not have this opportunity in the district court, and, as of now, he is still awaiting a response from the Ninth Circuit Court of Appeals after over a year and three months of waiting. The Ninth Circuit has yet to respond to Gordon's simple motion, whether to grant Gordon's request for a Limited Initial Hearing En Banc pursuant to Rule 35. This case undoubtedly raises a question of exceptional importance concerning the legitimacy of the 2021 California gubernatorial recall election and the cheating of California's 22 million registered voters out of a free and fair election with funds provided by and at the expense of the United States of America without their knowledge or permission.

Regrettably and shamefully, it appears that there are two distinct judicial systems in the United States of America—one for White Americans and one for Black Americans—and they are unequal. Honorable U.S. Magistrate Judge Margo Ann Rocconi and Honorable United States District Judge Fernando Manzano Olguin have undeniably and unlawfully upheld this status quo—a troubling, dual, and insidious system of apartheid justice.

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 67 of 132    Page ID
#:1798
Case 2:23-cv-06727-JLS-MAR    Document 18    Filed 09/19/23    Page 49 of 52    Page ID
#:492

# WHITE JUSTICE IN AMERICA

**IN THE OPINION FOR PUBLICATION, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT IN CASE NO. 21-56337 D.C. NO. 2:21-CV-06558-MWF-KS FILED NOVEMBER 29, 2022**

The following is an excerpt from Watford's ruling.

The panel first held that this case was not moot even though the election was completed, and a majority of voters had defeated the effort to remove Governor Newsom from office. Clark adequately alleged a completed injury—namely, his inability to vote for Governor Newsom on question two during the recall election—that was fairly traceable to the California election procedures; and an award of nominal damages would redress that injury.

Completion of the recall election could have mooted this action, as Clark's original complaint sought only prospective relief with respect to the September 2021 gubernatorial recall election. But Clark amended his complaint to add a request for nominal damages, which we presume he asserts against defendant Shirley Weber, California's Secretary of State, in her individual capacity. See *Shoshone-Bannock Tribes v. Fish & Game Commission*, 42 F.3d 1278, 1284 (9th Cir. 1994). Clark has adequately alleged a completed injury—namely, his inability to vote for Governor Newsom on question two during the recall election—that is fairly traceable to the California election procedures he challenges. Because a Page 4 of 8 award of nominal damages would redress that injury, this case is not moot. See *Uzuegbunam v. Preczewski,* 141 S. Ct. 792, 801–02 (2021).

See the video of the oral arguments in 21-56337 A. Clark v. Shirley Weber before O'Scannlain, Watford, and Hurwitz. At 9:29 in the video, Hurwitz poses the question, "You are not contending that this is moot?" In the colloquy from 9:29 to 10:07 between Hurwitz and the lawyer, John D. Echeverria ("Echeverria"), appearing for the office of the attorney general, at 9:46 Echeverria concedes the recall case is not moot and capable of repetition.

https://www.youtube.com/watch?v=w5ckWMw_H_o

1

2

3                         **FOR PUBLICATION**                    # FILED

4              UNITED STATES COURT OF APPEALS                   NOV 29 2022

5                   FOR THE NINTH CIRCUIT                MOLLY C. DWYER, CLERK
                                                         U.S. COURT OF APPEALS
6

7    A. W. CLARK,                           No.    21-56337

8              Plaintiff-Appellant,         D.C. No.
                                            2:21-cv-06558-MWF-KS
9          v.

10   SHIRLEY WEBER, as California Secretary    OPINION
     of State,
11
               Defendant-Appellee.
12

13               Appeal from the United States District Court
                    for the Central District of California
14              Michael W. Fitzgerald, District Judge, Presiding

15                 Argued and Submitted October 20, 2022
                           Pasadena, California
16
     Before:  Diarmuid F. O'Scannlain, Paul J. Watford, and Andrew D. Hurwitz,
17   Circuit Judges.

18
                        Opinion by Judge Watford
19

20

21

22

23

24

25

26

27

28   RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS
     AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 48

**BLACK JUSTICE DELAYED; BLACK JUSTICE DENIED IN AMERICA**



ECF   Case Search   Calendar   Opinions   Orders/Judgments   XML   TXT                    Logout  Help

If you view the Full Docket you will be charged for 4 Pages $0.40

**General Docket**
**United States Court of Appeals for the Ninth Circuit**

Court of Appeals Docket #: 22-55640                                   Docketed: 07/01/2022
Nature of Suit: 3440 Other Civil Rights
Carl Gordon v. Gavin Newsom, et al
Appeal From: U.S. District Court for Central California, Los Angeles
Fee Status: Paid

Case Type Information:
1) civil
2) private
3) null

Originating Court Information:
District: 0973-2 : 2:21-cv-07270-FMO-MAR
Trial Judge: Fernando M. Olguin, District Judge
Date Filed: 09/09/2021

| Date Order/Judgment: | Date Order/Judgment EOD: | Date NOA Filed: | Date Rec'd COA: |
|---|---|---|---|
| 06/29/2022 | 06/29/2022 | 06/30/2022 | 06/30/2022 |

| 12/23/2022 | 27 | COURT DELETED DUPLICATE ENTRY. Notice about deletion sent to case participants registered for electronic filing. Correct Entry: [28]. Original Text: Submitted (ECF) Reply Brief for review. Submitted by Appellant Carl Gordon. Date of service: 12/23/2022. [12617113] [22-55640] (Gordon, Carl) [Entered: 12/23/2022 09:15 AM] |
| 12/23/2022 | 28 | Submitted (ECF) Reply Brief for review. Submitted by Appellant Carl Gordon. Date of service: 12/23/2022. [12617143] [22-55640] (Gordon, Carl) [Entered: 12/23/2022 09:52 AM] |
| 12/23/2022 | 29 | Filed clerk order: The reply brief [28] submitted by Carl Gordon is filed. Within 7 days of the filing of this order, filer is ordered to file 6 copies of the brief in paper format, accompanied by certification (attached to the end of each copy of the brief) that the brief is identical to the version submitted electronically. Cover color: not applicable. The paper copies shall be submitted to the principal office of the Clerk. [12617311] (KT) [Entered: 12/23/2022 12:56 PM] |
| 12/28/2022 | 30 | Received 6 paper copies of Reply Brief [28] filed by Carl Gordon. [12619313] (SD) [Entered: 12/28/2022 02:27 PM] |
| 01/03/2023 | 31 | Filed (ECF) Appellant Carl Gordon Correspondence: STATEMENT OF CARL GORDON, PLAINTIFF-APPELLANT, PURSUANT TO FEDERAL RULES OF APPELLATE PROCEDURE ORAL ARGUMENT RULE 34 and EXHIBIT. Date of service: 01/03/2023 [12622173] [22-55640] (Gordon, Carl) [Entered: 01/03/2023 08:52 PM] |
| 02/01/2023 | 32 | Filed (ECF) Appellant Carl Gordon Correspondence: Notice of Delay pursuant to Rule 25-2. On 8/26/22 Deputy Clerk: DA stated all pending motions and requests will be addressed by separate order. Two motions pending longer than 4 mos. And a petition for an EN BANC hearing has been pending longer than 6 mo. Date of service: 02/01/2023 [12644344] [22-55640] (Gordon, Carl) [Entered: 02/01/2023 04:10 PM] |
| 03/29/2023 | 33 | Filed (ECF) Appellant Carl Gordon Urgent Motion for appointment of pro bono counsel. Date of service: 03/29/2023. [12685296] [22-55640] (Gordon, Carl) [Entered: 03/29/2023 11:00 PM] |
| 05/04/2023 | 34 | Filed (ECF) Appellant Carl Gordon Correspondence: Courtesy copy of 5 3 23 Gordon's Emergency SCOTUS Application, and APPENDIX. Date of service: 05/03/2023 [12708760] [22-55640] (Gordon, Carl) [Entered: 05/04/2023 10:05 AM] |
| 05/16/2023 | 35 | Filed (ECF) Appellant Carl Gordon Correspondence: A courtesy copy of the letter to Hon. Scott S. Harris Clerk of the Supreme Court of the United States and Proof of Service 5/16/23. Date of service: 05/16/2023 [12716659] [22-55640] (Gordon, Carl) [Entered: 05/16/2023 10:22 AM] |
| 06/01/2023 | 36 | Filed order (MICHELLE T. FRIEDLAND and JENNIFER SUNG) Appellant's motion to expedite the request for initial hearing en banc and to expedite this appeal (Docket Entry No. [20]) is denied. The court, in its discretion, denies the motion for appointment of pro bono counsel (Docket Entry No. [33]). Briefing is complete. [12726327] (WL) [Entered: 06/01/2023 09:33 AM] |

In 2023, it is disheartening and frankly, exhausting for this nearly 78-year-old African American citizen to still see one system that operates for White Americans while another operates (unjustly for me) for Black Americans in the United States of America.

RELATOR'S OBJECTION AND FORMAL PROTEST TO THE COURT'S AND CLERK'S ERRONEOUS AND RE-REQUEST THAT THIS COURT JUDGE ROCCONI UNDER 29 C.F.R. § 2200.68(C)- 49

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 70 of 132    Page ID
Case 2:23-cv-06727-JLS-MAR    Document 18    Filed 09/19/23    Page 52 of 52    Page ID
#:1801
#:495

# CONCLUSION

Accordingly, Gordon vehemently objects to and formally protests the fabricated order issued by the district court and the clerk concerning the made-up, fake request for the transfer of related cases for any related case.

This contrived and misleading order, which was attached to Form CV-34A filed and dated August 24, 2023, and was electronically signed by United States District Judge Fernando M. Olguin ("Olguin"), is/was allegedly part of a scheme to mislead and commit fraud upon the Court. It also served (the real purpose alleged) as a conduit to tip off Olguin, U.S. Magistrate Judge Margo A. Rocconi ("Rocconi"), and possibly the defendants, and others of this FCA instant case.

As noted by unquestionable documentary evidence in the court record, cited above specifically the CDCA Civil Cover Sheet Form CV-071(10/20), and an excerpt copy cited in this document, it shows that Gordon informed the Court that there were **no related cases** and there is no docket number or presiding judge's name for any related case is listed for the instant action filed on August 16, 2023, in accordance with CDCA Local Rule 3-1.

Accordingly, Gordon respectfully request that this Court immediately grant Gordon Relator's request for recusal under 29 C.F.R. § 2200.68(C), that Hon. U.S. Magistrate Judge Margo A. Rocconi be recused from this FCA action. Filed concurrently with the statutory mandated affidavit on August 22, 2023.

Respectfully submitted:    September 19, 2023

**CARL GORDON**
**UNIVERSITY OF THE 'HOOD®**
8306 Wilshire Blvd., No. 792,
Beverly Hills, CA 90211
Tel. (310) 289-8057/(310) 926-3939
universityofthehood@gmail.com
Pro se Plaintiff/Relator: Carl Gordon

# EXHIBIT E

Minutes Order (Dkt. 28), Staton, J., denying recusal and venue transfer.

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 72 of 132    Page ID
Case 2:23-cv-06727-JLS-MAR    Document 38    Filed 10/12/23    Page 1 of 5    Page ID
#:528
#:1808

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:23-cv-06727-JLS (MAR)                    Date: October 12, 2023
Title: United States *ex rel.* Gordon v. Newsom, et al.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Gabby Garcia                                                 N/A    
    Deputy Clerk                                                     Court Reporter

Attorneys Present for Plaintiff:                    Attorneys Present for Defendant:

    Not Present                                                      Not Present

**Proceedings:**         **(In Chambers) ORDER DENYING MOTION TO RECUSE
                         AND ORDER DENYING EX PARTE APPLICATION TO
                         TRANSFER VENUE**

     This under seal *qui tam* action is before the Court on Relator Carl Gordon's
Motion to Recuse (Doc. 13) and Motion to Transfer Venue to the Eastern Division
(Riverside) (Doc. 22).  For the reasons set forth below, the Court denies both motions.

## I.    MOTION TO RECUSE

     Relator moves to recuse the magistrate judge assigned to this case.  (*See generally*
Mot.)  He argues that Magistrate Judge Margo A. Rocconi's rulings in another case he
filed requires her recusal.  He also contends that Magistrate Judge Rocconi's service as a
deputy federal public defender entailed representation of parties in death penalty cases
against, *inter alia*, California Governor Gavin Newsom, a defendant in this action.
Moreover, he maintains that Magistrate Judge Rocconi is closely aligned with Governor
Newsom because they share an opposition to the imposition of the death penalty.

     Relator moves pursuant to 28 U.S.C. § 455 and 29 C.F.R. § 2200.68.[1]

     Section 455(a) provides for disqualification where the judicial officer's
"impartiality might reasonably be questioned."  To disqualify a judicial officer pursuant
to § 455(a), the Court considers "whether a reasonable person with knowledge of all the
facts would conclude that the judge's impartiality might reasonably be questioned."

---

[1] Relator does not expressly rely upon 28 U.S.C. § 144, but such a challenge would fail as well.  In addition to the
reasons set forth above, Plaintiff has not set forth a supported factual basis for a § 144 challenge, which requires the
filing of "a timely and sufficient affidavit" that "state[s] the facts and the reasons for the belief that bias or prejudice
exists."  28 U.S.C. § 144; *see United States v. Azhocar*, 581 F.2d 735, 737-38 (9th Cir. 1978).

Case 2:25-cv-04705-AB-SSC   Document 36   Filed 01/13/26   Page 73 of 132   Page ID
Case 2:23-cv-06727-JLS-MAR   Document 38   Filed 10/12/23   Page 2 of 5   Page ID
#:1804
#:529

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:23-cv-06727-JLS (MAR)                     Date: October 12, 2023
Title: United States *ex rel.* Gordon v. Newsom, et al.

---

*Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (internal quotation marks
omitted), *abrogated on other grounds by Simmons v. Himmelreich*, 578 U.S. 621, 624 &
n.1 (2016).  Any impartiality or bias against a party must arise from "an extrajudicial
source and not from conduct or rulings made during the course of the proceeding."
*United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566-67 (9th Cir. 1995)
(internal quotation marks omitted).  In *Liteky v. United States*, 510 U.S. 540, 555 (1994),
the Supreme Court held that "judicial rulings alone almost never constitute a valid basis
for a bias or partiality motion.  Neither do "speculative accusations" against a judicial
officer.  *United States v. McChesney*, 871 F.3d 801, 807 (9th Cir. 2017).

        Section § 2200.68 is inapplicable here.  That federal regulation governs
proceedings before the Occupational Safety and Health Review Commission rather than
the federal courts.  *See* 29 U.S.C. § 652(2); 29 C.F.R. § 2200.2(b).

        Magistrate Judge Rocconi's rulings in Relator's other case against Governor
Newsom do not warrant her disqualification.  (*See Gordon v. Newsom*, 2:21-cv-07270-
FMO-MAR ("the 7270 case").)  In the 7270 case, the assigned district court judge
adopted Magistrate Judge Rocconi's Report and Recommendation, which dismissed
Relator's claims with prejudice.  That case is currently on appeal.  Although Relator
characterizes the Report and Recommendation as "egregious judicial misconduct," it is,
in truth, a completely ordinary judicial ruling.  As such, it falls within the scope of
*Liteky*'s admonition that judicial rulings cannot form the basis for disqualification.

        As for Magistrate Judge Rocconi's supposed affiliation with Governor Newsom, it
is based on unsupported allegations and rank speculation.  His argument is also
inconsistent in that he alleges both that she represented clients who had claims against
Newsom (implying an adverse relationship) and that her interests are aligned with his in
that they both oppose the death penalty.  Neither of these allegations are supported by
anything other than Relator's representations.  Moreover, even if accurate, they would
not require disqualification.  Magistrate Judge Rocconi is no longer a federal public
defender, and this case does not involve the death penalty.  Accordingly, this is not a case
in which the judicial officer's "impartiality might reasonably be questioned."

---

Case 2:25-cv-04705-AB-SSC   Document 36   Filed 01/13/26   Page 74 of 132   Page ID
#:1805
Case 2:23-cv-06727-JLS-MAR   Document 17   Filed 10/12/23   Page 3 of 5   Page ID
#:530

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-06727-JLS (MAR)                    Date: October 12, 2023
Title: United States *ex rel.* Gordon v. Newsom, et al.

## II.       EX PARTE APPLICATION TO TRANSFER VENUE[2]

Relator seeks intra-district transfer of the present case to the Eastern Division
(Riverside).  (*See generally* Ex Parte App.)  He does so based on routine filings in the
present case.  Specifically, Relator takes issue with the Clerk's preparation and filing of a
proposed related-case transfer order that would transfer the present action to the same
district judge that was assigned to the 7270 case.  Relator's point is that when he
completed and filed the Civil Cover Sheet (Doc. 1-1), he did not identify the present case
as related to the 7270 case.  Although his observation on that point is correct, there was
nothing sinister about the Clerk's action in preparing the proposed order for transfer.  (*Cf.*
Ex Parte App. at 7 (noting that the proposed order should be considered "a fraud upon the
court" and suggesting that "the fake documents . . . served . . . as a conduit to tip off" the
judge assigned to the 7270 case).)

Rather, it is simply a matter of procedure for the Clerk to review newly filed cases,
and this review will sometimes lead to the Clerk's *sua sponte* preparation of a proposed
related-case transfer order so that the judge assigned to an older case may make the
determination as to whether the newly filed case should be treated as a related case and
whether considerations of judicial economy would be served by assignment of the newly
filed case to that judge's docket.  Here, the judge assigned to the 7270 case declined the
transfer.

Relator's concern that the confidentiality of the present *qui tam* action has been
breached is unfounded.  No documents about the new case appear on the public docket on
either case.  In fact, the filings associated with the related case transfer do not appear at
all on the 7270 docket, and the present case is currently maintained under seal in its
entirety.  Thus, it is clear that Relator seeks transfer of venue based on circumstances that
are not as he believes them to be.

Relator's misconceptions aside, the legal standard for intra-district transfer of
venue has not been met.  Intra-district transfers pursuant to 28 U.S.C. § 1404(b) are
discretionary transfers subject to the same analysis as under 28 U.S.C. § 1404(a), which
governs inter-district transfers:

---

[2] There is nothing urgent about the relief sought by Relator, and his filing does not meet the standard for seeking
relief by the filing of an ex parte application rather than by the filing of a properly noticed motion.  Nevertheless,
having received and reviewed the relevant filings, the Court rules on the present matter as filed in order to maximize
judicial efficiency.

---

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 75 of 132    Page ID
Case 2:23-cv-06727-JLS-MAR    Document 28    Filed 10/12/23    Page 4 of 5    Page ID
#:1806
#:531

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-06727-JLS (MAR)                    Date: October 12, 2023

Title: United States *ex rel.* Gordon v. Newsom, et al.

       (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

       (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.

28 U.S.C.A. § 1404.  To support a motion for transfer, the moving party must show: "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). The moving party bears the burden of showing that transfer is appropriate. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

       Here, preliminary determination of the division to which a newly filed civil case is to be assigned is governed by General Order 23-05.  (Gen. Order 23-05 at 10-11.)  The Civil Cover sheet sets forth a number of questions designed to identify the correct division.  (*See* Cent. Dist. Form CV-71 & Instructions).  Under the General Order, adjustments to the division which a case is assigned are permitted, but only for the purpose of distributing the cases in a manner designed to maximize judicial resources. (*See* Gen. Order at 11-12.)

       Here, Relator himself indicated on the Civil Cover Sheet that the requirements for assigning the case to the Eastern Division are not met.  To the contrary, he notes his address in Los Angeles County (Western Division), and he avers that more than 50% of parties on both sides of the litigation are also located in the Western Division.[3]

---

[3] It appears to the Court that many of the Defendants, who are associated with California State Government, including the Governor, are not located in the Central District at all; rather, it appears they are located in Sacramento, which is in the Eastern District of California.  Nevertheless, for present purposes, there is no indication that even a single Defendant is located in Eastern Division of the Central District of California, which consists of San Bernardino and Riverside County.

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 76 of 132    Page ID
Case 2:23-cv-06727-JLS-MAR    Document 38    Filed 10/12/23    Page 5 of 5   Page ID
#:1807
#:532

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-06727-JLS (MAR)                                    Date: October 12, 2023

Title: United States *ex rel.* Gordon v. Newsom, et al.

Accordingly, Relator has not met his burden of establishing the present case could have been brought in the Eastern Division.  The Court therefore DENIES the Ex Parte Application to transfer venue.

## III.    CONCLUSION

As set forth herein, the Court DENIES Relator's Motion to Recuse (Doc. 13) and DENIES Relator's Ex Parte Application to Transfer Venue (Doc. 22).

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  gga

# EXHIBIT F

Notice of Election to Decline Intervention (Dkt. 29), signed by AUSA Harris.

Case 2:25-cv-04705-AB-SSC   Document 36   Filed 01/13/26   Page 78 of 132   Page ID
#:1809
Case 2:23-cv-06727-JLS-MAR   Document 29   Filed 10/20/23   Page 1 of 5   Page ID
#:533

1   E. MARTIN ESTRADA
United States Attorney
2   DAVID M. HARRIS, AUSA
Chief, Civil Division
3   ROSS M. CUFF, AUSA
Chief, Civil Fraud Section
4   KAREN Y. PAIK (Cal. Bar No. 288851)
Assistant United States Attorney
5        Room 7516, Federal Building
        300 N. Los Angeles Street
6        Los Angeles, California 90012
        T: 213.894.8561 | F: 213.894.7819
7        Email: Karen.Paik@usdoj.gov

8   Attorneys for the United States of America

9

                    UNITED STATES DISTRICT COURT
10
        FOR THE CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION
11

12   UNITED STATES OF AMERICA *ex*        No. 2:23-CV-06727-JLS (MARx)
     *rel.* **[UNDER SEAL]**,
13                                         NOTICE OF ELECTION BY THE
                Plaintiff[s],              UNITED STATES TO DECLINE
14                                         INTERVENTION AND REQUEST FOR
                v.                         UNSEALING OF CASE
15
     **[UNDER SEAL]**,                     **[FILED UNDER SEAL PURSUANT
16                                         TO THE FALSE CLAIMS ACT, 31
                Defendant[s].              U.S.C. §§ 3730(b)(2) AND (3)]**
17
                                           [LODGED CONCURRENTLY UNDER
18                                         SEAL: [PROPOSED] ORDER]

19

20

21

22

23

24

25

26

27

28

**FILED**
CLERK, U.S. DISTRICT COURT

10/20/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ gga _____ DEPUTY

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 79 of 132    Page ID
Case 2:23-cv-06727-JLS-MAR    Document 18    Filed 10/20/23    Page 2 of 5    Page ID
#:534
#:534

1  E. MARTIN ESTRADA
2  United States Attorney
   DAVID M. HARRIS, AUSA
3  Chief, Civil Division
   ROSS M. CUFF, AUSA
4  Chief, Civil Fraud Section
   KAREN Y. PAIK (Cal. Bar No. 288851)
5  Assistant United States Attorney
           Room 7516, Federal Building
6          300 N. Los Angeles Street
           Los Angeles, California 90012
7          T: 213.894.8561 | F: 213.894.7819
           Email: Karen.Paik@usdoj.gov
8
   Attorneys for the United States of America
9
10                UNITED STATES DISTRICT COURT

11    FOR THE CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION

12  UNITED STATES OF AMERICA *ex*          No. 2:23-CV-06727-JLS (MARx)
    *rel.* CARL GORDON,
13                                         NOTICE OF ELECTION BY THE
              Plaintiffs,                  UNITED STATES TO DECLINE
14                                         INTERVENTION AND REQUEST FOR
              v.                           UNSEALING OF CASE
15
    GAVIN NEWSOM, Governor of              **[FILED UNDER SEAL PURSUANT
16  California; ELENI KOUNALAKIS,          TO THE FALSE CLAIMS ACT, 31
    Lieutenant Governor of California;     U.S.C. §§ 3730(b)(2) AND (3)]**
17  ROB BONTA, Attorney General of
    California; SHIRLEY N. WEBER,          [LODGED CONCURRENTLY UNDER
18  Secretary of State of California;      SEAL:  [PROPOSED] ORDER]
    STEVEN J. REYES, Chief Counsel
19  of the Office of the Secretary of State
    of California, and the Office's
20  Outside Counsel, KEVIN CALIA,
    Partner in Boersch & Illovsky LLP;
21  JAMES PATRICK ARGUELLES,
    Sacramento Superior Court Judge;
22  DEFENDANT SUED IN THEIR
    INDIVIDUAL CAPACITIES; THE
23  CALIFORNIA ASSOCIATION OF
    CLERKS AND ELECTION
24  OFFICIALS; THE CALIFORNIA
    DEMOCRATIC PARTY; THE
25  DEMOCRATIC GOVERNORS
    ASSOCIATION; and DOES 1
26  THROUGH 10,

27            Defendant.

28

Pursuant to the federal False Claims Act, 31 U.S.C. § 3730(b)(4)(B), the United States of America ("United States") notifies the Court of its decision not to intervene in the above-captioned action ("this action").

Pursuant to 31 U.S.C. § 3730(c)(3), the United States requests that all pleadings filed in this action be served upon the United States; the United States also requests that orders issued by the Court in this action be sent to the United States' counsel. The United States reserves its right to order any deposition transcripts, to intervene in this action, for good cause, at a later date, and to seek the dismissal of this action or any claims therein. The United States also requests that it be served with all notices of appeal in this action.

Additionally, the United States notes that neither the general *pro se* provision, 28 U.S.C. § 1654, nor the False Claims Act, 31 U.S.C. §3729-3733, authorizes a *qui tam* relator to proceed *pro se* when acting on behalf of the United States. *See Stoner v. Santa Clara Office of Educ.*, 502 F.3d 1116, 1126-28 (9th Cir. 2007); *see also United States ex rel. Mergent Servs., Inc. v. Flaherty*, 540 F.3d 89, 93-94 (2d Cir. 2008) (citing, *inter alia*, 28 U.S.C. § 1654 and *Stoner*, 502 F.3d at 1126-28) ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*. [¶] Our holding is in accord with all of the other circuits [including the Ninth Circuit] that have considered the issue."). Accordingly, binding precedent in the Ninth Circuit forecloses a relator from proceeding *pro se*. *See Stoner,* 502 F.3d at 1126-28.

Further, relator has named several state agencies and officials as defendants in this action; however, such entities cannot be sued by a relator under the False Claims Act. The statutory term "person" in the False Claims Act does not include states, their agencies, or state official performing their duties for purposes of *qui tam* liability. *Vermont Agency of Nat. Resources v. United States ex rel. Stevens*, 529 U.S. 765, 787-788 (2000) ("We hold that a private individual has standing to bring suit in federal court on behalf of the United States under the False Claims Act, 31 U.S.C. §§ 3729-3733, but

1

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 81 of 132    Page ID
Case 2:23-cv-06727-JLS-MAR    Document 42    Filed 10/20/23    Page 4 of 5    Page ID
#:1892
#:536

that the False Claims Act does not subject a State (or state agency) to liability in such

actions."); *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) ("If sued in an

individual capacity, defendants are similarly absolutely immune for conduct during

performance of official duties").

     Finally, the United States requests that the relator's Complaint, this Notice, and

the accompanying proposed Order be unsealed.

     A proposed order is lodged concurrently herewith.

DATED: October 20, 2023        Respectfully submitted,

                    E. MARTIN ESTRADA
                    United States Attorney
                    DAVID M. HARRIS, AUSA
                    Chief, Civil Division
                    ROSS M. CUFF, AUSA
                    Chief, Civil Fraud Section

                    KAREN Y. PAIK
                    Assistant United States Attorney

                    Attorneys for the United States
                    of America

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 82 of 132    Page ID
Case 2:23-cv-06727-JLS-MAR    Document #:1283    Filed 10/20/23    Page 5 of 5    Page ID
#:537

## PROOF OF SERVICE BY U.S. MAIL

I am over the age of 18 and not a party to the above-captioned action.  I am employed by the Office of United States Attorney, Central District of California.  My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

On October 20, 2023, I served the **NOTICE OF ELECTION BY THE UNITED STATES TO DECLINE INTERVENTION AND REQUEST UNSEALING OF CASE** on each person or entity named below by U.S. mail.

Person(s) and/or Entity(s) to whom mailed:

CARL GORDON, IN PRO PER
University of the 'Hood
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 20, 2023, at Los Angeles, California.

CONNIE HOM

# EXHIBIT G

Order Lifting Seal (Dkt. 30), Staton, J.

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION

10

11

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CARL GORDON,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, Governor of California; ELENI KOUNALAKIS, Lieutenant Governor of California; ROB BONTA, Attorney General of California; SHIRLEY N. WEBER, Secretary of State of California; STEVEN J. REYES, Chief Counsel of the Office of the Secretary of State of California, and the Office's Outside Counsel, KEVIN CALIA, Partner in Boersch & Illovsky LLP; JAMES PATRICK ARGUELLES, Sacramento Superior Court Judge; DEFENDANT SUED IN THEIR INDIVIDUAL CAPACITIES; THE CALIFORNIA ASSOCIATION OF CLERKS AND ELECTION OFFICIALS; THE CALIFORNIA DEMOCRATIC PARTY; THE DEMOCRATIC GOVERNORS ASSOCIATION; and DOES 1 THROUGH 10,<br><br>Defendant. | No. 2:23-CV-06727-JLS (MARx)<br><br>ORDER RE ELECTION BY THE UNITED STATES TO DECLINE INTERVENTION AND REQUEST FOR UNSEALING OF CASE |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 85 of 132    Page ID
Case 2:23-cv-06727-JLS-MAR    Document 18    Filed 10/30/23    Page 2 of 2    Page ID
#:543
#:806

The United States of America ("United States") having declined to intervene in the above-captioned action ("this action") pursuant to 31 U.S.C. § 3730(b)(4)(B), and the United States having requested the unsealing of the case, the Court now orders as follows:

IT IS ORDERED that:

1.     The seal is lifted from this action in all respects;

2.     The Complaint, this Order and the Notice of Election by the United States to Decline Intervention and Request for Unsealing of Case are all unsealed;

3.     The seal is lifted as to all papers and records filed or lodged in this action after the date of this Order;

4.     The parties shall serve all pleadings, notices, motions, orders, and other papers hereafter filed or lodged in this action, including supporting memoranda and any notice of appeal, upon the United States as provided for in 31 U.S.C. § 3730(c)(3).

IT IS SO ORDERED.

Dated: October 30, 2023

_____
HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

1

# EXHIBIT H

Request For Recusal of Rocconi With Affidavit (Dkt. 13 and 14)

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 87 of 132    Page ID
#:1818
Case 2:23-cv-06727-JLS-MAR    Document 13    Filed 08/22/23    Page 1 of 5    Page ID
#:406

1

**CARL GORDON**
**UNIVERSITY OF THE 'HOOD®**

2

8306 Wilshire Blvd., No. 792, Beverly Hills, CA 90211

3

Tel. (310) 289-8057/(310) 926-3939

4

Email: universityofthehood@gmail.com
Pro se Plaintiff/Relator: Carl Gordon



**FILED**
CLERK, U.S. DISTRICT COURT

**AUG 22 2023**

CENTRAL DISTRICT OF CALIFORNIA
BY: ___rsm___ DEPUTY

5

6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

7

8

9

The United States of America
 ex rel. CARL GORDON,

10

11

Plaintiff,

12

v.

13

Gavin Newsom, governor of California;

14

Eleni Kounalakis, lieutenant governor of
California; Rob Bonta, attorney general of

15

California; Shirley N. Weber, secretary of
state of California; Steven J. Reyes, chief

16

counsel of the Office of the Secretary of

17

State of California, and the office's

18

outside counsel, Kevin Calia, partner in

19

Boersch & Illovsky LLP; James Patrick
Arguelles, Sacramento Superior Court

20

Judge; Defendant sued in their individual

21

capacities; the California Association of
Clerks and Election Officials; the

22

California Democratic Party; the

23

Democratic Governors Association; and

24

DOES 1 through 10,

25

Defendants.

26

27

28

Honorable Josephine L. Staton
Case No.: **2:23−cv−06727−JLS−MAR
*SEALED***

**FILED IN CAMERA UNDER
SEAL PURSUANT TO FALSE
CLAIMS ACT, 31 U.S.C. §§ 3729-
30**

**RELATOR'S REQUEST FOR
RECUSAL UNDER 29 C.F.R. §
2200.68(c), THAT HON. U.S.
MAGISTRATE JUDGE
MARGO A. ROCCONI TO BE
RECUSED FROM THIS FCA
ACTION. CONCURRENTLY
FILED WITH AN AFFIDAVIT**

United States Courthouse
350 West First Street, 8th
Floor Los Angeles, CA
90012 Courtroom 8A

RELATOR'S REQUEST FOR RECUSAL UNDER 29 C.F.R. § 2200.68(C) 1

## INTRODUCTION

Plaintiff/Relator and pro se litigant, Carl Gordon ("Gordon" or "Relator"), filed this *qui tam* Federal False Claims Act case ("FCA") action under 31 U.S.C. §§ 3729-3733 on behalf of the United States of America ("Government") on August 16, 2023. The Hon. Josephine L. Staton, U.S. District Judge ("Staton"), and U.S. Magistrate Judge Margo A. Rocconi ("Rocconi"), were assigned to this FCA case. This case was filed under seal.

On August 18, 2023, at 11:31 a.m., Relator mistakenly and inadvertently filed a request to have Hon. André Birotte Jr., U.S. District Judge ("Birotte"), and U.S. Magistrate Judge Margo A. Rocconi recuse themselves *sua sponte* under 28 U.S. Code § 455, under the erroneous case number CV23-6727-AB-(MARx).

On August 18, 2023, at 2:55 p.m., Relator received a set of emails from Estrella Liberato, U.S. District Court Deputy Clerk, and case coordinator, informing Gordon through the "NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES" (Dkt.8) that Judges Staton and Rocconi were assigned to this case, along with the correct case number 2:23-cv-06727-JLS-MAR SEALED. In Gordon's mistaken belief that Birotte was the judge assigned to this case, he mistakenly filed a recusal request directed to Birotte and Rocconi, asking them to recuse themselves *sua sponte*. Gordon sincerely apologizes for this mistake and any inconvenience it may have caused. However, the correction is as follows:

Rocconi is one of the central figure in a pending appeal in *Carl Gordon v. Gavin Newsom, et al.*, Case No.: 22-55640 before the United States Court of Appeals for the Ninth Circuit, which was docketed on June 1, 2022. The case is on appeal from the U.S. District Court for Central California, Los Angeles, ("CDCA") in the matter of *Carl Gordon v. Gavin Newsom, et al.*, 2:21-cv-7270-FMO (MAR), (C.D. Cal. Sept. 9, 2021), presided over by U.S. District Judge the

Case 2:25-cv-04705-AB-SSC     Document 36     Filed 01/13/26     Page 89 of 132     Page ID
#:1820
Case 2:23-cv-06727-JLS-MAR     Document 13     Filed 08/22/23     Page 3 of 5     Page ID
#:408

Honorable Fernando M. Olguin. Rocconi, who served as the referring U.S. Magistrate Judge, substantially contributed to the initiation of the pending Court of Appeals case.

Rocconi's egregious judicial misconduct, including partiality towards defendants and prejudice against Gordon, as well as the approximately 55 similarly situated former 2021 gubernatorial recall replacement candidates and the 22 million registered voters who were deprived of a free and fair electoral process for the 2021 California Gubernatorial Recall election, among other issues, played a significant role in giving rise not only to the appeal of her erroneous Report and Recommendation ("R&R") issued by Rocconi issued entered on May 2, 2022, but also contributed to the delayed timing of this instant False Claims Act action.

In accordance with 29 CFR § 2200.68 - Recusal of the Judge (c) Request for Recusal which states:

> Any party may request that the Judge, at any time following the Judge's designation and before the filing of a decision, be recused under paragraph (a) or (b) of this section or both by filing with the Judge, promptly upon the discovery of the alleged facts, an affidavit setting forth in detail the matters alleged to constitute grounds for recusal.

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 90 of 132    Page ID
#:1821
Case 2:23-cv-06727-JLS-MAR    Document 13    Filed 08/22/23    Page 4 of 5    Page ID
#:409

Rocconi held the position of deputy federal public defender attorney, with the Government representing multiple plaintiffs in a capital death penalty cases where Gov. Gavin Newsom was among the defendants. Rocconi and Gov. Newsom shared a profound commitment as ardent abolitionists of the death penalty. They were deeply aligned and emotionally invested in the cause, having collaboratively established a moratorium stipulation on executions in California with aspirations to completely eliminate capital punishment.

Given this intimate alignment and shared purpose, it becomes evident that Rocconi should have recused herself from the case. However, contrary to these facts, she remained involved. This decision ultimately led to irreparable harm inflicted upon Gordon, as Rocconi's bias and favoritism became apparent.

In that case, Rocconi's failure to recuse herself raises concerns about her impartiality and objectivity. Her close relationship with the Gov. Newsom, rooted in a shared commitment to the abolition of the death penalty, compromises the integrity of her role as a judge in the case. This connection taints her ability to provide unbiased rulings and casts doubt on the fairness of the proceedings.

To ensure an equitable legal process, it was crucial for Rocconi to maintain impartiality and avoid any appearance of bias. Rocconi's failure to recuse herself undoubtedly resulted in prejudice and partiality that violated Gordon's constitutional rights.

Furthermore, Rocconi failed to disqualify herself because of her inability to be impartial, all in violation of 28 U.S. Code § 455. The duty was raised in Gordon's opening brief, resulting in, *inter alia*, Rocconi's abuse of discretion as the magistrate judge.

Rocconi knew or should have known she had a duty to disqualify herself, in

RELATOR'S REQUEST FOR RECUSAL UNDER 29 C.F.R. § 2200.68(C) 4

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 91 of 132    Page ID
#:1822
Case 2:23-cv-06727-JLS-MAR    Document 13    Filed 08/22/23    Page 5 of 5    Page ID
#:410

accordance with the code of conduct for federal judges, which includes the

ethical canons that apply to judges:

> 28 U.S. Code § 455 – Disqualification of justice, judge, or magistrate judge U.S. Code (a)
> Any justice, judge, or magistrate judge of the United States shall disqualify himself or
> herself in any proceeding in which her or his impartiality might reasonably be questioned.
> (b)He shall also disqualify himself in the following circumstances: (1)Where he has a
> personal bias or prejudice concerning a party, or personal knowledge of disputed
> evidentiary facts concerning the proceeding...

DATED: August 22, 2023                    Respectfully Submitted,

                                          *Carl Gordon*

                                          By_____
                                             CARL GORDON,
                                             PRO SE GORDON/RELATOR

Accordingly, if it pleases the court, the Relator directs the Court's attention to the

attached affidavit in support of the allegations and the reasons for the recusal of

the Rocconi from this instant Federal False Claims Act action.


**AFFIDAVIT IN SUPPORT TO RECUSE
U.S. MAGISTRATE JUDGE MARGO A. ROCCONI
FROM THIS INSTANT FEDERAL FALSE CLAIMS ACT ACTION**


RELATOR'S REQUEST FOR RECUSAL UNDER 29 C.F.R. § 2200.68(C) 5

CARL GORDON
**UNIVERSITY OF THE 'HOOD®**
8306 Wilshire Blvd., No. 792, Beverly Hills, CA 90211
Tel. (310) 289-8057/(310) 926-3939
Email: universityofthehood@gmail.com
Pro se Plaintiff/Relator: Carl Gordon

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

The United States of America
 ex rel. CARL GORDON,

             Plaintiff,

v.

Gavin Newsom, governor of California;
Eleni Kounalakis, lieutenant governor of
California; Rob Bonta, attorney general of
California; Shirley N. Weber, secretary of
state of California; Steven J. Reyes, chief
counsel of the Office of the Secretary of
State of California, and the office's
outside counsel, Kevin Calia, partner in
Boersch & Illovsky LLP; James Patrick
Arguelles, Sacramento Superior Court
Judge; Defendant sued in their individual
capacities; the California Association of
Clerks and Election Officials; the
California Democratic Party; the
Democratic Governors Association; and
DOES 1 through 10,

             Defendants.

Honorable Josephine L. Staton
Case No.: **2:23−cv−06727−JLS−MAR
*SEALED***

**FILED IN CAMERA UNDER
SEAL PURSUANT TO FALSE
CLAIMS ACT, 31 U.S.C. §§ 3729-
30**

**RELATOR'S REQUEST FOR
RECUSAL UNDER 29 C.F.R. §
2200.68(c), THAT HON. U.S.
MAGISTRATE JUDGE
MARGO A. ROCCONI TO BE
RECUSED FROM THIS FCA
ACTION. CONCURRENTLY
FILED WITH AN AFFIDAVIT**

United States Courthouse
350 West First Street, 8th
Floor Los Angeles, CA
90012 Courtroom 8A

RELATOR'S REQUEST FOR RECUSAL UNDER 29 C.F.R. § 2200.68(C) 1

## **INTRODUCTION**

Plaintiff/Relator and pro se litigant, Carl Gordon ("Gordon" or "Relator"), filed this *qui tam* Federal False Claims Act case ("FCA") action under 31 U.S.C. §§ 3729-3733 on behalf of the United States of America ("Government") on August 16, 2023. The Hon. Josephine L. Staton, U.S. District Judge ("Staton"), and U.S. Magistrate Judge Margo A. Rocconi ("Rocconi"), were assigned to this FCA case. This case was filed under seal.

On August 18, 2023, at 11:31 a.m., Relator mistakenly and inadvertently filed a request to have Hon. André Birotte Jr., U.S. District Judge ("Birotte"), and U.S. Magistrate Judge Margo A. Rocconi recuse themselves *sua sponte* under 28 U.S. Code § 455, under the erroneous case number CV23-6727-AB-(MARx).

On August 18, 2023, at 2:55 p.m., Relator received a set of emails from Estrella Liberato, U.S. District Court Deputy Clerk, and case coordinator, informing Gordon through the "NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES" (Dkt.8) that Judges Staton and Rocconi were assigned to this case, along with the correct case number 2:23-cv-06727-JLS-MAR SEALED. In Gordon's mistaken belief that Birotte was the judge assigned to this case, he mistakenly filed a recusal request directed to Birotte and Rocconi, asking them to recuse themselves *sua sponte*. Gordon sincerely apologizes for this mistake and any inconvenience it may have caused. However, the correction is as follows:

Rocconi is one of the central figure in a pending appeal in *Carl Gordon v. Gavin Newsom, et al.*, Case No.: 22-55640 before the United States Court of Appeals for the Ninth Circuit, which was docketed on June 1, 2022. The case is on appeal from the U.S. District Court for Central California, Los Angeles, ("CDCA") in the matter of *Carl Gordon v. Gavin Newsom, et al.*, 2:21-cv-7270-FMO (MAR), (C.D. Cal. Sept. 9, 2021), presided over by U.S. District Judge the

Honorable Fernando M. Olguin. Rocconi, who served as the referring U.S. Magistrate Judge, substantially contributed to the initiation of the pending Court of Appeals case.

Rocconi's egregious judicial misconduct, including partiality towards defendants and prejudice against Gordon, as well as the approximately 55 similarly situated former 2021 gubernatorial recall replacement candidates and the 22 million registered voters who were deprived of a free and fair electoral process for the 2021 California Gubernatorial Recall election, among other issues, played a significant role in giving rise not only to the appeal of her erroneous Report and Recommendation ("R&R") issued by Rocconi issued entered on May 2, 2022, but also contributed to the delayed timing of this instant False Claims Act action.

In accordance with 29 CFR § 2200.68 - Recusal of the Judge (c) Request for Recusal which states:

Any party may request that the Judge, at any time following the Judge's designation and before the filing of a decision, be recused under paragraph (a) or (b) of this section or both by filing with the Judge, promptly upon the discovery of the alleged facts, an affidavit setting forth in detail the matters alleged to constitute grounds for recusal.

Rocconi held the position of deputy federal public defender attorney, with the Government representing multiple plaintiffs in a capital death penalty cases where Gov. Gavin Newsom was among the defendants. Rocconi and Gov. Newsom shared a profound commitment as ardent abolitionists of the death penalty. They were deeply aligned and emotionally invested in the cause, having collaboratively established a moratorium stipulation on executions in California with aspirations to completely eliminate capital punishment.

Given this intimate alignment and shared purpose, it becomes evident that Rocconi should have recused herself from the case. However, contrary to these facts, she remained involved. This decision ultimately led to irreparable harm inflicted upon Gordon, as Rocconi's bias and favoritism became apparent.

In that case, Rocconi's failure to recuse herself raises concerns about her impartiality and objectivity. Her close relationship with the Gov. Newsom, rooted in a shared commitment to the abolition of the death penalty, compromises the integrity of her role as a judge in the case. This connection taints her ability to provide unbiased rulings and casts doubt on the fairness of the proceedings.

To ensure an equitable legal process, it was crucial for Rocconi to maintain impartiality and avoid any appearance of bias. Rocconi's failure to recuse herself undoubtedly resulted in prejudice and partiality that violated Gordon's constitutional rights.

Furthermore, Rocconi failed to disqualify herself because of her inability to be impartial, all in violation of 28 U.S. Code § 455. The duty was raised in Gordon's opening brief, resulting in, *inter alia*, Rocconi's abuse of discretion as the magistrate judge.

Rocconi knew or should have known she had a duty to disqualify herself, in

accordance with the code of conduct for federal judges, which includes the

ethical canons that apply to judges:

> 28 U.S. Code § 455 – Disqualification of justice, judge, or magistrate judge U.S. Code (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself or herself in any proceeding in which her or his impartiality might reasonably be questioned. (b)He shall also disqualify himself in the following circumstances: (1)Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding...

DATED: August 22, 2023                              Respectfully Submitted,

*Carl Gordon*

By_____
          CARL GORDON,
     PRO SE GORDON/RELATOR

Accordingly, if it pleases the court, the Relator directs the Court's attention to the

attached affidavit in support of the allegations and the reasons for the recusal of

the Rocconi from this instant Federal False Claims Act action.

## AFFIDAVIT IN SUPPORT TO RECUSE
## U.S. MAGISTRATE JUDGE MARGO A. ROCCONI
## FROM THIS INSTANT FEDERAL FALSE CLAIMS ACT ACTION

**CARL GORDON**
**UNIVERSITY OF THE 'HOOD®**
8306 Wilshire Blvd., No. 792, Beverly Hills, CA 90211
Tel. (310) 289-8057/(310) 926-3939
Email: universityofthehood@gmail.com
Pro se Plaintiff/Relator: Carl Gordon

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| The United States of America ex rel. CARL GORDON,<br><br>                Plaintiff,<br><br>v.<br><br>Gavin Newsom, governor of California; Eleni Kounalakis, lieutenant governor of California; Rob Bonta, attorney general of California; Shirley N. Weber, secretary of state of California; Steven J. Reyes, chief counsel of the Office of the Secretary of State of California, and the office's outside counsel, Kevin Calia, partner in Boersch & Illovsky LLP; James Patrick Arguelles, Sacramento Superior Court Judge; Defendant sued in their individual capacities; the California Association of Clerks and Election Officials; the California Democratic Party; the Democratic Governors Association; and DOES 1 through 10,<br><br>                Defendants. | Honorable Josephine L. Staton<br>Case No.: **2:23−cv−06727−JLS−MAR \*SEALED\***<br><br>**FILED IN CAMERA UNDER SEAL PURSUANT TO FALSE CLAIMS ACT, 31 U.S.C. §§ 3729-30**<br><br>**RELATOR'S AFFIDAVIT IN SUPPORT OF RECUSING U.S. MAGISTRATE JUDGE MARGO A. ROCCONI FROM THIS INSTANT FEDERAL FCA**<br><br>United States Courthouse 350 West First Street, 8th Floor Los Angeles, CA 90012 Courtroom 8A |

RELATOR'S REQUEST FOR RECUSAL OF ROCCONI AFFIDAVIT 1

**RELATOR'S AFFIDAVIT IN SUPPORT OF RECUSING U.S. MAGISTRATE JUDGE MARGO A. ROCCONI FROM THIS INSTANT FEDERAL FCA**

On August 16, 2023, Plaintiff/Relator and pro se litigant, Carl Gordon ("Gordon" or "Relator"), filed this *qui tam* Federal False Claims Act ("FCA") action under 31 U.S.C. §§ 3729-3733 on behalf of the United States of America ("Government").

On August 18, 2023, Relator received an email from Estrella Liberato, U.S. District Court Deputy Clerk, informing Relator through the "NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES" that the Hon. Josephine L. Staton, U.S. District Judge ("Staton"), and U.S. Magistrate Judge Margo A. Rocconi ("Rocconi"), were assigned to this instant FCA action case seal under case number 2:23-cv-06727-JLS-MAR SEALED.

Rocconi is one of the central figures in a pending appeal in *Carl Gordon v. Gavin Newsom, et al.*, Case No.: 22-55640 before the United States Court of Appeals for the Ninth Circuit, which was docketed on June 1, 2022. The case is on appeal from the U.S. District Court for Central California, Los Angeles, ("CDCA") in the matter of *Carl Gordon v. Gavin Newsom, et al.*, 2:21-cv-7270-FMO (MAR), (C.D. Cal. Sept. 9, 2021), presided over by U.S. District Judge Hon. Fernando M. Olguin, while Rocconi was the Magistrate Judge in the case. Rocconi's judicial misconduct contributed to the initiation of the Appeals case.

Rocconi's flagrant judicial misconduct was evident through her noticeable bias favoring defendant Governor Gavin Newsom ("Newsom") and her clear prejudice against Gordon, a whistleblower and a quasi-surrogate representing approximately 55 similarly situated former gubernatorial recall replacement candidates, as well as the 22 million registered California voters who were denied a free and fair electoral process for the 2021 California Gubernatorial Recall

election—an electoral process Rocconi was solemnly duty-bound to safeguard[1] or at least adjudicate in favor of voters if there were no fair elections.

## MARGO ROCCONI APPOINTED AS U.S. MAGISTRATE JUDGE

Rocconi held the position of deputy federal public defender attorney[2], with the Government representing multiple plaintiffs in capital death penalty cases where Gov. Gavin Newsom was among one of the defendants. Rocconi and Gov. Newsom shared a profound commitment as ardent abolitionists of the death penalty. They were deeply aligned and emotionally invested in the cause, having collaboratively established a moratorium stipulation on executions in California with aspirations to completely eliminate capital punishment.

---

[1] See *Amador Valley Joint Union High Sch. Dist. v. State Bd. of Equalization*, 583 P.2d 1281, 1302 (Cal. 1978) ("[I]t is our solemn duty 'to jealously guard' the initiative power, it being 'one of the most precious rights of our democratic process.'" (quoting *Associated Home Builders of the Greater E. Bay, Inc. v. City of Livermore*, 557 P.2d 473, 477 (Cal. 1976))). A Modal Approach to California's Proposition 66 Winter 2-1-2020

https://digitalcommons.lmu.edu/cgi/viewcontent.cgi?article=3073&context=llr by the Law Reviews at Digital Commons @ Loyola Marymount University and Loyola Law School.

[2] **Margo Rocconi Appointed as United States Magistrate Judge Posted by Federal Public Defender on March 19, 2021 in Press & Internal News,** We are excited to announce that the Chief of our Capital Habeas Unit, Margo Rocconi, has been appointed as a United States Magistrate Judge for the Central District of California. Below is the official District Court press release.

The United States District Court for the Central District of California announces the appointment of Margo A. Rocconi as a United States Magistrate Judge. Judge Rocconi, who was sworn in on March 19, 2021, will sit in Los Angeles, the Court's Western Division. Judge Rocconi succeeds former Magistrate Judge Patrick J. Walsh. Before her appointment as a Magistrate Judge, Judge Rocconi served for over 25 years with distinction as a Deputy Federal Public Defender in the Central District of California. She was the first lawyer hired to staff the Central District's Capital Habeas Unit in 1995, which opened in 1996 and is now the second largest Capital Habeas Unit in the country. Judge Rocconi became a supervising deputy in 2006. For the past six years, she served as Chief of the Capital Habeas Unit. Her experience includes capital and non-capital habeas litigation and appeals, and some criminal trial work. She also chaired the Capital Habeas Attorney Panel Advisory Committee. She served as the training chief for the Capital Habeas Unit and the panel, and has trained lawyers nationally, most recently on the effects of Proposition 66, capital clemency, litigation under execution warrant, and mediation and settlement of capital cases... https://fpdcdca.org/blog/margo-rocconi-appointed-as-united-states-magistrate-judge/

Given this intimate alignment and shared purpose, with Newsom serving as the Governor of the state of California, it should have been evident to Rocconi that she needed to recuse herself from the case of *Carl Gordon v. Gavin Newsom, et al.,* upon receiving the NOTICE OF JUDGE ASSIGNMENT AND REFERENCE TO A UNITED STATES MAGISTRATE JUDGE on September 10, 2021, as detailed in Docket No. 3 (Entered: 09/10/2021) below. However, contrary to her mandatory duty in 28 U.S. Code § 455, stating:

> 28 U.S. Code § 455 – Disqualification of justice, judge, or magistrate judge U.S. Code (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself or herself in any proceeding in which her or his impartiality might reasonably be questioned. (b)He shall also disqualify himself in the following circumstances: (1)Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding...

Rocconi remained involved. This decision ultimately led to irreparable harm inflicted upon Gordon, as Rocconi's bias and favoritism became apparent.

In that case, Rocconi's failure to recuse herself raises concerns about her impartiality and objectivity. Her close relationship with Newsom, rooted in a shared commitment to the abolition of the death penalty, compromises the integrity of her role as a judge in the case. This connection taints her ability to provide unbiased rulings and casts doubt on the fairness of the proceedings.

To ensure an equitable legal process, it was crucial for Rocconi to maintain impartiality and avoid any appearance of bias. Rocconi's failure to recuse herself undoubtedly resulted in prejudice and partiality that violated Gordon's rights of "due process" guaranteed under the Fifth Amendment of the United States Constitution.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | CASE NUMBER: |
|---|---|
| CARL GORDON | |
| PLAINTIFF(S) | 2:21-cv-07270-FMO-MAR |
| v. | |
| GAVIN NEWSOM , et al. | |
| DEFENDANT(S). | **NOTICE OF JUDGE ASSIGNMENT AND REFERENCE TO A UNITED STATES MAGISTRATE JUDGE** |

This case has been assigned to the calendar of the Honorable ___Judge Fernando M. Olguin___ U. S. District Judge, and referred to U. S. Magistrate Judge ___Margo A. Rocconi___, who is authorized to consider preliminary matters and conduct all further hearings as may be appropriate or necessary. Thereafter, unless the Magistrate Judge determines that a trial is required, the Magistrate Judge shall prepare and file a report and recommendation regarding the disposition of this case, which may include proposed findings of fact, conclusions of law, and proposed written order or judgment, which shall be served on all parties.  If the Magistrate Judge concludes that a trial is required, the Magistrate Judge shall so report to the District Judge.

Pursuant to Local Rule 5-4.1, all subsequent documents in this case must be filed electronically, unless exempted by Local Rule 5-4.2. Documents exempt from electronic filing pursuant to Local Rule 5-4.2(b), or presented by filer exempt from electronic filing pursuant to Local Rule 5-4.2(a), must be filed with the Clerk in paper at the following location:

Western Division
255 East Temple Street, Suite TS-134
Los Angeles, CA 90012

Please note that, pursuant to Local Rule 83-2.5, all matters must be called to the judge's attention by appropriate application or motion filed in compliance with the Court's Local Rules. Parties are not permitted to write letters to the judge.

Local Rule 83-2.4 requires that the Court must be notified within five (5) days of any address change. If mail directed by the clerk to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writting within five (5) days thereafter of your current address, the Court may dismiss the petition, with or without prejudice, for want of prosecution.

Clerk, U.S. District Court

_September 10, 2021_
Date

By  _/s/ Luz Hernandez_
    Deputy Clerk

**NOTICE TO COUNSEL / PRO SE LITIGANT**

*The party who filed the case-initiating document in this case must serve a copy of this Notice*
*on all parties served with the case-initiating document.*

CV-25 (05/18)        NOTICE OF JUDGE ASSIGNMENT AND REFERENCE TO A UNITED STATES MAGISTRATE JUDGE

RELATOR'S REQUEST FOR RECUSAL OF ROCCONI AFFIDAVIT 5

Furthermore, as noted, Rocconi's failure to disqualify herself due to her inability to be impartial violated 28 U.S. Code § 455. In Gordon's opening brief, among other things, Rocconi's duty under U.S. Code § 455 and her failure to adhere to the law were raised. This highlighted Rocconi's abuse of discretion as the magistrate judge in the lower court. However, it is but one of many incidents of abuse of discretion and perhaps intentional violations of federal law to cover up egregious judicial misconduct.

Rocconi knew or should have known that she had to disqualify herself from the case in accordance with the code of conduct for federal judges, *which includes the ethical canons applying to judges: 28 U.S. Code § 455 – Disqualification of Justice, Judge, or Magistrate Judge, U.S. Code (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned.* However, her personal agenda overrode her judicial responsibilities, resulting in irreparable harm to Gordon and to the 22 million California registered voters.

Rocconi and Newsom had a decades-long professional relationship, and are strategic partners in the deeply personal and emotional fight for the abolition of state sanctioned capital punishment in the state of California and beyond. On August 14, 2020, Rocconi, as a deputy federal public defender, and the attorneys for Plaintiffs Cain, Cummings, Fairbank, Payton, Pinholster, and Visciotti in **U.S. District Court for the Northern District of California cases 3:06-cv-00219-RS, No. C-06-cv-00926-RS Document 757, filed 08/14/20, page 2 of 5 and page 4 of 5**, entered into a stipulation covering, inter alia, the following:

> ... by and between Plaintiffs, and Defendants, who are Governor Gavin Newsom, Secretary of the California Department of Corrections and Rehabilitation (CDCR) Ralph Diaz, and San Quentin State Prison Warden Ronald Davis, by and through their respective attorneys of record that: 1. On March 13, 2019, Governor Gavin Newsom

issued Executive Order N-09-19. As a result, executions cannot be carried out in California while the Executive Order remains in effect. (Emphasis added.)

The above stipulation was entered into by allies Newsom and Rocconi on August 14, 2020, only seven months before Rocconi was sworn in as a U.S. Magistrate Judge for the CDCA, on March 19, 2021. Moreover, on September 10, 2021, less than six months after Rocconi's swearing-in, she became the Magistrate Judge, with Newsom as one of the defendants in the *Gordon v. Newsom* 2:21-cv-7270-FMO (MAR) case now before the Ninth Circuit. The mere appearance of partiality is the standard to disqualify oneself as a Magistrate Judge, and surely this set of circumstances meets that criterion. However, Rocconi did not disqualify herself as required by federal law.

Rocconi knew or should have known that as a federal judge, she was subject to ethical canons that impose a duty on her to disqualify herself, in accordance with the code of conduct.

## THE SIGNIFICANCE OF THE 2021 CALIFORNIA GUBERNATORIAL RECALL ELECTION FOR ROCCONI AND NEWSOM

To comprehend the relationship and dynamics between Rocconi and Newsom, one must be privy to the true essence of this case and the stakes involved in the 2021 California gubernatorial recall. The objective was, inter alia, was to retain power in order to safeguard Gov. Newsom's Executive Order N-09-19 and uphold the moratorium on executions. As long as the Executive Order remains in effect, executions cannot be conducted in California.

## IN THE EVENT OF A RECALL FOR THE GOVERNOR

In an ordinary case, the following evidence would be sufficient to prevail on the merits, based solely on the law and the facts. The applicable section of the California Constitution for the 2021 California Gubernatorial Recall Election is as follows.

In June 1976 when Gavin Christopher Newsome was 8 years, California Proposition 14 was a 1976 legislative proposal that received 100 percent bipartisan approval from both chambers. On June 8, 1976, it appeared on the statewide ballot as a proposition for voters to consider. Its primary purpose was to reinforce and modify the recall language in the California Constitution by introducing Cal. Const. art. II § 17. This addition aimed to eliminate potential conflicts of interest and self-dealing involving a sitting governor facing a recall.

Additionally, Cal. Const. art. II § 17 was designed to preempt any conflicts with other sections of the California Constitution, notably Article IV, Section 10, which outlines the governor's responsibility for signing bills into law.

Moreover, Cal. Const. art. II § 17 dovetailed with Article IV, Section 10 by offering a resolution mechanism for such conflicts.

On June 8, 1976, California voters overwhelmingly approved this constitutional amendment. The specific recall language introduced by Proposition 14 is as follows:

**ARTICLE II, SECTION 17**

*In the event of a recall for the Governor or Secretary of State, the Lieutenant Governor or Controller, respectively, shall assume the recall duties of the respective office.*

The Rule of Law dictates that Cal. Const. art. II § 17 must now be applied equally without fear or favor in the U.S. District Court for the Central District of California, Los Angeles ("CDCA"), in the case of *Carl Gordon v. Gavin Newsom, et al.*, Case No.: 2:21-cv-7270-FMO (MAR), (C.D. Cal. Sept. 9, 2021). This principle also applies to the case of *Gordon v. Gavin Newsom, et al.*, Case No.: 22-55640, before the United States Court of Appeals for the Ninth Circuit. Furthermore, it is applicable in the instant Federal False Claim action titled *THE UNITED STATES of AMERICA, et al., Plaintiff(s) v. GAVIN NEWSOM, et al., Defendant(s),* Case No.: 2:23−cv−06727−JLS (MARx).

## ON THE NIGHT OF JUNE 28, 2021 GOV. GAVIN NEWSOM VIOLATED CAL. CONST. ART. II § 17.

On June 28, 2021, at 10:45 p.m., Gov. Newsom, with total disregard for the California Constitution, intentionally without proper constitutional approved, signed into law, and filed (deposited) Senate Bill No. 152 (the recall trailer bill) and Assembly Bill 128 (the Budget Act of 2021) with the secretary of state's office.

After Newsom signed the bills, they were immediately rendered void *ab initio*. "A law repugnant to the Constitution is void."—Chief Justice Marshall (1803).

According to the California Constitution, Article II, § 17, the only individual with the legal authority to enact Senate Bill No. 152 (the recall trailer bill) and Assembly Bill 128 (the Budget Act of 2021) into law was Lt. Gov. Eleni Kounalakis ("Kounalakis"). On June 28, 2021, she deliberately abdicated her constitutional responsibilities.

Kounalakis failed to fulfill her responsibilities by deliberately and knowingly neglecting to sign the bills into law. She failed to exercise her constitutional duty, rendering the two acts approved, signed, and filed by Newsom, and chaptered by Weber, and enforced and defended by Bonta, instantly unconstitutional and void *ab initio*—having no legal effect from inception.

The falsified documents were officially recorded and illicitly[3]  filed with the secretary of state's office. This action directly affected the governor's financial interests, thereby breaching California's Common Law Doctrine Against Conflicts of Interest and the Code of Ethics for elected officials.

Kounalakis knowingly participated in the deceitful 2021 California gubernatorial recall election and the unauthorized utilization of federal funds from the Federal Trust Fund. This led to the unlawful expenditure of federal funds, which were not only misappropriated for the manipulation of the rigged recall election but also used to sustain the California government for the 2021–22 fiscal year, exceeding billions in U.S. taxpayers' money.

The utilization of federal funds to support the manipulated recall election, which was sanctioned and conducted under the unconstitutional recall laws— referred to here as "Newsom's recall laws"—enacted by Newsom without constitutional authority, contravened Cal. Const. art. II § 17. This article explicitly forbids him from engineering his own recall.

Note: Newsom was cautioned and informed about the prohibition in Cal.

---

[3] 115. (a) Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the U.S., is guilty of a felony. (b) Each instrument which is procured or offered to be filed, registered, or recorded in violation of subdivision (a) shall constitute a separate violation of this section.

RELATOR'S REQUEST FOR RECUSAL OF ROCCONI AFFIDAVIT 10

Const. art. II § 17, preventing him from executing any of his duties related to a recall aimed at his governorship, 21 months before he signed two bills into law on June 28, 2021, pertaining to his own recall. Newsom was cautioned again by the California secretary of state's office 60 days before he signed the bogus bills into laws.

Newsom flagrantly violated Article II, Section 17 of the California Constitution, displaying a complete disregard for the rule of law. Consequently, due to the inherently void and unconstitutional status of 'Newsom's recall laws,' all disbursements from the Federal Trust Fund under these two laws were unlawful and effectively constituted illegal expenditures.

## PUBLIC LEGAL FACTS FILED IN GORDON'S DOCUMENTS SUBMITTED TO MAGISTRATE JUDGE ROCCONI THAT WERE NEVER RESPONDED TO OR ADDRESSED IN HER MAY 2, 2022 REPORT AND RECOMMENDATION

The brief overview above presents public legal facts highlighting violations of the California Constitution (Cal. Const. art. II § 17) by Newsom and his co-defendants. These facts were extensively submitted and filed within the documents of the *Carl Gordon v. Gavin Newsom, et al.*, Case No.: 2:21-cv-7270-FMO (MAR) for explicit consideration by Magistrate Judge Rocconi. However, it is notable that none of these pertinent public legal facts were referenced or acknowledged within Rocconi's Report and Recommendation to the Honorable Fernando M. Olguin, the district judge overseeing the case.

**THE FOLLOWING IS AN EXCERPT FROM GORDON'S DECEMBER 23, 2022 INFORMAL REPLY BRIEF AND AN OVERVIEW OF PUBLIC LEGAL FACTS. IT'S AMIE IS TO HIGHLIGHT VIOLATIONS OF GORDON'S CONSTITUTIONAL RIGHTS BY MAGISTRATE JUDGE ROCCONI**

### CONSEQUENCES OF U.S. MAGISTRATE JUDGE ROCCONI'S VIOLATION OF FEDERAL LAW

As a direct result of Rocconi's violation of 28 U.S. Code §§ 455 and 453 and Rocconi's past history of a strong alignment and connection with Newsom's noble cause—the moratorium on capital punishment in California—it appears that Rocconi was incapable of being impartial simply because of her bias in favor of Newsom, the very person with the de facto legal administrative authority responsible for championing her core values on the morality of state-sponsored capital punishment. The timing and circumstances of Gordon's complaint threatened Rocconi and Newsom's mission and therefore resulted in prejudice and bias by Rocconi to protect and defend her core values; the rule of law, fairness, and impartiality were simply collateral damage.

Defendants-Appellees' attorneys conceded these facts in their answering brief by not addressing the legal issues proffered in Gordon's brief (see Docket Entry No. [15], page 30, footnote 12). Violation of Federal Rules of Civil Procedure Rules 15(A)(2) and 15(d)2 and Federal Rules of Evidence Rule 201 and judicial notice of adjudicative facts by Rocconi were abuses of discretion and inflicted irreparable harm to Gordon's case, resulting in deprivation of Gordon's constitutional rights to due process guaranteed under the Fifth Amendment of the United States Constitution. In Gordon's opposition to Defendants-Appellees' motion to dismiss without leave to amend; request for leave to amend pursuant to

Rule 15(a)(2), 15(d)[4] filed February 16, 2022; and the accompanying supporting request of judicial notice pursuant to Fed. R. Evid. Rule 201, Gordon was thwarted when Rocconi deprived Gordon of his constitutional right to due process by effectively denying Gordon an opportunity to amend his complaint and his request of judicial notice of new evidence discovered and events that happened after the filing date of this action on September 9, 2021. (See Case 2:21-cv-07270-FMO-MAR, Document 29, filed 02/16/22, page 6 of 28, page ID #960.)

The denial of the judicial notice and the request to amend the complaint was about a significant credible interaction between Gordon and Inspector General Brianna Schletz of the U.S. Election Assistance Commission (EAC) between December 7 and 10, 2021, regarding inter alia, the Defendants-Appellees' discriminatory alcohol-for-your vote scheme surreptitiously embedded as a one-and-done then repealed provision (see CA Elec Code § 12288 (2020) and Elec. Code, § 1603(c)) (see II. Voting Opportunities page 7 https://bit.ly/3WfoDtC) in the recall bill—Senate Bill No. 152, the Democratic party partisan, preferential,

---

[4] Fed. R. Civ. P. 15(d) – Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

"Burnett v. Dugan, 2011 WL 1002145, at *2 (S.D. Cal. March 21, 2011) (quoting Fed. R. Civ. P. 15(d)) (emphasis in original). "Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed." Cabrera v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir.1998) (citation omitted). In other words, Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that did not exist when the original complaint was initially filed. Eid v. Alaska Airlines, Inc., 621 F.3d 858, 874 (9th Cir.2010) (denying claims which arose from conduct which happened nearly a year before plaintiffs filed their first complaint). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc., 668 F.2d 1014, 1057 (9th Cir.1981); see also Keith v. Volpe, 858 F.2d 467, 473 (9th Cir.1988)

Newsom-specific bill targeting racial minorities—a protected class[5]—and the illegal use of EAC federal funds used in the administration of the recall election. (See Case 22-55640, 10/03/2022, ID 12553997, Docket Entry [15-1], page 42 of 49. See the letter dated December 7, 2021, sent to the EAC and to others exhibit C. Case 2:21-cv-07270-FMO-MAR, Document 21-3, filed 12/28/21, page 2 of 20, page ID #787.) Also see a true and correct certified copy of the EAC Freedom of Information Act response dated September 28, 2022, attached hereto as Exhibit A. See also Case 2:21-cv-07270-FMO-MAR, Document 21, filed 12/28/21, page 1 of 13, page ID #681. **Please refer to the docket to review Exhibit A.**

Plaintiff's Second Request For Additional Time To Oppose Defendants' Dismissal Motion To Enable Plaintiff Time To File An Ex Parte Application For An Order Shortening Time To Hear A Motion To Stay The Proceedings Due To The EAC office of the Inspector General's (OIG) Referral of Plaintiff's federal criminal complaint to the Department of Justice And the FBI pursuant to Inspector General Act § 4(d)[6] on or about December 9, 2021. Simply conduct a word search for "Inspector General Brianna Schletz" in Defendants- Appellees' attorneys' answering brief, and you will find absolutely nothing there on this legal issue. Again, Defendants-Appellees' attorneys conceded these facts in their answering brief by not addressing these legal issues proffered in Gordon's opening brief. The

---

[5] "Protected class" means a class of voters who are members of a race, color, or language minority group, as this class is referenced and defined in the federal Voting Rights Act of 1965 (52 U.S.C. Sec. 10301 et seq.). Intentionally targeting minority with election scams is a federal election crime. [Or when federal funds are used in state elections.] https://www.fbi.gov/scams-and-safety/common-scams-andcrimes/election-crimes-and-security.

[6] OIG investigations are conducted in accordance with the CIGIE Quality Standards for Investigations and Federal law. In conducting investigations, whenever the IG has "reasonable grounds to believe there has been a violation of Federal criminal law," the IG must promptly report the matter to the Department of Justice [IG Act, § 4(d)]. These reports are to be made directly to the Department of Justice without prior clearance by agency officials outside OIG. Source: The Inspectors General https://www.ignet.gov/content/about-igs

devastating consequences of Rocconi's violation of Fed. R. Evid. Rule 201 (denial of the judicial notice) and denial of Gordon's request to amend the complaint under Fed. R. Civ. P. 15(d) resulted in the illegal closing of the door on the federal courthouse not only to Gordon but to 55 or so gubernatorial recall replacement candidates and also to 22 million unsuspecting California registered voters who, for the first time in California history, were fraudulently cheated of a free and fair recall election under California's constitutionally protected people's direct participatory democracy system, in effect since 1911.

Direct participatory democracy in California is sacrosanct. The overwhelming affirmative vote by the people to strengthen the California's Constitution— Article II Voting, Initiative and Referendum, and Recall through Proposition 14 in 1976 is proof positive of that. And it has repeatedly been affirmed and protected by not only the California Supreme Court but also by federal courts.

And in nearly all cases, it has been unanimously upheld by the United States Court of Appeals for the Ninth Circuit, most recently so on November 29, 2022, before a three-judge panel—Circuit Judges Diarmuid F. O'Scannlain ("O'Scannlain"), Paul J. Watford ("Watford"), and Andrew D. Hurwitz ("Hurwitz")—in a unanimous ruling in the matter of A. W. Clark v. Shirley Weber, Case No. 21-56337 D.C. No. 2:21-cv-06558-MWF-KS, addressing Weber's actions as California secretary of state.

A. W. Clark, Plaintiff-Appellant ("Clark") challenged the constitutionality of Section 15 of California Constitution Article II – Voting, Initiative and Referendum, and Recall. Clark's lawsuit failed, but what is paramount and most important here is that Clark's constitutional procedural rights were upheld by the district court and the Ninth Circuit. His case was handled and executed with

judicial precision. Clark was afforded the right to amend his complaint, (to tailor it for the circumstances— that he was injured therefore staving off mootness of the case) which is usually liberally granted by the district court and magistrate judges in this circuit.

Please note that Clark's case originated in the same district court—CDCA— as did Gordon's case in approximately the same time frame, August-September 2021. And each case's core issue centered on the constitutionality of some aspect of the 2021 gubernatorial recall election, with Newsom as the main focus, and on California Constitution Article II – Voting, Initiative and Referendum, and Recall.

However, because of the strong external, overpowering, long-term connection between Newsom and Rocconi, Gordon's case was handled completely differently by Rocconi and Olguin. (With all due respect to the fine men and women judicial officers of the CDCA as exemplified in Clark's case—judicial position—Rocconi's and Olguin's judicial misconduct was a tragic anomaly) Gordon was not granted his multiple request for leave to file an amended complaint, nor was Gordon granted the request for judicial notice in this case.

Clark's and Gordon's cases are fundamentally the same, with a distinction— Clark's challenged the constitutionality of Article II – Section 15, and Gordon's is challenging the constitutionality of Newsom's approving and signing Senate Bill No. 152, Chapter 34—a preferential, discriminatory, and Newsom-specific bill—and the corresponding appropriation Assembly Budget Act 2021, No. 128, Chapter 21, in violation of Article II – Section 17. It is Gordon's understanding of the Ninth Circuit's ruling that Clark challenged the legitimacy and constitutionality of the recall over the violation of his voting rights; he claimed that he was harmed as a result by not having the right to vote affirmatively for Newsom on Question 2 during the recall election on the same recall ballot.

However, Clark was unable to persuade the district court or the Ninth Circuit of the validity of his argument; as a result, he lost on the merits. Again, the importance of Clark's case is the fact that he had the opportunity to present his case on the merits before the district court and Ninth Circuit—fair and square. Gordon did not in the district court. The following are excerpts from Clark's complaint filed August 13, 2021, and his first amended complaint, filed September 9, 2021.

Case 2:21-cv-06558-MWF-KS, Document 1, Filed 08/13/21, Page 1 of 6, Page ID #1 COMPLAINT 8/13/21

THE PARTIES Defendant is the California officer who is charged with conducting and administering the Sept. 14, 2021 recall election.

Case 2:21-cv-06558-MWF-KS, Document 37, Filed 09/09/21, Page 2 of 6, Page ID #289 FIRST AMENDED COMPLAINT 9/9/21

THE PARTIES Defendant is the California officer who is charged with conducting and administering the Sept. 14, 2021 recall election, and who has refused to enforce the one person, one vote requirement and the majority vote requirement.

**IN THE OPINION FOR PUBLICATION, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT IN CASE NO. 21-56337 D.C. NO. 2:21-CV-06558-MWF-KS FILED NOVEMBER 29, 2022**

https://webservices.courthousenews.com/sites/Data/AppellateOpinionUploads/2022-30-11--10-26-17-21-56337.pdf

The following is an excerpt from page 3 of Watford's ruling.

The panel first held that this case was not moot even though the election was completed, and a majority of voters had defeated the effort to remove Governor Newsom from office. Clark adequately alleged a completed injury—namely, his inability to vote for Governor Newsom on question two during the recall election— that was fairly traceable to the California election procedures; and an award of nominal damages would redress that injury. Completion of the recall election could have mooted this action, as Clark's original complaint sought only prospective relief with respect to the September 2021 gubernatorial recall election. But Clark amended his complaint to add a request for nominal damages, which we presume he asserts against defendant Shirley Weber, California's Secretary of State, in her individual capacity. See *Shoshone-Bannock Tribes v. Fish & Game Commission*, 42 F.3d 1278, 1284 (9th Cir. 1994). Clark has adequately alleged a completed injury—namely, his

inability to vote for Governor Newsom on question two during the recall election—that is fairly traceable to the California election procedures he challenges. Because a Page 4 of 8 award of nominal damages would redress that injury, this case is not moot. See *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801–02 (2021)

See the video of the oral arguments in 21-56337 A. Clark v. Shirley Weber before O'Scannlain, Watford, and Hurwitz. At 9:29 in the video, Hurwitz poses the question, "You are not contending that this is moot?"

In the colloquy from 9:29 to 10:07 between Hurwitz and the lawyer, John D. Echeverria ("Echeverria"), appearing for the office of the attorney general, at 9:46 Echeverria concedes the recall case is not moot and capable of repetition. https://www.youtube.com/watch?v=w5ckWMw_H_o

**But for Rocconi's violation of Federal Rules of Civil Procedure 15(d);**

But not denying Gordon's multiple request to amend the complaint, and Rocconi's violation of 28 U.S. Code §§ 455 and 453, Gordon would have had the opportunity to cure any deficiencies in the complaint claimed by the magistrate judge, and Defendants-Appellees' attorneys.

See Gordon's multiple request to amend the complaint throughout the course of the proceedings for unknown reasons were denied.

**Plaintiff's request for additional time to oppose defendant's motion to dismiss 10/22/21**
Gordon respectfully requests a similar amount of time to present the opposition to Defendant's motion to dismiss the action without leave to amend the pleading in contravention of Fed. R. Civ. P. 15(a). See Case 2:21-cv-07270-FMO-MAR Document 15 Filed 10/22/21 Page 3 of 12 Page ID #:533

**Plaintiff's Response to Defendants Opposition to Plaintiff's Second Request for Time 1/5/22**
These facts alone not only demonstrates a good cause for an extension of time, but it also demonstratively demonstrate and establishes "good cause" for the Court to stay the proceedings to protect and preserve the constitutional rights of the Defendants as well as the Plaintiff, contrary to Defendant's counsel absurdity that the Defendants are prejudiced by a stay, or an extension of time until February 14, 2022, to Amended and file a Supplemental Pleadings Rule 15(a)and(b)  See Case 2:21-cv-07270-FMO-MAR Document 24 Filed 01/05/22 Page 4 of 15 Page ID #:843

RELATOR'S REQUEST FOR RECUSAL OF ROCCONI AFFIDAVIT 18

**Plaintiff's Opposition to Defendant's Motion to Dismiss... Plaintiff's Request Leave to Amend the Pleadings Pursuant to Rule 15(a)(2), 15 (d) 2/15/22.**

Plaintiff can, in the amended pleadings, and did demonstrate beyond a reasonable doubt that Defendants' actions were discriminatory and done in bad faith... As a matter of law under the circumstances, Plaintiff has a right to seek recovery from injuries and economic losses inflicted by Defendants, notwithstanding sovereign immunity. Furthermore, if the state or local government entities receive federal funding for whatever purpose, they cannot claim sovereign immunity if they are sued in federal court for discrimination. The United States Code, *Title 42, Section 2000d-7 explicitly says this. As long as the state entity receives federal funding, then the sovereign immunity for discrimination cases is not abrogated but voluntarily waived. Since receiving the federal funds was optional, then the waiver of sovereign immunity was optional.*

See Case 2:21-cv-07270-FMO-MAR Document 27 Filed 02/15/22 Page 18 of 22 Page ID #:945

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS... AND PLAINTIFF'S REQUEST LEAVE TO AMEND 5/2/22.**

Further, Plaintiff's claims should be allowed to proceed, notwithstanding Plaintiff's contemporaneous opposition to Defendants' motion for dismissal without leave to amend to cure any deficiencies, among them the legal option, often mistaken even by seasoned attorneys, to file a federal action seeking to impose personal liability based on Defendants' individual capacities or in their official capacities as government officers or subordinates for actions taken under color of state law as a part of their government work. Under 42 U.S.C. § 1983 and 18 U.S.C. § 242, Plaintiff is seeking relief based on Defendants' intentional discrimination and deprivation of Plaintiff's rights secured by the United States Constitution. Accordingly, for Plaintiff to receive damages sought despite sovereign immunity, Plaintiff must amend the complaint seeking to impose personal liability on Defendants in their individual capacities for their unlawful actions ...

See Case 2:21-cv-07270-FMO-MAR Document 34 Filed 05/02/22 Page 22 of 31 Page ID #:1045

**PLAINTIFF'S RESPONSE AND REQUEST THAT THE COURT OVERRULE DEFENDANT'S RESPONSE 6/28/22.**

Plaintiff's Complaint fully complies with the pleading requirements of the Federal Rules of Civil Procedure and provides Defendants fair notice of the charges against them and the grounds therefor. Discovery and argument will add further detail later; in fact, additional supporting factual material was provided by Plaintiff in materials filed. And that Plaintiff's Motion for leave to amend the Complaint should be GRANTED.

Case 2:21-cv-07270-FMO-MAR Document 44 Filed 06/28/22 Page 1 of 34 Page ID #:1169

For the reasons cited above, Gordon requests that United States Magistrate Judge Margo A. Rocconi be recused from the instant FCA case.

RELATOR'S REQUEST FOR RECUSAL OF ROCCONI AFFIDAVIT 19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ALLEGATIONS OF SERIOUS MISCONDUCT BY ROCCONI

U.S. Magistrate Judge Margo A. Rocconi abused her power by preventing Gordon from filing an amended complaint under Rule 15(d) and participating in a conspiracy to withhold documents from a legal proceeding. The willful conduct by Rocconi violate federal law, including Title 18 U.S. Code Section 1512, withholding documents, from an official proceeding. Additionally, misleading statements (18 U.S.C. § 1001) made to the Ninth Circuit Court of Appeals.

Furthermore, it is contended that Rocconi's actions may have violated Gordon's constitutional rights to due process. These alleged violations pertain to the deliberate disregard of 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b)(3), L.R. 72-3.5, and 18 U.S.C. § 1512(c)(1) & (2). This was "conduct prejudicial to the effective and expeditious administration of the business of the courts."

## CONCLUSION

Gordon, respectfully, acting on behalf of the United States of America, has presented clear and compelling evidence outlined in this request for recusal, as per 29 C.F.R. § 2200.68(c). The evidence supports the assertion that the Honorable U.S. Magistrate Judge Margo A. Rocconi should be recused from this instant *qui tam* Federal False Claims Act action. The evidence indicates serious violations of both state and federal laws by Rocconi in the matter of *Carl Gordon v. Gavin Newsom, et al.,* 2:21-cv-7270-FMO (MAR), (C.D. Cal. September 9, 2021), where she served as the referring magistrate judge. Furthermore, the evidence highlights clear bias exhibited by Rocconi against Gordon and favoritism towards Gavin Newsom, et al., (also defendants in the instant case). Such evidence necessitates the immediate recusal of the Honorable U.S. Magistrate Judge Margo A. Rocconi by this Court.

## GORDON'S SIGNED AFFIDAVIT IN ACCORDANCE
## WITH 29 CFR § 2200.68 (c)

Executed on August 22, 2023, at Los Angeles, California.

I, Plaintiff/Relator and pro se litigant, Carl Gordon, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

*Carl Gordon*

Carl Gordon

**CARL GORDON**
**UNIVERSITY OF THE 'HOOD®**
8306 Wilshire Blvd., No. 792, Beverly Hills, CA 90211
Tel. (310) 289-8057/(310) 926-3939
Email: universityofthehood@gmail.com

Pro se Plaintiff/Relator: Carl Gordon

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California, County of _Los Angeles_
Subscribed and sworn to (or affirmed) before me on this _22_ day of _Aug_, 20_23_, by _Carl Gordon_, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature: _____



ZORICK PARSANIAN
Notary Public - California
Los Angeles County
Commission # 2424285
My Comm. Expires Nov 19, 2026

RELATOR'S REQUEST FOR RECUSAL OF ROCCONI AFFIDAVIT 21

# EXHIBIT I

Judge Birotte's Order to Unseal USA's Notice to Decline Intervention

**F I L E D**
CLERK, U.S. DISTRICT COURT

August 20, 2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ EVC _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel*. **[UNDER SEAL]**,<br><br>          Plaintiff[s],<br><br>                    v.<br><br>**[UNDER SEAL]**,<br><br>          Defendant[s]. | No. 2:25-CV-4705-AB (SSCx)<br><br>ORDER RE UNITED STATES' NOTICE OF ELECTION TO DECLINE INTERVENTION AND REQUEST TO UNSEAL THE CASE<br><br>**[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. § 3730(b)(2) and (b)(3)]**<br><br>[FILED CONCURRENTLY UNDER SEAL: UNITED STATES' NOTICE OF ELECTION TO DECLINE INTERVENTION AND REQUEST TO UNSEAL THE CASE] |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**F I L E D**

CLERK, U.S. DISTRICT COURT

August 20, 2025

CENTRAL DISTRICT OF CALIFORNIA

BY: _____ EVC _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel*. CARL GORDON, | No. 2:25-CV-4705-AB (SSCx) |
| Plaintiff, | ORDER RE UNITED STATES' NOTICE OF ELECTION TO DECLINE INTERVENTION AND REQUEST TO UNSEAL THE CASE |
| v. | |
| GAVIN NEWSOM, GOVERNOR OF CALIFORNIA (INDIVIDUAL CAPACITY); ELENI KOUNALAKIS, LIEUTENANT GOVERNOR (INDIVIDUAL CAPACITY); ROB BONTA, ATTORNEY GENERAL OF CALIFORNIA (INDIVIDUAL CAPACITY); SHIRLEY WEBER, SECRETARY OF STATE (INDIVIDUAL CAPACITY); STEVEN J. REYES, CHIEF COUNSEL TO THE SECRETARY OF STATE (INDIVIDUAL CAPACITY); KEVIN CALIA, PARTNER, BOERSCH & ILLOVSKY LLP (INDIVIDUAL CAPACITY); DEAN C. LOGAN, REGISTRAR-RECORER/COUNTY CLERK (INDIVIDUAL CAPACITY); CALIFONIA ASSOCIATION OF CLERKS AND ELECTION OFFICIALS (CACEO), INCLUDNG ALL 58 COUNTY ELECTION OFFICERS; SKDK (FORMERLY SKDKNICKERBOCKER), A | **[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT, 31 U.S.C. § 3730(b)(2) and (b)(3)]**<br><br>[FILED CONCURRENTLY UNDER SEAL: UNITED STATES' NOTICE OF ELECTION TO DECLINE INTERVENTION AND REQUEST TO UNSEAL THE CASE] |

2

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 121 of 132    Page
ID #:1852
Case 2:25-cv-04705-AB-SSC    Document 23    Filed 08/20/25    Page 3 of 5    Page ID
#:1330

1
2  POLITICAL PUBLIC RELATIONS
   FIRM; ACTBLUE, A MAJOR
3  FUNDRAISER FOR THE
   DEMOCRATIC PARTY;
4  DEMOCRATIC NATIONAL
   COMMITTEE (DCN); DEMOCRATIC
5  GOVERNORS ASSOCIATION (DGA);
6  DOES 1 through 10,
                   Defendants.
7

8

9

10     The United States of America having declined to intervene in the above-captioned

11  action under 31 U.S.C. § 3730(b)(4)(B), IT IS HEREBY ORDERED THAT:

12     1.    The seal is lifted from this action in all respects, except as specified in

13  Paragraph 3 below. The complaint is unsealed, and the *qui tam* relator Carl Gordon shall

14  serve it upon the defendants.

15     2.    This order and the United States' Notice of Election to Decline Intervention

16  and Request to Unseal the Case are both unsealed, and the relator shall serve both, along

17  with the complaint, upon the defendants.

18     3.    All *ex parte* applications, memoranda, declarations, and other submissions

19  made in camera under 31 U.S.C. § 3730(b)(3) shall remain permanently under seal and

20  shall not be made public or served upon any defendant or other party or person.

21     4.    The seal is lifted as to all papers and records filed or lodged in this action

22  after the date of this order.

23     5.    The parties shall serve all pleadings, notices, motions, orders, and other

24  papers hereafter filed or lodged in this action, including supporting memoranda and any

25  notice of appeal, upon the United States. *See* 31 U.S.C. § 3730(c)(3).

26     6.    Should the relator or the defendants propose that this action be dismissed,

27  settled, or otherwise discontinued, the parties shall provide the United States with notice

28

                                3

Case 2:25-cv-04705-AB-SSC   Document 36   Filed 01/13/26   Page 122 of 132   Page
ID #:1853
Case 2:25-cv-04705-AB-SSC   Document 23   Filed 08/20/25   Page 4 of 5   Page ID
#:1331

of the same, and the Court will provide the United States with an opportunity to be heard before ruling or granting its approval.

**IT IS SO ORDERED.**

Dated: August 20, 2025

_____

HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

Case 2:25-cv-04705-AB-SSC     Document 36     Filed 01/13/26     Page 123 of 132     Page
ID #:1854
Case 2:25-cv-04705-AB-SSC     Document 23     Filed 08/20/25     Page 5 of 5     Page ID
#:1332

1          <u>**PROOF OF SERVICE BY MAIL**</u>

2          I am over the age of 18 and not a party to the within action. I am employed by the

3   United States Attorney's Office, Central District of California. My business address is

4   300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

5          On August 20, 2025, I served [PROPOSED] ORDER RE UNITED STATES'

6   NOTICE OF ELECTION TO DECLINE INTERVENTION AND REQUEST TO

7   UNSEAL THE CASE on the person named below by enclosing a copy in an envelope

8   addressed as shown below and placing the envelope for collection and mailing on the

9   date and at the place shown below following our ordinary office practices. I am readily

10  familiar with the practice of this office for collection and processing correspondence for

11  mailing. On the same day that correspondence is placed for collection and mailing, it is

12  deposited in the ordinary course of business with the United States Postal Service in a

13  sealed envelope with postage fully prepaid.

14         Date of mailing: August 14, 2025. Place of mailing: Los Angeles, California.

15         **Person(s) and/or Entity(ies) to Whom Emailed**:

16  Carl Gordon
    University of the Hood
17  8306 Wilshire Blvd., No. 792
    Beverly Hills, CA 90211
18
19  Relator

20

21         I declare under penalty of perjury under the laws of the United States of America

22  that the foregoing is true and correct.

23         I declare that I am employed in the office of a member of the bar of this court at

24  whose direction the service was made.

25         Executed on: August 20, 2025, at Los Angeles, California.

26

27  _____

28                              OSCAR ORTIZ

5

# EXHIBIT J

Michael Seabright held in United States v. Ramirez, No. 5-25-cr-00264

Case 2:25-cv-04705-AB-SSC    Document 36    Filed 01/13/26    Page 125 of 132    Page
ID #:1856
Case 5:25-cr-00264-SSS    Document 56    Filed 10/28/25    Page 1 of 64    Page ID #:547

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>JAIME HECTOR RAMIREZ,<br><br>   Defendant.<br>_____ | Case No. 5:25-cr-264-SSS |
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>ISMAEL GARCIA, JR.,<br><br>   Defendant.<br>_____ | Case No. 2:25-cr-655-MEMF |
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>RONNY ROJAS,<br><br>   Defendant. | Case No. 22-cr-573-FWS |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTIONS TO DISMISS INDICTMENTS AND TO DISQUALIFY**

# I.  <u>INTRODUCTION</u>

As this Order explains in detail, Bilal A. Essayli ("Essayli") is not lawfully serving as Acting United States Attorney for the Central District of California.  The Attorney General's July 29, 2025 order did not function to put him in that role.  And he has been unlawfully serving in that role since he resigned as Interim United States Attorney.

This consolidated order resolves three motions to dismiss indictments and to disqualify Essayli as Acting United States Attorney.  The motions were brought in three pending criminal cases by Defendants Jaime Hector Ramirez ("Ramirez") (Case No. 5:25-cr-264-SSS); Ismael Garcia, Jr. ("Garcia") (Case No. 2:25-cr-655-MEMF); and Ronny Rojas ("Rojas") (Case No. 2:22-cr-00573-FWS) (collectively, "Defendants").

Defendants contend that Essayli is unlawfully serving as Acting United States Attorney based on the manner by which he assumed the duties of an office that, by statute, requires the permanent occupant to be appointed by the President, by and with the advice and consent of the United States Senate.  *See* 28 U.S.C. § 541(a).  Defendants seek to dismiss the indictments against them, arguing that Essayli was not lawfully serving when they were indicted, or is now unlawfully supervising their prosecutions.  They also seek to disqualify Essayli and

those he supervises from participating in their prosecutions and all other prosecutions in the Central District.

Based on the following, the court determines that Essayli unlawfully assumed the role of Acting United States Attorney. He is disqualified from participating in Defendants' prosecutions as Acting United States Attorney. Nevertheless, the court denies the requests to dismiss the indictments, and the prosecutions remain valid. And despite Essayli's unlawful service as Acting United States Attorney, he remains the First Assistant United States Attorney ("FAUSA") for the Central District.

## II. <u>BACKGROUND</u>

### A.    Statutory Background[1]

The motions primarily involve the Federal Vacancies Reform Act ("FVRA"), 5 U.S.C. §§ 3345–3349c, which addresses the filling of vacancies in Executive branch offices. The central provision of the FVRA is § 3345, which is triggered when "an officer of an Executive agency . . . whose appointment to office is required to be made by the President, by and with the advice and consent of the

---

[1]  The statutes described in this section relate to the merits of Defendants' motions. These statutes, as well as those discussed in the court's ruling on remedies, are laid out in full in the Appendix to this Order.

the government agreed that "if [the court] rules against us on the FVRA merits issue . . . Mr. Essayli cannot serve as the acting United States Attorney." *Id.* at PageID#484.[16]

* * *

In sum, Essayli's service as Acting United States Attorney is unlawful and has been unlawful since it began on July 29, 2025. His service cannot be premised on his resignation from the interim role, because that event could not and did not trigger § 3345(a). His service also cannot be premised on Estrada's resignation, because Essayli was not the FAUSA when Estrada resigned. And finally, Essayli's service cannot be premised on his appointment as a Special Attorney; that theory is foreclosed by the FVRA's exclusivity provisions.

## B.    What Remedies Are Appropriate?

Having concluded that Essayli's service as Acting United States Attorney is unlawful, the court turns to possible remedies. The court considers:

- nullification of actions taken by Essayli while unlawfully serving;

- dismissal of Defendants' indictments; and

- disqualification of Essayli and those he supervises from participation in Defendants' prosecutions and other prosecutions in the Central District.

---

[16] The government argues, however, that Essayli remains a validly-appointed FAUSA. The court discusses this argument later in addressing Defendants' proposed remedy to disqualify Essayli from supervising their and others' prosecutions.

34

For the reasons stated, however, the court does not dismiss Defendants' indictments, as they were lawfully signed by other attorneys for the government and there has been no showing of due process violations or other irregularities in Defendants' prosecutions resulting from Essayli's unlawful service as Acting United States Attorney. Moreover, Essayli remains the FAUSA and may perform the functions and duties of *that* office.

IT IS SO ORDERED.

DATED: October 28, 2025.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

Dated: January 13, 2025            Respectfully submitted,

*Carl Gordon*

Carl Gordon

Plaintiff-Relator, appearing pro se

8306 Wilshire Blvd., No. 792

Beverly Hills, CA 90211

universityofthehood@gmail.com

(310) 926-3939

**PROOF OF SERVICE**

I, Mae Gordon, declare as follows:

1.  I am employed in the City and County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My address is 1125 South Holt Avenue, Apt. 3, Los Angeles, California 90035.

2.  On January 13, 2026, I served the following document: Exhibits A–J

    PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NOTICE OF JURISDICTIONAL DEFECTS AND SUPPORTIVE AUTHORITATIVE FACTS EXHIBITS A–J FILED CONCURRENTLY

3.  Service was effected by electronic mail to the following recipients at the email addresses listed below:

1. United States Department of Justice
Pam Bondi
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
*(via counsel)*
Jesus A. Osete
Principal Deputy Assistant Attorney General
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Email: Jesus.Osete@usdoj.gov

Matthew Zandi (CA Bar No. 203329)
Chief of Staff & Special Counsel
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-3847
Email: matt.zandi@usdoj.gov

2. Court Courtesy Copy
Honorable André Birotte Jr.
United States District Judge
Courtroom Deputy Clerk: Evelyn Chun
United States District Court, Central District of California
Email: Evelyn Chun evelyn_chun@cacd.uscourts.gov

3. Office of the United States Attorney
Central District of California
Bilal A. Essayli
United States Attorney
Office of the United States Attorney
Central District of California
300 North Los Angeles Street, Suite 7516
Los Angeles, CA 90012
Email: bilal.essayli@usdoj.gov

4. Cory Lynn Webster
Assistant United States Attorney
Office of the United States Attorney
Central District of California
300 North Los Angeles Street, Suite 7516
Los Angeles, CA 90012
Telephone: (213) 894-3348
Facsimile: (213) 894-7819
Email: cory.webster@usdoj.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 13, 2026, at Los Angeles, California.

Mae Gordon