**CARL GORDON**
**UNIVERSITY OF THE 'HOOD®**
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
Tel. (310) 926-3939
Email: universityofthehood@gmail.com
Plaintiff, Pro Se

FILED

CLERK, U.S. DISTRICT COURT

5/15/2026

CENTRAL DISTRICT OF CALIFORNIA

BY _____ jji _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| **CARL GORDON,** <br><br> Plaintiff, <br><br> v. <br><br> **GAVIN NEWSOM**, Governor of California; <br><br> **ELENI KOUNALAKIS**, Lieutenant Governor of California; <br><br> **ROB BONTA**, Attorney General of California; <br><br> **SHIRLEY N. WEBER**, Secretary of State of California; <br><br> **STEVEN J. REYES**, Chief Counsel to the Secretary of State; <br><br> **DOES 1–10**, <br><br> Defendants. | CASE No: 2:25-cv-04705-AB(SSx) <br><br> **PLAINTIFF'S RULE 15(d) SUPPLEMENTAL PLEADING REGARDING CONTINUING FIFTH AMENDMENT INJURY, PENDING RULE 60(b)(4) PROCEEDINGS, STANDING, MOOTNESS, AND CONTINUING IMPLEMENTATION OF THE CHALLENGED ELECTION FRAMEWORK** |

**Plaintiff Carl Gordon respectfully submits** this supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d) concerning post-FAC developments bearing upon continuing Fifth Amendment injury, standing, mootness, operative pleading issues, continuing implementation of the challenged election framework, and the jurisdictional consequences arising from pending Rule 60(b)(4)-related proceedings presently before the United States Court of Appeals for the Ninth Circuit in Appeal No. 26-1797.

This supplemental pleading is narrowly tailored and is not submitted to re-plead previously dismissed claims or materially alter the operative factual nucleus of Plaintiff's First Amended Complaint. Rather, it addresses later-occurring developments and continuing constitutional injuries directly bearing upon the Court's jurisdiction, standing, redressability, mootness, preclusion, and prospective-relief analysis.

## I. PURPOSE OF SUPPLEMENTAL PLEADING

Plaintiff submits this supplemental pleading solely to address developments occurring after the filing of the operative First Amended Complaint and to preserve a complete record concerning:

1. continuing Fifth Amendment Takings-related injury;

2. continuing implementation of the challenged statewide election framework;

3. standing and redressability under Article III;

4. mootness and capable-of-repetition analysis;

5. operative pleading and preclusion issues arising from Gordon I;

6. and the continuing jurisdictional consequences arising from pending Rule 60(b)(4) proceedings in Ninth Circuit Appeal No. 26-1797.

Plaintiff references the filings and proceedings described herein for procedural context, existence, and content only, and not for adjudication of disputed factual matters not presently before this Court.

## II. CONTINUING FIFTH AMENDMENT TAKINGS-RELATED INJURY

Plaintiff alleges continuing constitutional injury arising from the compelled payment and continued retention of the gubernatorial recall filing fee imposed as a condition of ballot access within the challenged 2021 California gubernatorial recall framework.

Official guidance issued by the California Secretary of State stated that replacement candidates were required either to:

(a) pay a filing fee of $4,194.94; or

(b) submit 7,000 valid signatures in lieu thereof.

Plaintiff alleges that the purported "signature-in-lieu" alternative was not meaningfully or realistically available in practice due to the compressed and government-imposed timeline following recall certification, the July 4 holiday weekend, county-level implementation delays, and the July 6, 2021, submission deadline.

Plaintiff further alleges that no realistic or practically available means existed for Plaintiff and similarly situated candidates to obtain and submit 7,000 valid signatures within the time permitted as administered by election officials acting under color of state law.

Accordingly, Plaintiff alleges that payment of the filing fee became functionally compulsory as a condition of participation in the challenged recall-election framework.

Plaintiff further alleges that the continued retention of the $4,194.94 filing fee constitutes an ongoing Fifth Amendment Takings-related injury redressable through declaratory, prospective injunctive, nominal, and monetary relief.

## III. OFFICIAL STATE GUIDANCE REGARDING ARTICLE II, SECTION 17

During the 2021 gubernatorial recall process, official guidance issued by the California Secretary of State expressly acknowledged:

"When the Governor is the target of a recall, any of the Governor's duties related to the recall are performed by the Lieutenant Governor."

Plaintiff contends this contemporaneous official interpretation of Article II, Section 17 of the California Constitution corroborates actual institutional and individual awareness of the mandatory constitutional transfer framework implicated herein.

Plaintiff further contends that this official guidance confirms that recall-related gubernatorial duties were understood to be mandatory and nondiscretionary in nature.

## IV. MANDATORY-DUTY FRAMEWORK

Plaintiff further contends that Article II, Section 17 and Article V, Section 10 of the California Constitution imposed mandatory constitutional obligations governing recall-related authority and temporary constitutional disability.

Plaintiff further contends that the mandatory nature of these constitutional duties was reinforced by contemporaneous judicial rulings recognizing that California election-law duties expressed through "shall" language are mandatory rather than discretionary.

Plaintiff further contends that these mandatory constitutional duties created nondiscretionary obligations enforceable through California Government Code § 815.6 and related individual-liability principles reflected in California Government Code § 820(a).

Plaintiff further contends that the challenged conduct arose from allegedly unconstitutional and ultra vires actions undertaken contrary to mandatory constitutional limitations, conflict-of-interest restrictions, and nondiscretionary duties imposed by Article II, Section 17, Article V, Section 10, and related California law.

Plaintiff does not challenge the lawful constitutional authority of the State of California itself. Rather, Plaintiff contends that individual officials and election administrators implemented and administered the challenged recall-election framework in a manner allegedly inconsistent with mandatory constitutional limitations and conflict-of-interest restrictions.

Plaintiff further alleges that statewide election implementation activities associated with the June 2026 and November 2026 election cycles are presently ongoing in real time while the jurisdictional and constitutional issues described herein remain unresolved.

## V. FORM 700 DISCLOSURES, SB 152, AND ACTUAL KNOWLEDGE

Plaintiff further contends that publicly filed Form 700 disclosures, Governor Newsom's direct participation in enactment of Senate Bill 152 during the recall process, and Governor Newsom's related litigation filings acknowledging Article II, Section 17 of the California Constitution collectively corroborate actual knowledge of the governing constitutional and statutory framework implicated herein.

Plaintiff further contends that contemporaneous judicial rulings, official Secretary of State guidance, and related recall-election litigation collectively demonstrate that the constitutional transfer framework and mandatory-duty structure were neither obscure nor uncertain.

Plaintiff contends these circumstances support the allegation that the challenged conduct was undertaken with awareness of the governing constitutional framework and the mandatory constitutional transfer provisions implicated herein.

## VI. CONTINUING IMPLEMENTATION OF THE CHALLENGED ELECTION FRAMEWORK

Plaintiff further alleges that the challenged statewide election framework continues to be implemented and enforced through ongoing election administration activities extending into the 2026 election cycle.

Plaintiff further alleges that Senate Bill 423 and Senate Bill 152 authorized and continued the use of polling locations in facilities whose primary purpose is the sale and dispensation of alcoholic beverages notwithstanding Elections Code § 12288.

Plaintiff further alleges that these enactments continue to affect election administration involving federally funded election infrastructure governed by federal funding conditions and federal cost-allowability restrictions.

Plaintiff contends the continuing implementation of this framework contributes to continuing constitutional injury, continuing Takings-related injury, and continuing live controversy.

Plaintiff further alleges that statewide election implementation activities associated with the 2026 election cycle are actively ongoing and continuing in real time, contributing to continuing injury and ongoing Article III controversy.

## VII. STANDING, MOOTNESS, AND REDRESSABILITY

Plaintiff further alleges that the injuries described herein are concrete, particularized, traceable to Defendants' conduct, and redressable through judicial relief.

Plaintiff further alleges that continuing retention of the filing fee, continuing implementation of the challenged election framework, and continuing prospective effects on future elections preserve a live controversy under Article III.

Plaintiff further contends that the Ninth Circuit's published decision in Clark v. Weber recognized that completed constitutional injury arising from California's gubernatorial recall framework remained redressable through nominal damages and therefore was not moot.

Plaintiff further contends that subsequent proceedings arising from the same gubernatorial recall framework reflect unresolved questions concerning standing,

mootness, nominal damages, continuing constitutional injury, and capable-of-repetition analysis.

**VIII. PENDING RULE 60(b)(4) PROCEEDINGS IN APPEAL NO. 26-1797**

Plaintiff further alleges that pending Rule 60(b)(4)-related proceedings in Ninth Circuit Appeal No. 26-1797 materially affect the continuing jurisdictional posture of matters arising from Gordon I.

Plaintiff further alleges that the Rule 60(b)(4) proceedings presently pending in Appeal No. 26-1797 directly implicate:

1. the asserted finality of Gordon I;

2. mootness and standing determinations arising from the same recall framework;

3. operative pleading and preclusion issues;

4. continuing constitutional injury;

5. and the continuing viability of prior jurisdictional determinations.

Plaintiff further contends that subsequent filings in related proceedings, including Plaintiff's January 20, 2026 First Amended Complaint, January 24, 2026 Notice Regarding Judicial Notice of Structural Defects in Gordon I and Related Ninth Circuit Proceedings, and February 18, 2026 Notice of Lodging Second Amended Complaint, collectively preserved and supplemented the evolving procedural and jurisdictional posture concerning standing, mootness, preclusion, Takings-related injury, and continuing constitutional harm.

Plaintiff further contends that the pending Rule 60(b)(4) proceedings include unresolved record-based issues concerning the certified appellate record prepared pursuant to FRAP. 10 and the materials purportedly reviewed during mandatory de novo review proceedings under 28 U.S.C. § 636(b)(1)(C).

Section 636(b)(1)(C) provides in mandatory terms:

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

In multiple orders entered in Gordon I, the district court expressly stated:

"Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, the relevant records on file, and the Report and Recommendation of the United States Magistrate Judge. Having conducted a de novo review of plaintiff's Objections to the Report and Recommendation, the Court hereby accepts the findings and recommendation of the Magistrate Judge."

Plaintiff further contends that the certified appellate record prepared pursuant to Federal Rule of Appellate Procedure 10 does not contain an entry for a First Amended Complaint.

Accordingly, Plaintiff contends that the issue presented is an objective and purely legal record-based question concerning whether the certified appellate record is consistent with the district court's description of the materials purportedly reviewed during mandatory de novo review proceedings.

As recognized in Lowry v. Barnhart, 329 F.3d 1019, 1024 (9th Cir. 2003):

"the record on appeal is limited to materials actually before the district court and properly part of the record."

## IX. EX PARTE YOUNG / PROSPECTIVE RELIEF

Plaintiff further alleges that claims seeking declaratory and prospective injunctive relief against state officials in their official capacities fall within the doctrine recognized in Ex parte Young because Plaintiff seeks prospective relief concerning continuing enforcement and implementation of allegedly unconstitutional election-administration practices.

Plaintiff further alleges that the continuing implementation of the challenged election framework creates ongoing constitutional injury capable of prospective judicial redress.

## X. CONCLUSION

Plaintiff respectfully submits this supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d) to preserve and supplement the record concerning continuing Fifth Amendment Takings-related injury, continuing implementation of the challenged election framework, continuing standing and redressability, and the continuing jurisdictional consequences arising from pending Rule 60(b)(4) proceedings in Ninth Circuit Appeal No. 26-1797.

Dated: May 15, 2026                    Respectfully submitted,

Carl Gordon

Carl Gordon
Plaintiff, appearing pro se
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
universityofthehood@gmail.com
(310) 926-3939

# PROOF OF SERVICE

I, Mae Gordon, declare as follows:

I am employed in the City and County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My address is 1125 South Holt Avenue, Apt. 3, Los Angeles, California 90035.

On May 15, 2026, I served the foregoing PLAINTIFF'S RULE 15(d) SUPPLEMENTAL PLEADING REGARDING CONTINUING FIFTH AMENDMENT INJURY, PENDING RULE 60(b)(4) PROCEEDINGS, STANDING, MOOTNESS, AND CONTINUING IMPLEMENTATION OF THE CHALLENGED ELECTION FRAMEWORK by electronic mail on the following parties and counsel of record:


Todd Grabarsky
Supervising Deputy Attorney General
Office of the California Attorney General
Todd.Grabarsky@doj.ca.gov

Samuel E. Sokolsky
Deputy Attorney General
Office of the California Attorney General
Samuel.Sokolsky@doj.ca.gov

Service was effected by transmitting a true and correct copy of the document(s) via electronic mail to the addresses listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 15, 2026, at Los Angeles, California.

Mae Gordon