ROB BONTA
Attorney General of California
TODD GRABARSKY
Supervising Deputy Attorney General
SAMUEL E. SOKOLSKY
Deputy Attorney General
State Bar No. 348173
  455 Golden Gate Ave, Ste 11000
  San Francisco, CA 94102
  Telephone: (415) 510-3584
  Fax: (415) 703-5480
  E-mail:  Samuel.Sokolsky@doj.ca.gov
*Attorneys for Defendants Governor Gavin Newsom,*
*Lieutenant Governor Eleni Kounalakis, Attorney*
*General Rob Bonta, Secretary of State Shirley N.*
*Weber, and Steven J. Reyes, Chief Counsel to the*
*Secretary of State*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CARL GORDON,** | Case No. 2:25-cv-04705-AB-SSC |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DECLARE PLAINTIFF CARL GORDON A VEXATIOUS LITIGANT** |
| **v.** | |
| **GAVIN NEWSOM, Governor of California; ELENI KOUNALAKIS, Lieutenant Governor of California; ROB BONTA, Attorney General of California; SHIRLEY N. WEBER, Secretary of State of California; STEVEN J. REYES, Chief Counsel to the Secretary of State,** | Date:          August 7, 2026<br>Time:          10:00am<br>Courtroom:   7B<br>Judge: Honorable André Birotte Jr. |
| Defendants. | |

## NOTICE OF MOTION AND MOTION

### TO THE COURT, PARTIES, AND ALL COUNSEL OF RECORD:

Please take notice that on August 7, 2026, at 10:00 a.m., or as soon thereafter as they may be heard in the above captioned Court, located at 350 W 1st Street, Suite 4311 Los Angeles, CA 90012-4565, Courtroom 7B, Defendants Governor Gavin Newsom, Lieutenant Governor Eleni Kounalakis, Attorney General Rob Bonta, Secretary of State Shirley N. Weber, and Steven J. Reyes, Chief Counsel to the Secretary of State (collectively, "Defendants"), will move for an order declaring Plaintiff Pro Se Carl Gordon a vexatious litigant and for entry of pre-filing review order pursuant to 28 U.S.C. § 1651 and Local Rule 83-8 for any new cases pre-filing review order for cases suing California state officials, California state employees, or federal judges.

This motion is based on this notice of motion, the accompanying memorandum of points and authorities, Defendants' previously filed request for judicial notice, Defendants' notice of supplemental authorities, Defendants' second request for judicial notice filed concurrently with this motion, all other papers filed in this action, and the arguments of counsel.

Pursuant to Local Rule 7-3, counsel for Defendants reached out to Plaintiff over email on June 23, 2026, informing Plaintiff that Defendants would be filing a motion to declare him a vexatious litigant and requesting a phone call to meet and confer. Plaintiff Carl Gordon and Defendants' counsel Deputy Attorney General Samuel Sokolsky and Supervising Deputy Attorney General Todd Grabarsky met with Plaintiff over phone conference on June 24, 2026, and were unable to resolve the issues.

Dated:  July 1, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
TODD GRABARSKY
Supervising Deputy Attorney General


/s/ Samuel Sokolsky
SAMUEL SOKOLSKY
Deputy Attorney General
*Attorneys for Defendants Governor Gavin Newsom, Lieutenant Governor Eleni Kounalakis, Attorney General Rob Bonta, Secretary of State Shirley N. Weber, and Steven J. Reyes, Chief Counsel to the Secretary of State*

# TABLE OF CONTENTS

**Page**

Memorandum of Points and Authorities ..................................................................1

Introduction...............................................................................................................1

Background ...............................................................................................................2

    I.     Plaintiff's Past Litigation History .............................................................2

         A.    The Sacramento Writ Proceedings ("*Gordon I*") .......................2

         B.    The Initial Federal Case Against the Governor and Secretary ("*Gordon II*").......................................................3

         C.    The First False Claims Act Case ("*Gordon III*").......................4

         D.    The Suit Against the Lieutenant Governor ("*Gordon IV*") ........4

         E.    Lawsuits Against Federal Judges ("*Gordon V*" and "*Gordon VI*") ...........................................................................5

         F.    The Second Federal Case Against the Governor and Secretary ("*Gordon VII*") ......................................................5

         G.    The Proposition 50 Case ("*Gordon IX*") ..................................6

         H.    Attempted Interventions .............................................................7

    II.    The Present Matter ....................................................................................7

Legal Standards .......................................................................................................9

    I.     Federal Authority Under 28 U.S.C. § 1651(A)..........................................9

    II.    Local Rule 83-8 and Cal. Civ. Proc. Code § 391 Et Seq. .................... 10

Argument ............................................................................................................. 10

    I.     Plaintiff Is a Vexatious Litigant Under Federal Standards ................. 10

         A.    Notice and Opportunity to Be Heard...................................... 10

         B.    Adequate Record for Review .................................................. 11

         C.    Substantive Findings of Frivolousness ................................... 11

             1.    Plaintiff's Numerous, Duplicative, and Meritless Lawsuits.................................................................... 12

             2.    Plaintiff's Harassing, Wasteful, and Frivolous Litigation Tactics....................................................... 14

             3.    The Expense and Burden Imposed on the Courts and Parties ..................................................................... 19

             4.    The Inadequacy of Other Sanctions ............................. 19

          D.    Narrowly Tailored Order......................................................... 20

    II.    Plaintiff Is a Vexatious Litigant Under California Rules ................... 21

Conclusion ........................................................................................................... 22

Certificate of Compliance..................................................................................... 23

# TABLE OF AUTHORITIES

**Page**

CASES

*Baker v. Firstcom Music*
No. 2:16-cv-08931-VAP-JPRx, 2021 WL 6424520 (C.D. Cal. Nov. 2, 2021) ....................................................................................................... 11

*Bridgewater v. Hayes Valley Ltd. P'ship*
No. 10-03022 CW, 2011 WL 635268 (N.D. Cal. Feb. 11, 2012) ................. 9, 20

*De Long v. Hennessey*
912 F.2d 1144 (9th Cir. 1990) ............................................................. *passim*

*Dewey v. City of Los Angeles*
No. 18-cv-9677-VBF (PLA), 2021 WL 8892911 (C.D. Cal. Feb. 9, 2021) ......................................................................................................... 10

*Frost v. United States*
No. 19-cv-5190-EMC, 2020 WL 1288326 (N.D. Cal. Mar. 18, 2020) ......................................................................................................... 20

*Gordon v. Gutierrez*
Case. No. 2:24-cv-07938-RGK (C.D. Cal 2024) (*Gordon VI*) ..................... 5

*Gordon v. Gutierrez*
No. 25-1250 (9th Cir.) ..................................................................................... 5

*Gordon v. Kounalakis*
Case No. 2:24-cv-3683-MRA-AS (C.D. Cal. 2024) (*Gordon IV*) ............... 4

*Gordon v. Newsom*
144 S. Ct. 2558 (2024) .................................................................................... 3

*Gordon v. Newsom*
2024 WL 1007483 (9th Cir. 2024) ............................................................ 3, 18

*Gordon v. Newsom*
Case No. 2:25-cv-12427-SVW-MAA (C.D. Cal 2024) (*Gordon IX*) ............ 6

*Gordon v. Newsom, et al*.
No. 21-cv-07270-FMO-MAR (C.D. Cal. 2021) ..................................... *passim*

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Gordon v. Newsom*
No. CV 24-6476-MRA-AS (C.D. Cal 2024) (*Gordon VII*) ..................................5

*Gordon v. Olguin*
Case No. 2:24-cv-5384- MWF (C.D. Cal. 2024) (*Gordon V*) ............................5

*Gordon v. Olguin*
No. 25-1190 (9th Cir.) ....................................................................................5

*Hilton v. Weber, et al.*
Case 8:25-cv-01988-KK-E (C.D. Cal. 2025) ......................................................7

*Jackson v. Weber, et al.*
No. 2:25-cv-197-Z (N.D. Tex. 2025) ..................................................................7

*Lawless v. United States*
797 F. Supp. 3d 1132 (C.D. Cal. 2025) ...........................................................20

*Molski v. Evergreen Dynasty Corp.*
500 F.3d 1047 (9th Cir. 2007)..............................................................9, 20, 21

*O'Loughlin v. Doe*
920 F.2d 614 (9th Cir. 1990).........................................................................20

*Ringgold-Lockhart v. Cnty. of Los Angeles*
761 F.3d 1057 (9th Cir. 2014)..................................................................*passim*

*Tangipa et al., v. Newsom et al.*
2:25-cv-10616-JLS-WLH-KKL (C.D. Cal. 2025).......................................7, 18

*United States ex rel. Gordon v. Newsom, et al.*
No. 2:23-cv-6727-JLS (AS) (C.D. Cal 2021) (*Gordon III*) ...............................4

*Weissman v. Quail Lodge, Inc.*
179 F.3d 1194 (9th Cir. 1999).........................................................................9

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

STATUTES

28 U.S.C.
   § 1651(A)................................................................................................9
   § 2201 ..................................................................................................8
   § 2202 ..................................................................................................8
   § 2284 .............................................................................................14, 15

California Civil Procedure Code
   § 391(b)...........................................................................................2, 10
   § 391(b)(1)......................................................................................10, 21
   § 391 et seq. .........................................................................................10
   § 391.3 ..................................................................................................2
   § 391.7 ..................................................................................................2

CONSTITUTIONAL PROVISIONS

Second Amendment.......................................................................................15

Fifth Amendment.......................................................................................8, 15

Eleventh Amendment ......................................................................................1

California Constitution
   Article II, Section 17 ............................................................................8, 12
   Article V, Section 10 .................................................................................8

COURT RULES

Federal Rules of Civil Procedure
   Rule 60(b)(4) ........................................................................................3, 17

Local Rule
   11-6.1 ..................................................................................................23
   83-8 ....................................................................................................10

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

OTHER AUTHORITIES

Assembly Bill
  No. 128 .............................................................................................................4
  No. 2022 ...........................................................................................................6
  No. 2037 ...........................................................................................................6

Senate Bill
  No. 152 .............................................................................................................2
  No. 2021 ...........................................................................................................2

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Over the past six years, Plaintiff Carl Gordon has engaged in a pattern of repetitive and meritless litigation in this district and in other courts. Since 2021, he has filed at least seven cases in this Court against California state officials, federal judges, and others. His cases against California state officials bring claims seeking to overturn lawfully held California elections on the same unfounded legal theories. None of Plaintiff's cases have succeeded on the merits—in fact, none has even prevailed past the pleading stage.  The same is true here: as explained in Defendants' motion to dismiss this case, Plaintiff's lawsuit here is meritless and barred by a host of clearly established defenses including lack of standing, preclusion, Eleventh Amendment sovereign immunity and qualified immunity, and Plaintiff fails to state a claim for which relief can be granted.

But beyond all the lack of merit of these cases, Plaintiff has engaged in a pattern of abusive and vexatious litigation, including repeatedly filing emergency notices and motions that have consumed an excessive amount of judicial resources and caused needless expense to the opposing parties. As highlighted further below, Plaintiff has already been warned by another court in this District that his practice "borders on vexatious"; and when Plaintiff had not changed his ways, that same court later expressed "dismay" that "Plaintiff has not heeded these repeated warnings." Plaintiff's conduct has continued—just last week, another court in this District found that "[i]t is clear to this Court that Plaintiff has demonstrated a profound inability to heed judicial orders and comply with the rules of this Court and others." And in the present lawsuit, this Court recently denied numerous improper "emergency" *ex parte* applications and admonished Plaintiff that "none of Plaintiff's Emergency Requests [made] the appropriate showing."

1

Undeterred, Plaintiff continues filing frivolous motions and new lawsuits, including the present matter. Plaintiff has also turned his attention to counsel, moving, without merit, for sanctions of Defendants' counsel twice. Plaintiff's conduct constitutes a persistent misuse of the judicial process. His record of frivolous filings satisfies the requirements of the federal standards under *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990) and the California rules under Cal. Civ. Proc. Code §§ 391(b), 391.3, and 391.7. Accordingly, the Court should declare Plaintiff a vexatious litigant and enter a pre-filing review order for cases suing California state officials, California state employees, or federal judges.

## BACKGROUND

### I.   PLAINTIFF'S PAST LITIGATION HISTORY

In the last five years, Plaintiff has filed numerous lawsuits against many of California's constitutional officers and six sitting federal judges. *See* Def.'s Req. for Jud. Notice ("RJN") (filed with Defendants' Motion to Dismiss), ECF No. 52-1, Exs. A–O; Def.'s Second Req. for Jud. Notice ("Second RJN") (filed concurrently) Exs. A–O; Defs'. Not. of Supp. Authority ("Supp. Not."), ECF No. 60, Exs. A–D. Fundamentally, each of Plaintiff's lawsuits alleges, without evidence, that all the named officials are engaged in a wide-spreading conspiracy to violate Plaintiff's constitutional rights with regard to California's statewide elections, including the 2021 gubernatorial recall election and the 2025 California Proposition 50 election.

### A.   The Sacramento Writ Proceedings ("*Gordon I*")

Plaintiff filed his first lawsuit, a petition for a writ of mandate in the Superior Court of California, on August 6, 2021. *See* RJN, Ex. A ("*Gordon I*"). In his state court writ proceeding, Plaintiff asserted, among other things, that the recall election date and the process by which the Secretary of State called the election were unconstitutional. Fundamentally, he asserted that Senate Bill No. 152, 2021 Stats.

2

Ch. 34 ("SB 152"), was void because the Governor signed the bill despite being the target of the recall. *See id*. at ¶¶ 21–23, 29–31. Plaintiff voluntarily dismissed this petition on August 19, 2021, only one day prior to the scheduled hearing on his petition. *See id*., Ex. B.

## B. The Initial Federal Case Against the Governor and Secretary ("*Gordon II*")

Plaintiff's second lawsuit related to the recall election, *Gordon v. Newsom, et al*., No. 21-cv-07270-FMO-MAR (C.D. Cal. 2021) ("*Gordon II*"), filed on September 9, 2021, alleged a similar conspiracy to unconstitutionally fund the election. *See* RJN, Ex. C. In *Gordon II*, Plaintiff sued the same Defendants named in the present action: the Governor and the Secretary, as well as additional Secretary Weber's chief legal advisor Steven Reyes, and California Attorney General Rob Bonta. *See id*. In sum, he alleged that the Governor unlawfully signed SB 152 and that the Secretary of State unlawfully enrolled it, with the alleged knowledge or acquiescence of the Attorney General. *Id*. ¶ 42.

The *Gordon II* defendants moved to dismiss Plaintiff's complaint in that case and Magistrate Judge Rocconi recommended that Judge Olguin grant their motion on May 2, 2022. *See id*., Ex. D. Judge Olguin adopted Magistrate Judge Rocconi's recommendation, *see id*., Ex. E, and the Ninth Circuit subsequently affirmed Judge Olguin's dismissal in an unpublished memorandum disposition issued on March 8, 2024. *See Gordon v. Newsom*, 2024 WL 1007483, at *1 (9th Cir. 2024). The Supreme Court summarily denied Plaintiff's motion for a stay pending a petition for writ of certiorari on May 20, 2024. *Gordon v. Newsom*, 144 S. Ct. 2558 (2024).

On March 2, 2026, Plaintiff filed a "Motion to Vacate Judgment as Void pursuant to Fed. R. Civ. P. 60(b)(4)." *See* Second RJN, Ex. A. On March 4, 2026, Plaintiff filed a motion to disqualify Judge Olguin in that case. *See id*., Ex. B. Judge Olguin denied Plaintiff's motions, finding that "Plaintiff is seeking to re-litigate

3

matters that have been adjudicated." *See id.*, Ex. F. Plaintiff's appeal of that order was summarily denied by the Ninth Circuit, finding that "the questions on review are too insubstantial to warrant further briefing." *See* Supp. Not., Ex. B.

### C.   The First False Claims Act Case ("*Gordon III*")

On August 16, 2023, Plaintiff filed a sealed *qui tam* complaint under the False Claims Act, *United States ex rel. Gordon v. Newsom, et al.*, No. 2:23-cv-6727-JLS (AS) (C.D. Cal 2021) (*Gordon III*), against Governor Newsom, the Lieutenant Governor, the Attorney General, the Secretary of State, the Secretary's chief legal advisor, a California Superior Court Judge, the California Democratic Party, and the Democratic Governors' Association, among others. *See* RJN, Ex. F. After the federal government declined to intervene and the case was unsealed, the court dismissed Plaintiff's False Claims Act action on August 25, 2024 because Plaintiff failed to obtain an attorney to represent him. *See id.*

### D.   The Suit Against the Lieutenant Governor ("*Gordon IV*")

Plaintiff brought another complaint related to the recall election, *Gordon v. Kounalakis*, Case No. 2:24-cv-3683-MRA-AS (C.D. Cal. 2024) (*Gordon IV*), filed on May 3, 2024, just two months after the Ninth Circuit affirmed Judge Olguin's dismissal of *Gordon II*. RJN, Ex. G. In *Gordon IV*, he alleges that the Lieutenant Governor violated the state and federal constitutions, as well as federal civil rights laws, by failing to *prevent* the Governor from signing Assembly Bill No. 128 ("AB 128"), the appropriation bill for the California government in fiscal year 2021-22, *see* 2021 Stats. Ch. 21 (A.B. 128), and SB 152. *See id.*, Ex. G, ECF No. 1, at ¶¶ 25–29, 30, 35, 51–59. Judge Ramirez Almadani adopted a report and recommendation by Magistrate Judge Sagar to grant a motion to dismiss by the Lieutenant Governor with prejudice. *See id.*, Ex. G, ECF No. 63. On June 24, 2026, the Ninth Circuit denied the appeal in that matter and affirmed the district court's dismissal. *See*

Supp. Not., Ex. C (memorandum order).

### E.   Lawsuits Against Federal Judges ("*Gordon V*" and "*Gordon VI*")

Shortly before the Lieutenant Governor moved to dismiss *Gordon IV*, Plaintiff moved *ex parte* in that action to disqualify both Judge Olguin and Magistrate Judge Rocconi. *See* RJN, Ex. G, ECF No. 9. Judge Olguin denied his request on May 20, 2024, writing that Plaintiff's asserted grounds for recusal revealed only "his dissatisfaction with the rulings and eventual dismissal of his prior case[.]" *Id*., Ex. G, ECF No. 21. Plaintiff responded by filing his fifth lawsuit, *Gordon v. Olguin*, Case No. 2:24-cv-5384- MWF (C.D. Cal. 2024) (*Gordon V*), this time suing Judge Olguin and Magistrate Judge Rocconi personally, plus the three judges who made up the Ninth Circuit panel that affirmed the dismissal of Plaintiff's complaint in *Gordon II*. *Id*., Ex. H, ECF No. 1. The federal government intervened in *Gordon V* to assert judicial immunity on behalf of all the defendants in *Gordon V* and moved to dismiss. *Id*., Ex. H, ECF No. 17. Plaintiff responded by filing an amended complaint that added the presiding judge in *Gordon V*—Judge Gutierrez—as an additional defendant. *Id*., Ex. H, ECF No. 27. Judge Gutierrez severed the claims against him for random reassignment and dismissed the remaining claims against all other defendants on September 16, 2024. *Id*., Ex. H, ECF No. 33. \ The remaining claim against Judge Gutierrez, *Gordon v. Gutierrez*, Case. No. 2:24-cv-07938-RGK (C.D. Cal 2024) (*Gordon VI*) was assigned to Judge Klausner, who dismissed on February 3, 2025. *See id*., Ex. I. for both lawsuits, the Ninth Circuit denied the appeals and affirmed the district court's dismissals on June 24, 2026. *Gordon v. Gutierrez*, No. 25-1250 (9th Cir.); *Gordon v. Olguin*, No. 25-1190 (9th Cir.).

### F.   The Second Federal Case Against the Governor and Secretary ("*Gordon VII*")

On July 31, 2024, Plaintiff filed yet another lawsuit, *Gordon v. Newsom*, No.

5

CV 24-6476-MRA-AS (C.D. Cal 2024) (*Gordon VII*), this time suing the Governor, Secretary, Attorney General Bonta, and Reyes in their official and personal capacities, again arguing his constitutional rights were violated by the Governor signing two bills into law after the recall was initiated, and that the entire recall election is therefore void. *See* RJN, Ex. J. Judge Ramirez Almadani adopted Magistrate Judge Sagar's report and recommendation that the official capacity claims were precluded, Plaintiff's claims for prospective injunctive and declaratory relief were moot, and qualified immunity barred the remaining federal claims. *See id.*, Ex. K (report and recommendation), Ex. L, ECF No. 104 (docket). As with the previous two matters, the Ninth Circuit denied the appeal and affirmed the district court's dismissal on June 24, 2026. *See* Supp. Not., Ex. D (memorandum order).

### G.    The Proposition 50 Case ("*Gordon IX*")

On December 31, 2025, Plaintiff filed another lawsuit, *Gordon v. Newsom*, Case No. 2:25-cv-12427-SVW-MAA (C.D. Cal 2024) (*Gordon IX*), against the Governor and Secretary, in which he challenges Proposition 50 on the grounds that Assembly Bill No. 2037, 2022 Stats. Ch. 155, ("AB 2037") impermissibly conflicts with federal law that disallows alcohol to be purchased with federal grant funds, that the Governor was "constitutionally disabled" from signing into law AB 2037 and other laws due to an alleged conflict of interest, and that the Governor was not allowed to sign legislation after the recall election was initiated. *See* RJN, Ex. M. Defendants filed a motion to dismiss, *see* RJN, Ex. N, as well as a motion to declare Plaintiff a vexatious litigant. *See* RJN, Ex. O. Plaintiff filed a meritless sanctions motion in response to Defendants' refusal to withdraw their motion to declare him a vexatious litigant. *See* Second RJN, Ex. N. The court found that "[a]fter a thorough review of the challenged filing, the Court finds nothing sanctionable therein." *See id.*, Ex. K, ECF No. 64. On June 22, 2026, the court granted Defendants' motion to dismiss with prejudice. *See* Supp. Not., Ex. A. The court found that "Plaintiff ha[d]

6

already filed seven prior cases alleging the same or substantially related issues, none of which has made it past the pleadings stage … Despite numerous admonitions by courts rejecting major legal theories underlying his case, Plaintiff still brought this case alleging much of the same rejected legal theories and arguments and flooding this Court with numerous emergency motions." *Id*. at 12.

### H. Attempted Interventions

Plaintiff has also attempted to intervene in several other federal lawsuits. Plaintiff filed a motion for leave to file an amicus curiae brief and for preliminary and permanent injunctions in *Jackson v. Weber, et al*., No. 2:25-cv-197-Z (N.D. Tex. 2025), which was denied. *See* Second RJN, Ex. C. Plaintiff filed a number of requests for leave to file an amicus curiae brief and for preliminary and permanent injunctions in *Hilton v. Weber, et al*., Case 8:25-cv-01988-KK-E (C.D. Cal. 2025), which were never addressed by the court prior to the case being dismissed. *See id*., Ex. D, ECF Nos. 22, 23, 32, 40, 45. Plaintiff also filed motions for leave to intervene, for summary judgment, to transfer the case to the U.S. District Court for the District of Columbia, and to file an amicus curiae brief in *Tangipa et al., v. Newsom et al*., 2:25-cv-10616-JLS-WLH-KKL (C.D. Cal. 2025). *See id*., Ex. E, ECF Nos. 191, 195, 196, 197, 198, 199, 200, 202, 203. All were rejected by the court. *See id*., Ex. C, ECF Nos. 194, 205, 206.

### II. THE PRESENT MATTER

Turning to the present matter ("*Gordon VIII*[1]"), in Plaintiff's first amended complaint, he brings a variety of allegations concerning the way California administers elections. ECF No. 37 ("Am. Compl.").

First, Plaintiff argues that federal law does not allow the purchase of alcoholic beverages with federal grant money. *Id*. ¶¶ 20–22. While not clear,

---

[1] As this case was filed before *Gordon IX*, Defendants designate it as *Gordon VIII*.

Plaintiff appears to allege that California administers elections in a way that conflicts with federal law. *Id.* ¶¶ 37–39.

Second, Plaintiff alleges that his payment of a $4,194.94 filing fee to be a replacement candidate in the 2021 recall election was an unconstitutional taking. *Id.* ¶ 55. Plaintiff alleges that although there was an alternative of submitting 7,000 signatures in lieu of the filing fee, due to the timing of the collection period, "it was objectively impossible to collect and timely submit 7,000 signatures under the imposed conditions." *Id.* ¶ 54.

Third, Plaintiff alleges that after the recall of the Governor was initiated, "Article II, Section 17 of the California Constitution automatically reassigned recall-related duties of the Governor to the Lieutenant Governor by operation of law." *Id.* ¶ 58. Further, Plaintiff alleges that "Article V, Section 10 of the California Constitution, a constitutional prohibition on the exercise of gubernatorial authority constitutes a 'temporary disability' requiring substitution of authority." *Id.* ¶ 60. Plaintiff alleges that "Defendant Kounalakis did not execute mandatory recall-related duties assigned to her by the Constitution, including signing or vetoing recall-related legislation or exercising exclusive recall-related executive authority." *Id.* ¶ 64.

Plaintiff brings three claims: (1) "Supremacy Clause — Federal Preemption;" (2) "Fifth Amendment — Takings Clause;" and (3) "Declaratory Relief — 28 U.S.C. § 2201." *Id.* ¶ 83–100.[2] Plaintiff seeks declaratory and injunctive relief.

---

[2] Separately from Plaintiff's three claims for relief, he includes numerous "Declaration[s]" that he is seeking from the Court. *See* Am. Compl. at ¶¶ 102–109. It is unclear if these declarations are part of his declaratory relief claim under 28 U.S.C. §§ 2201–2202, however, many of them are based on facts not listed under the declaratory relief claim.

## LEGAL STANDARDS

### I.   FEDERAL AUTHORITY UNDER 28 U.S.C. § 1651(A)

Federal courts have the inherent power to file "restrictive pre-filing orders" enjoining vexatious litigants "with abusive and lengthy histories of litigation" from filing further actions or papers. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) ("The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants."). "Such pre-filing orders should rarely be filed," especially against litigants unrepresented by counsel. *De Long*, 912 F.2d at 1147. But "district courts 'bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts.'" *Bridgewater v. Hayes Valley Ltd. P'ship*, No. 10-03022 CW, 2011 WL 635268 at *4 (N.D. Cal. Feb. 11, 2012) (quoting *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990)). And "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148.

In *De Long*, the Ninth Circuit articulated a four-prong framework for district courts to apply before entering vexatious litigant orders. *Id*. at 1146-49. First, the affected party must be provided with "adequate notice" and "an opportunity to oppose the entry of the order." *Id*. at 1147. Second, the district court must "create an adequate record for review" containing "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Id*. Third, the court must make "substantive findings of harassment or frivolousness." *Id*. at 1148. Such findings require the court look at the "'number and content of the filings as indicia' of the frivolousness of the litigant's claims." *Id*. (quoting *In re*

9

*Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). And fourth, the "breadth of the order" must be "narrowly tailored to closely fit the specific vice encountered." *Id*. at 1148.

## II.   LOCAL RULE 83-8 AND CAL. CIV. PROC. CODE § 391 ET SEQ.

Local Rule 83-8 allows the Court, at its discretion, to apply the application of California's vexatious-litigant statutes as the procedural rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby. *See Dewey v. City of Los Angeles*, No. 18-cv-9677-VBF (PLA), 2021 WL 8892911, at *1 (C.D. Cal. Feb. 9, 2021) (applying California's vexatious litigant statutes).

Cal. Civ. Proc. Code § 391(b) defines what constitutes a vexatious litigant. Under § 391(b)(1), a person who, within the immediately preceding seven years, has filed five or more actions determined adversely is a vexatious litigant. Section 391(b)(3) extends that definition to any pro se litigant who repeatedly files unmeritorious pleadings or motions. Once those criteria are met, section 391.3(a) authorizes the Court to require security if it appears the plaintiff is unlikely to prevail, and section 391.7(a) permits a pre-filing order to prevent future abuse.

## ARGUMENT

### I.   PLAINTIFF IS A VEXATIOUS LITIGANT UNDER FEDERAL STANDARDS

#### A.   Notice and Opportunity to Be Heard

The first requirement for a pre-filing screening order is satisfied when the litigant is given notice that the court is considering a pre-filing screening order and an opportunity to oppose such an order before it is issued. *See Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1063 (9th Cir. 2014). A hearing is not

10

required. *Baker v. Firstcom Music,* No. 2:16-cv-08931-VAP-JPRx, 2021 WL 6424520, at *2 (C.D. Cal. Nov. 2, 2021).

The notice requirement is satisfied with the filing of this motion and the pre-filing meet and conferral with Plaintiff. Plaintiff has adequate opportunity to be heard, if he so chooses, by opposing this motion. Accordingly, the first *De Long* requirement is met. *De Long*, 912 F.2d at 1147.

### B. Adequate Record for Review

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. To be sufficient for entry of a pre-filing order, the record must show that the litigant's conduct was numerous or abusive in some manner. *Id.*

Here, Defendants provide a robust record for which a decision can be made. *See* RJN, Exs. A–O ; Second RJN, Exs. A–N; Background, Section I (detailing all the cases Plaintiff has filed since 2021). Accordingly, the second *De Long* requirement is met. *De Long*, 912 F.2d at 1147.

### C. Substantive Findings of Frivolousness

The third *De Long* factor requires that the Court "make substantive findings" that the litigant's actions have been either frivolous or harassing. "To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *See Ringgold-Lockhart*, 761 F.3d at 1064. "The plaintiff's claims must not only be numerous, but also be patently without merit." *Id*. (citations omitted). The Court may alternatively make a finding that litigant has engaged in a pattern of harassment. *See id*. "Finally, courts should consider whether other, less restrictive options are adequate to protect the court and parties." *Id*.

The Ninth Circuit has articulated "a helpful framework" of five factors for evaluating the frivolous or harassing nature of a plaintiff's filings:

11

(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;

(2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing;

(3) whether the litigant is represented by counsel;

(4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and

(5) whether other sanctions would be adequate to protect the courts and other parties.

*Id*. at 1062 (citation omitted). These factors weigh heavily in determining that Plaintiff's numerous filings are frivolous and harassing.

**1.    Plaintiff's Numerous, Duplicative, and Meritless Lawsuits**

First and foremost, the number of unsuccessful, duplicative cases wholly without merit, challenging the essentially same subject matter, shows that Plaintiff is a vexatious litigant. Plaintiff has filed eight different lawsuits, seven of which are in this district, since 2021. These lawsuits generally challenge lawful elections in California, including the 2021 gubernatorial recall election and the 2025 Proposition 50 election. Plaintiff's central theory of most of these cases that Governor Newsom is "constitutionally disabled" from signing many different bills relating to elections ever since the 2021 recall was initiated against him because of Article II, section 17 of the California Constitution. *See* Am. Compl. at ¶¶ 102–105. In Defendants' Motion to Dismiss, Section IV, Defendants explain how this theory has no merit. *See* ECF No. 52 at 19–21. Plaintiff first raised this theory in *Gordon II*. *See* RJN, Ex. C at ¶¶ 5–6. Plaintiff then repeated this rejected theory in *Gordon III*, his first *qui tam* lawsuit. *See* Second RJN, Ex. H at ¶¶ 7-8. Plaintiff again raised this theory for a third time in *Gordon IV*, his lawsuit against Lieutenant Governor Kounalakis. *See id.*, Ex. I at ¶¶ 7–9. Plaintiff raised this argument for a fourth time in *Gordon VII*. *See* RJN, Ex. J at ¶¶ 7–8. In *Gordon VII*, the court found that

12

Gordon's official capacity claims were barred by claim preclusion from the Court's judgment in *Gordon II*. *See id*., Ex. K at 18–20. The *Gordon VII* court also dismissed his individual capacity claims under the same theory on the merits. *See id*., Ex. K at 38-42.

Plaintiff again brought the same claims in *Gordon IX*. *See id*., Ex. M at 15–16. In that case, the court found that Plaintiff's "constitutional disability" issue "[was] already presented in identical form in both *Gordon II* and *Gordon VII*" and therefore was precluded from bringing the issue again. *See* Supp. Not., Ex. A at 11. Further, in denying leave to amend, that court found that "Plaintiff has already filed seven prior cases alleging the same or substantially related issues, none of which has made it past the pleadings stage" and that "[d]espite numerous admonitions by courts rejecting major legal theories underlying his case, Plaintiff still brought this case alleging much of the same rejected legal theories and arguments and flooding this Court with numerous emergency motions." *See id*. at 12. Finally, Plaintiff again seeks to repeat this rejected theory for the **sixth time** in the current case. *See* Am. Compl. at ¶¶ 56–61.

Further, not only does Plaintiff repeatedly raise the same rejected theory of the Governor's supposed "constitutional[] disabl[ity]," but he uses the theory to attack the exact same duly enacted California laws. In *Gordon II*, Plaintiff argued that SB 152 was "void" under this theory. *See* RJN, Ex. C at ¶¶ 5–6. In *Gordon IV*, Plaintiff again argued SB 152 is void under this theory, as well as AB 128. *See* Second RJN, Ex. I at ¶¶ 7–9. Plaintiff again argued both SB 152 and AB 128 are void in *Gordon VII*. *See* RJN, Ex. J at ¶¶ 7–8. Plaintiff then argued again that SB 152 (which expired by its own terms in January 2022) was void in *Gordon IX*. *See id*. Ex. M at 19. Finally, the current lawsuit challenges numerous legislative bills, including SB 152 and AB 128, as unlawfully enacted. *See* Am. Compl. at ¶¶ 66–67, 106.

Plaintiff repeats other far-fetched theories that have been previously rejected by courts in this district. He has repeatedly claimed that his payment of a fee for

13

being a replacement candidate in the recall election was in violation of his constitutional rights. *See* RJN, Ex. C (*Gordon II*) at ¶¶ 247, 249; Ex. J (*Gordon VII*) at ¶¶ 123–125; Second RJN, Ex. I (*Gordon IV*) at ¶¶ 100–108. Plaintiff again brought this theory up in *Gordon IX* in his initial complaint before amendment, and the court found that "it [is] likely that Plaintiff will be found to be precluded from attempting to relitigate this issue. As such, the Court finds no likelihood of success on the merits as to the mandatory filing fee claim." *See* Second RJN Ex. J at 2. In the present case, Plaintiff again brings up this theory for at least the ***fifth time***, and Defendants' motion to dismiss explains in depth why it is precluded. *See* ECF No. 52 at 17–18.

### 2.   Plaintiff's Harassing, Wasteful, and Frivolous Litigation Tactics

The manner in which Plaintiff has litigated his cases also shows that he is a vexatious litigant. Plaintiff's pattern of litigation has included numerous motions, "notices," and "emergency requests" that have wasted valuable judicial resources and caused needless expense to all the other parties in his cases.

The docket in *Gordon IX* case exemplifies Plaintiff's pattern of harassing, wasteful, and frivolous litigation tactics. In Plaintiff's initial filed complaint in that case, he requested the convening of a three-judge panel under 28 U.S.C. § 2284, and then filed an "emergency notice of motion and motion to expedite determination under 28 USC." *See* Second RJN, Ex. K, ECF Nos. 1, 3. The Court, liberally construing his request as a request for a temporary restraining order, considered and rejected Plaintiff's motion in a well-reasoned order on January 13, 2026. *See* RJN, Ex. J. One day later, Plaintiff filed a "notice regarding status of statutory referral under 28 U.S.C. 2284" disputing the Court's conclusion. *See* Second RJN, Ex. K, ECF No. 14. The same day, he filed another "supplemental notice" repeating his arguments. *See id.*, ECF No. 16. He then filed additional notices and emergency ex parte motions, disputing the Court's conclusions,

"demand[ing] [] immediate compliance" with 28 U.S.C. § 2284, and requesting reassignment of the case on January 24, January 29, January 30, February 4, and February 7. *See id.*, ECF Nos. 23, 26, 27, 30, 28. Plaintiff's request was ultimately denied in due course. *See* Supp. Not., Ex. A at 4–5. In dismissing *Gordon IX*, the court found that "[i]t is clear to this Court that Plaintiff has demonstrated a profound inability to heed judicial orders and comply with the rules of this Court and others." *See id.* at 13. This pattern of filing repeated, duplicative, and meritless notices and motions wastes valuable judicial resources and has caused needless expense to the other parties in this case. *See Ringgold-Lockhart*, 761 F.3d at 1062.

Plaintiff's attempt to file a second amended complaint in *Gordon IX* also underscores the lack of Plaintiff's good faith and the vexatious and harassing nature of his proceedings. In Plaintiff's motion to amend, he asserted that the proposed second amendment was "technical in nature" and "[did] not add new causes of action, new factual allegations, or new legal theories." *See* Second RJN, Ex. L (motion to amend) at 2. This was blatantly false. First, Plaintiff sought to add three additional defendants not previously sued in that case: Lieutenant Governor Kounalakis, Attorney General Bonta, and Steven Reyes, chief counsel to the Secretary of State. *See id.*, Ex. M (proposed second amended complaint). Second, while he asserted that he was "merely clarify[ing] the capacities in which Defendants are sued," *id.*, Ex. L at 3, instead he was attempting adding new personal capacity claims against the Governor and Secretary in his second amended complaint that he specifically disclaimed in his first amended complaint. *See* RJN, Ex. M at 13 (explicitly suing the Governor and Secretary in their "official capacit[ies] only"). Third, despite Plaintiff's assertion that he sought to add no new causes of action, factual allegations, or legal theories, his proposed second amended complaint was completely different and brings new claims not previously sought. Plaintiff sought individual capacity claims under the Fifth Amendment Takings Clause in the second amended complaint, claims that did not appear in the first

15

amended complaint and that the court had already determined are likely precluded. *See* Second RJN, Ex. F at 2. Additionally, Plaintiff sought to bring claims for declaratory relief, injunctive relief, and for "violation[s] of the right to lawful adjudication," and "structural statutory violation[s]" related to his repeated requests for a three-judge panel. *See id.*, Ex. M at ¶¶ 238–262. Aside from being completely meritless (and bizarrely ostensibly brought in a lawsuit against California state officials who had nothing to do with the adjudicatory process), they were entirely new claims, contrary to Plaintiff's representations. In dismissing the case with prejudice and denying leave to amend, Judge Wilson remarked that the proposed second amended complaint "inexplicably removes every cause of action in the FAC and replaces them with two wholly new causes of action" and that the prayers for relief were "bizarre." *See* Supp. Not. Ex. A at 13 n.7. This is but another example of the vexatious nature of Plaintiff's lawsuits.

The vexatious nature of Plaintiff's litigation strategies is also demonstrated by his many previous lawsuits. The dockets of his previous cases show Plaintiff's repeated, duplicative, and meritless litigation strategies that are harassing, a drain on judicial resources, and causing needless expense to opposing counsel. *See* RJN, Exs. F, G, H, L. For example, in *Gordon VII*, Plaintiff first filed a motion to extend page limits, which the court considered and denied. *See id.*, Ex. L at ECF No. 33, 35. Plaintiff then filed a motion for reconsideration, which the court also denied. *See id.*, Ex. L at ECF Nos. 36, 38. Dissatisfied with that decision, Plaintiff then filed two more motions for reconsideration and "appeal to the Chief Judge Dolly M. Gee," which were again denied. *See id.*, Ex. L at ECF No. 39, 40, 41. Plaintiff then filed a *fifth* request to extend the page limits, which the Court again denied. *See id.*, Ex. L at ECF No. 45, 48. In the court's final order, Judge Ramírez Almadani warned Plaintiff that he must comply with all applicable rules, including that any motion filed "is not being presented for any improper purpose, such as to *harass, cause unnecessary delay, or needlessly increase the cost of litigation.*" *See* Second

16

RJN, Ex. G at 3 (quoting Fed. R. Civ. P. 11(b)(1), emphasis added by Judge Ramírez Almadani).

Further, in *Gordon VII*, Plaintiff filed *sixteen* different notices, motions, or ex parte requests that included "emergency" in their title. *See* RJN, Ex. L at ECF Nos. 53, 76, 77, 80, 82, 83, 84, 85, 88, 90, 93, 110, 114, 119, 121, 123. Judge Ramírez Almadani warned Plaintiff that his "pattern of filing procedurally improper ex parte 'emergency['] applications borders on vexatious" and that "continued abuse of the ex parte process shall result in subsequent applications being summarily denied and may be grounds for further sanctions, including disciplinary action, monetary penalties, and dismissal of this suit in its entirety." *See id.*, Ex. L at ECF 94. To the "Court[']s dismay," however, "Plaintiff has not heeded these repeated warnings," and continued to file improper "emergency" motions after Judge Ramírez Almadani's warning. *See id.*, Ex. L at ECF 125.

Plaintiff also, years after the court entered judgment, attempted to vacate the judgment in *Gordon II*, and sought to disqualify Judge Olguin.[3] *See* Second RJN, Exs. A, B. Plaintiff appears to argue, without any legal support, that the judgment

---

[3] Plaintiff's filings in *Gordon II* also show indicia of a concerning use of generative artificial intelligence. One of Plaintiff's motions includes the following passage:

> This version does three important things:
> • Keeps the tone professional and respectful.
> • Frames the issue as jurisdictional and structural, which is exactly how Rule 60(b)(4) works.
> • Ends with a neutral request for consideration, which judges prefer.
> If you want, I can also show you a very effective one-sentence line many federal litigators add at the end of Rule 60(b)(4) filings that signals to the court the judgment must be vacated if the defect exists.

*See* Second RJN, Ex A at 3. This passage indicates a response from generative artificial intelligence that Plaintiff presumably left accidentally in the motion. *See* Sam Cooley, "How a lawyer can spot AI-generated legal documents," https://blog.ulawpractice.com/how-a-lawyer-can-spot-ai-generated-legal-documents (last visited March 6, 2026). Plaintiff's failure to properly proof his filings is particularly egregious considering Plaintiff's pattern of overwhelming the dockets with numerous pointless and meritless filings that each court is forced to deal with.

17

was void because the court did not grant his motions to amend the pleadings. *See id.*, Ex. A. However, the court determined, and the Ninth Circuit affirmed, that "amendment would have been futile." *Gordon v. Newsom*, No. 22-55640, 2024 WL 1007483, at *1 (9th Cir. Mar. 8, 2024). Judge Olguin denied Plaintiff's motion, finding that "Plaintiff is seeking to re-litigate matters that have been adjudicated." *See* Second RJN Ex. F. Plaintiff's appeal of that order was summarily denied by the Ninth Circuit, finding that "the questions on review are too insubstantial to warrant further briefing." *See* Supp. Not., Ex. B. Plaintiff's failure to accept court judgments and his insistence on continuing to file meritless motions years after his cases are dismissed highlights his vexatiousness.

Plaintiff's attacks on opposing counsel through improper motions for sanctions further highlight his vexatiousness. In *Gordon IX*, Plaintiff filed a convoluted and meritless sanctions motion in response to Defendants' refusal to withdraw their motion to declare him a vexatious litigant. *See* Second RJN, Ex. N. The court found that "[a]fter a thorough review of the challenged filing, the Court finds nothing sanctionable therein." *See id.*, Ex. K, ECF No. 64. Plaintiff again attempts to harass Defendants' counsel with his motion for sanctions filed in this case. *See* ECF No. 62.

Plaintiff has also attempted to intervene and file a number of motions, including motions for summary judgment and preliminary and permanent injunctions, in other cases brought against California state officials. *See* Second RJN Exs. A–C. Plaintiff's filings have continued after a three-judge panel in *Tangipa et al., v. Newsom et al.* denied his motion to intervene. *See id.*, Ex. C, ECF Nos. 194 (denying intervention), 195, 196, 197, 198, 199, 200, 202, 203 (additional filings by Plaintiff).

18

### 3.    The Expense and Burden Imposed on the Courts and Parties

Plaintiff's repeated filings and cases described above undoubtedly pose a great burden on resources caused to the federal courts, California state officials and the California Department of Justice. And moreover, Plaintiff has also caused a strain on resources at the federal government level through multiple *qui tam* lawsuits, all of which the federal government has been forced to evaluate and has declined to intervene in. *See* RJN, Exs. F, M. Plaintiff has also required the United States Attorney's office to step in as amicus curiae in Plaintiff's meritless lawsuits against several federal judges—Judges Olguin and Gutierrez and Magistrate Judge Rocconi of this district, along with Judges Schroeder, Forrest, and O'Scannlain of the Ninth Circuit—in two different suits, both of which were recently affirmed on appeal in the Ninth Circuit after being dismissed. *See* RJN, Ex. H, I.

### 4.    The Inadequacy of Other Sanctions

Other sanctions would not be adequate to curtail this behavior, as evidenced by, for example, Plaintiff's refusal to heed court warnings in *Gordon VII, Gordon IX*, the present case, and others. *Ringgold-Lockhart*, 761 F.3d at 1062. As outlined above, Plaintiff has been repeatedly warned about his litigation tactics. For example, Judge Ramírez Almadani found that "Plaintiff has not heeded these repeated warnings" *See* RJN, Ex. L at ECF 125. Judge Wilson determined that "Plaintiff has demonstrated a profound inability to heed judicial orders and comply with the rules of this Court and others." *See* Supp. Not. Ex. A at 13. And this own Court found that despite previous attempts to explain the standards of *ex* parte relief to Plaintiff, he continued to file "Emergency Requests" without even attempting to meet the appropriate showing. ECF No. 56. Plaintiff has repeatedly shown that he has a "profound inability," *see* Supp. Not. Ex. A at 13, to follow judicial orders. And as to the merits of his claims, he has "already filed seven prior cases alleging

the same or substantially related issues, none of which has made it past the pleadings stage." *See id*. at 12. While "courts are generally protective of pro se litigants," *Molski*, 500 F.at 1051, they also "bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts." *O'Loughlin*, 920 F.2d at 618; *see also Bridgewater*, No. 10-03022 CW, 2011 WL 635268, at *4 (finding the plaintiff a vexatious litigant despite being a pro se litigant); *Lawless v. United States*, 797 F. Supp. 3d 1132, 1143 (C.D. Cal. 2025) (same). Plaintiff has clearly shown that anything short of being declared a vexatious litigant is inadequate.

\*      \*      \*

In summary, looking at "both the number and content of the filings," it is clear that Plaintiff's cases are frivolous, vexatious, and harassing. *See Ringgold-Lockhart*, 761 F.3d at 1064. Plaintiff has filed repeated lawsuits, all unsuccessful, challenging California's administration of elections. Within each lawsuit, Plaintiff's pattern of repeated filings is an enormous drain on court resources and causes needless expense to opposing parties. Accordingly, this Court should make a substantive finding of harassment or frivolousness and find that the third *De Long* requirement is met. *De Long*, 912 F.2d at 1148.

## D.   Narrowly Tailored Order

A "[n]arrowly tailored order[ ] [is] needed 'to prevent infringement of the litigator's right of access to the courts.'" *De Long*, 912 F.2d at 1148 (quoting *Woods v. Santa Barbara Chamber of Commerce, Inc*., 705 F.2d 1515, 1525 (9th Cir. 1983)). Narrow tailoring is often accomplished by restricting the pre-filing restriction to certain entities or on certain facts. *See, e.g., Frost v. United States*, No. 19-cv-5190-EMC, 2020 WL 1288326 (N.D. Cal. Mar. 18, 2020) (restricting pre-filing restriction to suits against "any federal entity or any current or former federal employees"). An order requiring a party's claims to be subjected to a screening by a

20

district judge does not bar access to the courts and can provide "a valuable layer of protection." *Molski*, 500 F.3d at 1061.

Defendants' requested relief is narrowly confined to any new filings Plaintiff may bring in this District against California state officials, California state employees, or federal judges. Plaintiff would retain access to the courts but only upon a showing that a proposed complaint presents a colorable, non-duplicative claim. A request for limited screening is proportionate to Plaintiff's conduct. *Ringgold-Lockhart,* 761 F.3d at 1062; *De Long*, 912 F.2d at 1148 (pre-filing orders must be narrowly tailored to the abuse perceived).

## II.    PLAINTIFF IS A VEXATIOUS LITIGANT UNDER CALIFORNIA RULES

In addition to meeting the federal standards to be declared a vexatious litigant, Plaintiff also satisfies the requirements for being considered a vexatious litigant under California rules. Under section 391(b)(1), a person who, within the immediately preceding seven years, has filed five or more actions determined adversely is a vexatious litigant. Cal. Civ. Proc. Code § 391(b)(1). Section 391(b)(3) extends that definition to any pro se litigant who repeatedly files unmeritorious pleadings or motions. *Id*. § 391(b)(1).

As explained above, Plaintiff has had seven[4] federal cases decided against him. *See* RJN, Exs. E (*Gordon II*), F (*Gordon III*), G (*Gordon IV*), H (*Gordon V*), I (*Gordon VI*), L (*Gordon VII*), Supp. Not. Ex. A (*Gordon IX*). Furthermore, Plaintiff voluntarily dismissed one state court proceeding. *See id*., Ex. B. In addition, Plaintiff has this pending federal case that is likely to be decided against him. Plaintiff has never prevailed, or even moved his cases past the pleading state, in any of the numerous cases he has filed. Accordingly, Plaintiff meets the California definition of a vexatious litigant.

---

[4] While Plaintiff has had seven cases decided against him, he has only filed six cases as *Gordon VI* was severed from *Gordon V* when Plaintiff amended the complaint to add in the presiding judge. *See* RJN Ex. H.

21

**CONCLUSION**

For the foregoing reasons, the Court should declare Plaintiff a vexatious litigant and issue a pre-filing review order for any new filings Plaintiff may bring in this District against California state officials, California state employees, or federal judges. These measures are necessary to preserve judicial resources, prevent continued harassment of defendants, and ensure that any future litigation proceeds only upon a showing of legal and jurisdictional merit.

.

Dated:  July 1, 2026                                                   Respectfully submitted,

ROB BONTA
Attorney General of California
TODD GRABARSKY
Supervising Deputy Attorney General

/s/ Samuel Sokolsky
SAMUEL SOKOLSKY
Deputy Attorney General
*Attorneys for Defendants Governor Gavin Newsom, Lieutenant Governor Eleni Kounalakis, Attorney General Rob Bonta, Secretary of State Shirley N. Weber, and Steven J. Reyes, Chief Counsel to the Secretary of State*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Gavin Newsom, in his official capacity as Governor of California, and Shirley N. Weber, in her official capacity as California Secretary of State, certifies that this brief contains 6,901 words, which:

_X_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order.

Dated:  July 1, 2026                              Respectfully submitted,

                                                  ROB BONTA
                                                  Attorney General of California
                                                  TODD GRABARSKY
                                                  Supervising Deputy Attorney General


                                                  /s/ Samuel Sokolsky
                                                  SAMUEL SOKOLSKY
                                                  Deputy Attorney General
                                                  *Attorneys for Defendants Governor
                                                  Gavin Newsom, Lieutenant Governor
                                                  Eleni Kounalakis, Attorney General
                                                  Rob Bonta, Secretary of State Shirley
                                                  N. Weber, and Steven J. Reyes, Chief
                                                  Counsel to the Secretary of State*

23

## DECLARATION OF SERVICE BY E-MAIL

**Case Name:**          Gordon, Carl v. Gavin Newsom, et al. ("Gordon VIII")

**Case Number:**       2:25-cv-04705-AB-SSC

**Declaration of Electronic Service**

1.  I am at least 18 years of age and not a party to this matter.

2.  I am employed in the Office of the Attorney General of the State of California.  My business address is 300 South Spring Street, Suite 1702, Los Angeles, CA  90013-1230, County of Los Angeles.

3.  My electronic service address is Cristal.Ayala@doj.ca.gov.

4.  On July 1, 2026, I electronically served the following document[s]:

    a.  DEFENDANTS' NOTICE OF MOTION AND MOTION TO DECLARE PLAINTIFF CARL GORDON A VEXATIOUS LITIGANT

5.  I electronically served the aforementioned document[s] by emailing them to the following individual[s]:


Carl Gordon
University of the Hood
8306 Wilshire Blvd., No 792
Beverly Hills, CA  90211

**E-mail Address:**  universityofthehood@gmail.com

*Pro per Plaintiff*

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on July 1, 2026.

| | |
|---|---|
| Cristal Ayala | /S/ Cristal Ayala |
| Declarant | Signature |

SA2026300809
68470718