**CARL GORDON**
**UNIVERSITY OF THE 'HOOD®**
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
Tel. (310) 926-3939
Email: universityofthehood@gmail.com
Plaintiff, Pro Se

FILED

CLERK, U.S. DISTRICT COURT

7/10/2026

CENTRAL DISTRICT OF CALIFORNIA

BY _____ jji _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CARL GORDON**,<br><br>Plaintiff,<br><br>v.<br><br>**GAVIN NEWSOM**, Governor of California;<br><br>**ELENI KOUNALAKIS**, Lieutenant Governor of California;<br><br>**ROB BONTA**, Attorney General of California;<br><br>**SHIRLEY N. WEBER**, Secretary of State of California;<br><br>**STEVEN J. REYES**, Chief Counsel to the Secretary of State,<br><br>Defendants. | Case No. 2:25-cv-04705-AB SSC<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR MONETARY SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11; REQUEST FOR JUDICIAL NOTICE; REQUEST FOR CORRECTION AND SUPPLEMENTATION OF THE RECORD; AND ALTERNATIVE MOTION FOR STAY PENDING RELATED APPELLATE PROCEEDINGS**<br><br>Date: July 24, 2026<br>Time: 10:00 a.m.<br>Courtroom: 7B<br>Hon. André Birotte Jr. |

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................... 2

I. DEFENDANTS MISCHARACTERIZE THE BASIS OF PLAINTIFF'S RULE 11 MOTION ........................................................... 3

II. DEFENDANTS DO NOT REBUT THE MATERIAL FACTUAL OMISSIONS IDENTIFIED IN PLAINTIFF'S MOTION ..................................................................... 5

III. DEFENDANTS' OPPOSITION FAILS TO ADDRESS THE SPECIFIC RULE 11 VIOLATIONS IDENTIFIED IN PLAINTIFF'S MOTION ......................................................... 7

IV. DEFENDANTS' CHARACTERIZATIONS OF PLAINTIFF DO NOT SATISFY THEIR BURDEN UNDER RULE 11 ................................................................... 9

V. THE OMITTED PROCEDURAL HISTORY WAS MATERIAL TO THE ISSUES BEFORE THE COURT ................................................................... 10

VI. DEFENDANTS FAIL TO REBUT THE SPECIFIC RULE 11 VIOLATIONS IDENTIFIED IN PLAINTIFF'S MOTION ......................................................... 11

VII. THE JUDICIAL RECORD OBJECTIVELY CONFIRMS THE MATERIAL PROCEDURAL HISTORY IDENTIFIED IN PLAINTIFF'S MOTION ....................................... 13

CONCLUSION ...................................................................................... 14

NOTICE OF RELATED PROCEEDINGS ........................................... 16

CERTIFICATE OF COMPLIANCE ................................................... 17

PROOF OF SERVICE ....................................................................... 18

[PROPOSED] ORDER ....................................................................... 19

i

**TABLE OF AUTHORITIES**

RULES

Federal Rule of Civil Procedure 11 ................................. passim

Federal Rule of Civil Procedure 11(b) ............................ 2, 4, 6, 12, 14

Federal Rule of Civil Procedure 11(b)(3) ............................ 2, 3, 4, 6

Federal Rule of Civil Procedure 11(c) ................................. 15

Federal Rule of Civil Procedure 60(b)(4) ......................... 4, 5, 7, 12

Supreme Court Rule 22 .................................................. 16

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**INTRODUCTION**

Defendants' Opposition confirms the central premise of Plaintiff's Motion. Rather than responding to the specific factual omissions and misrepresentations identified in Plaintiff's Motion, Defendants repeatedly characterize the Motion as merely a disagreement with the legal arguments advanced in their Motion to Dismiss. That characterization is incorrect.

Plaintiff's Motion does not seek sanctions because Defendants advanced legal arguments with which Plaintiff disagrees. Rather, Plaintiff seeks relief under Federal Rule of Civil Procedure 11 because Defendants certified factual representations to this Court while omitting material procedural history directly relevant to the issues before the Court, the applicability of claim and issue preclusion, and the procedural posture of Plaintiff's related proceedings.

Rule 11 imposes an affirmative obligation that factual contentions presented to the Court have evidentiary support after a reasonable inquiry under the circumstances. Fed. R. Civ. P. 11(b)(3). The issue before this Court is therefore not whether Defendants ultimately prevail on their Motion to Dismiss, but whether counsel satisfied their independent obligation to present the Court with a fair and materially complete factual record before certifying their filing.

Defendants' Opposition does not deny the existence of the procedural events identified in Plaintiff's Motion. It does not dispute that the omitted proceedings occurred. It does not dispute that related appeals, Requests for Judicial Notice, Rule 60(b)(4) proceedings, supplemental filings, and other procedural developments existed at the time Defendants filed their Motion to Dismiss.

Instead, Defendants simply assert that these matters were irrelevant without addressing why material procedural history was omitted while simultaneously asking this Court to rely upon an incomplete litigation history in support of dismissal.

The Opposition likewise substitutes generalized characterizations of Plaintiff and his litigation history for a direct response to the specific Rule 11 issues presented. Such characterizations do not satisfy Rule 11's requirements and do not answer the factual deficiencies identified in Plaintiff's Motion.

Because Defendants have failed to rebut the material factual omissions identified in Plaintiff's Motion, the Opposition provides no basis to deny the relief requested.

## I. DEFENDANTS MISCHARACTERIZE THE BASIS OF PLAINTIFF'S RULE 11 MOTION

Defendants' Opposition rests upon a fundamental mischaracterization of Plaintiff's Motion. Throughout their Opposition, Defendants repeatedly assert that Plaintiff merely disagrees with the legal arguments advanced in their Motion to Dismiss and improperly seeks to litigate the merits through a Rule 11 motion. That is not the basis of Plaintiff's Motion.

Plaintiff does not seek sanctions because Defendants advanced legal theories with which Plaintiff disagrees. Rather, Plaintiff seeks sanctions because Defendants certified factual representations to this Court while omitting material procedural history and factual developments directly relevant to the issues presented in their Motion to Dismiss.

Federal Rule of Civil Procedure 11(b)(3) provides that, by presenting a pleading or other paper to the Court, an attorney certifies that "the factual contentions have

evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." That obligation extends beyond the accuracy of isolated factual statements. It requires that counsel conduct a reasonable inquiry and present factual contentions that fairly and accurately reflect the material procedural record before the Court. Plaintiff's Motion identified multiple examples in which Defendants omitted significant procedural developments, including related proceedings, Requests for Judicial Notice, Rule 60(b)(4) proceedings, pending appellate matters, and other material events bearing directly upon Defendants' assertions regarding claim preclusion, issue preclusion, waiver, and Plaintiff's litigation history. Defendants' Opposition does not dispute that these proceedings occurred. Nor does it dispute that these matters existed at the time Defendants certified their Motion to Dismiss.

Instead, Defendants repeatedly characterize these omissions as mere disagreements over litigation strategy or legal argument. That characterization misses the issue presented. The question before the Court is not whether Defendants were entitled to advocate for dismissal. They unquestionably were. The question is whether counsel satisfied their independent obligation under Rule 11 to conduct a reasonable inquiry and present a materially complete factual record while asking this Court to rely upon that record in adjudicating Defendants' Motion to Dismiss.

Notably, Defendants' Opposition does not directly respond to the specific factual omissions identified in Plaintiff's Motion. Rather than demonstrating that the omitted procedural history was inaccurate or immaterial, Defendants simply assert that Plaintiff disagrees with their legal conclusions. Those are different

issues. Rule 11 requires the Court to evaluate the factual representations certified by counsel, not merely the legal conclusions drawn from them.

Accordingly, Defendants' threshold argument fails because it attacks a position Plaintiff has not taken. Plaintiff's Motion is directed to Defendants' compliance with Rule 11's certification requirements regarding factual contentions and the reasonable inquiry required before presenting those contentions to the Court.

## II. DEFENDANTS DO NOT REBUT THE MATERIAL FACTUAL OMISSIONS IDENTIFIED IN PLAINTIFF'S MOTION

Defendants' Opposition repeatedly asserts that Plaintiff has failed to identify any material factual misrepresentation. The record demonstrates otherwise. Rather than responding to the specific omissions identified in Plaintiff's Motion, Defendants simply characterize those omissions as disagreements over legal argument. That response fails to address the Rule 11 issues presented.

Plaintiff's Motion identified numerous material procedural developments that were omitted from Defendants' Motion to Dismiss and accompanying Request for Judicial Notice. Those omissions include proceedings directly bearing upon the procedural posture of this litigation, the applicability of claim and issue preclusion, the status of related appeals, and the complete litigation history presented to this Court.

Significantly, Defendants do not deny that these proceedings occurred. They do not dispute the existence of the Rule 60(b)(4) proceedings. They do not dispute the existence of the related appeals. They do not dispute the Requests for Judicial Notice, supplemental filings, emergency applications, or other procedural developments identified in Plaintiff's Motion. Instead, Defendants simply conclude that these matters were irrelevant.

That assertion is insufficient. Whether omitted procedural history ultimately changes the disposition of Defendants' Motion to Dismiss is a question for the Court. Rule 11 imposes upon counsel the obligation to conduct a reasonable inquiry and present factual contentions supported by the record. Counsel may vigorously advocate their clients' legal position, but they may not satisfy Rule 11 by presenting a materially incomplete procedural record while asking the Court to rely upon that record.

This distinction is particularly important where Defendants ask the Court to apply claim preclusion, issue preclusion, waiver, and related doctrines. Those doctrines necessarily depend upon an accurate and complete understanding of the underlying procedural history. Omitting material proceedings while simultaneously asking the Court to rely upon that history undermines the Court's ability to evaluate those defenses on a fully informed basis.

The Opposition therefore does not rebut Plaintiff's factual showing. Rather than demonstrating that the omitted proceedings were inaccurately described or did not exist, Defendants merely express disagreement with Plaintiff's conclusion that those omissions are material. That disagreement does not resolve the Rule 11 issue before the Court. The Court must determine whether counsel's factual presentation complied with the certification requirements imposed by Rule 11(b), not whether Defendants believe the omitted proceedings ultimately favor Plaintiff's position.

Accordingly, Defendants have failed to rebut the central factual basis of Plaintiff's Motion for Sanctions.

**III. DEFENDANTS' OPPOSITION FAILS TO ADDRESS THE SPECIFIC RULE 11 VIOLATIONS IDENTIFIED IN PLAINTIFF'S MOTION**

Rather than responding to the specific Rule 11 violations identified in Plaintiff's Motion, Defendants repeatedly substitute generalized assertions that Plaintiff's Motion is frivolous, harassing, or merely reflects disagreement with Defendants' legal arguments. These characterizations do not answer the factual issues presented.

For example, Defendants argue that Plaintiff's Rule 60(b)(4) proceedings and the related appeal do not affect the preclusive effect of Gordon II. Whether Defendants' legal position is ultimately correct, however, is not the issue presented by Plaintiff's Motion. The relevant Rule 11 question is whether Defendants were required to disclose the existence of those proceedings while asking this Court to rely upon the procedural history of Gordon II in support of dismissal.

Defendants do not dispute that the Rule 60(b)(4) proceedings existed. They do not dispute that an appeal was pending when their Motion to Dismiss was filed. Nor do they dispute that those proceedings directly concerned the validity of the underlying judgment upon which their preclusion arguments rely. Instead, Defendants simply characterize Plaintiff's efforts as meritless. That assertion does not answer whether counsel fulfilled their Rule 11 obligation to present a materially complete procedural history.

Similarly, Defendants dismiss Plaintiff's concerns regarding inconsistent litigation positions by asserting that mootness was not a ground raised in their Motion to Dismiss. This response overlooks Plaintiff's actual argument. Plaintiff's Motion does not challenge Defendants merely because they omitted a

mootness argument. Rather, Plaintiff identified inconsistent factual and procedural representations made by Defendants in related litigation concerning the same underlying controversy. The existence of those representations bears directly upon the completeness and accuracy of the factual record presented to this Court.

Defendants likewise dismiss Plaintiff's references to Requests for Judicial Notice, supplemental filings, emergency applications, and related proceedings without explaining why those matters were omitted from the procedural history presented to the Court. Simply labeling those proceedings as irrelevant does not satisfy Rule 11's certification requirements. The question is not whether Defendants preferred to omit those proceedings, but whether a reasonable inquiry required their disclosure in order to present a fair and materially complete record. Finally, Defendants devote substantial portions of their Opposition to describing Plaintiff as a vexatious litigant and characterizing his filings as frivolous or burdensome. Those assertions are not evidence and do not resolve the Rule 11 issues before the Court. Rule 11 focuses upon the conduct of the attorney signing and presenting a filing to the Court. It requires an objectively reasonable factual inquiry and factual contentions supported by the record. Personal characterizations of the opposing party neither satisfy nor excuse those obligations.

Because Defendants have not substantively addressed the specific Rule 11 violations identified in Plaintiff's Motion, their Opposition fails to rebut Plaintiff's showing that sanctions remain appropriate.

## IV. DEFENDANTS' CHARACTERIZATIONS OF PLAINTIFF DO NOT SATISFY THEIR BURDEN UNDER RULE 11

A substantial portion of Defendants' Opposition is devoted to describing Plaintiff's litigation history and characterizing him as a frivolous or vexatious litigant. Those assertions, however, do not answer the Rule 11 issues presented by Plaintiff's Motion.

Rule 11 imposes an affirmative obligation upon attorneys signing pleadings and other papers submitted to the Court. The Rule requires that factual contentions have evidentiary support following a reasonable inquiry under the circumstances and that representations made to the Court accurately reflect the material facts relevant to the issues presented.

Whether Plaintiff has previously filed other lawsuits is not the issue presently before the Court. Nor does the disposition of prior cases relieve counsel of their continuing obligation to comply with Rule 11 in every filing submitted to a federal court. Each filing must independently satisfy the certification requirements imposed by Rule 11.

Defendants repeatedly rely upon generalized assertions that Plaintiff's Motion is frivolous, harassing, or intended to burden judicial resources. Such assertions are not evidence and do not address the specific omissions identified in Plaintiff's Motion. Defendants do not demonstrate that the omitted procedural history was inaccurate. They do not establish that the omitted proceedings were nonexistent. Nor do they explain why material procedural developments were excluded from the factual presentation provided to the Court.

Instead, Defendants ask the Court to disregard the substance of Plaintiff's Motion based upon Plaintiff's litigation history. Rule 11 does not authorize such an

approach. The Court's inquiry is objective and focuses upon the conduct of the attorney signing the challenged filing, not upon the identity or litigation history of the opposing party.

Accordingly, the Court should evaluate Plaintiff's Motion on the factual record presented and the requirements of Rule 11, rather than upon generalized characterizations that do not address the specific certification issues raised by Plaintiff.

**V. THE OMITTED PROCEDURAL HISTORY WAS MATERIAL TO THE ISSUES BEFORE THE COURT**

The omissions identified in Plaintiff's Motion were not incidental or immaterial. They concerned procedural events that directly affected the posture of this litigation and the legal issues presented to the Court.

Rule 11 requires that factual representations submitted to the Court be supported by a reasonable inquiry and accurately reflect the material facts relevant to the issues being litigated. Material facts include procedural developments that bear directly upon the Court's consideration of pending motions, the procedural posture of the case, and the legal arguments advanced by the parties.

Plaintiff's Motion identifies specific procedural events that were omitted from Defendants' presentation to the Court. Those events include prior proceedings, judicial orders, and related appellate developments that bear directly upon the issues raised in this litigation. Defendants do not dispute that these proceedings occurred. Instead, they argue that the omitted matters were irrelevant without providing any substantive explanation as to why those proceedings could properly be excluded from their factual presentation.

Whether particular procedural developments ultimately favor one party or the other is not the Rule 11 inquiry. The question is whether counsel conducted a reasonable inquiry and presented the Court with an accurate and complete account of the material procedural history necessary for an informed judicial determination. Material facts cannot be omitted simply because they may be unfavorable to the position advanced.

Moreover, the omitted procedural history concerns matters reflected in publicly available court records and official judicial proceedings. These were not disputed factual allegations dependent upon witness credibility or competing evidence. They were objective procedural events capable of verification through the judicial record itself.

Defendants' Opposition does not demonstrate that counsel satisfied Rule 11's obligation to conduct a reasonable inquiry regarding these matters before making the factual representations challenged in Plaintiff's Motion. Instead, the Opposition largely avoids the substance of the identified omissions and responds with generalized characterizations of Plaintiff and his litigation history.

## VI. DEFENDANTS FAIL TO REBUT THE SPECIFIC RULE 11 VIOLATIONS IDENTIFIED IN PLAINTIFF'S MOTION

Defendants' Opposition does not meaningfully respond to the specific Rule 11 violations identified in Plaintiff's Motion. Instead of addressing each challenged factual representation, Defendants largely rely upon generalized legal arguments and characterizations of Plaintiff that do not resolve the issues presented. Plaintiff's Motion identifies specific factual omissions and representations that were material to the matters before this Court and supported by official court records. Rule 11 required Defendants' counsel to conduct a reasonable inquiry

into those matters before certifying that their factual contentions had evidentiary support.

Rather than demonstrating that such an inquiry was conducted, Defendants do not dispute the existence of the underlying judicial proceedings identified in Plaintiff's Motion. Nor do they establish that Plaintiff inaccurately described those proceedings. Instead, they argue that Plaintiff disagrees with Defendants' legal positions or seeks to relitigate issues previously decided. That argument does not answer the Rule 11 allegations.

Rule 11 distinguishes between legal advocacy and factual certification. Attorneys remain free to advance legal arguments on behalf of their clients, but they may not omit or mischaracterize material facts necessary to permit the Court to evaluate those arguments accurately. The certification required by Rule 11 applies independently of the merits of the underlying legal dispute.

Significantly, Defendants' Opposition does not explain why the challenged omissions were appropriate, why the omitted procedural history was immaterial, or why counsel's Rule 11 certification remained objectively reasonable in light of the complete judicial record. The absence of any substantive response to these issues leaves Plaintiff's Rule 11 allegations unrebutted.

Accordingly, the Court should evaluate Plaintiff's Motion based upon the objective requirements of Rule 11 and the undisputed judicial record, rather than upon Defendants' generalized assertions concerning Plaintiff's litigation history or their disagreement with Plaintiff's legal conclusions.

## VII. THE JUDICIAL RECORD OBJECTIVELY CONFIRMS THE MATERIAL PROCEDURAL HISTORY IDENTIFIED IN PLAINTIFF'S MOTION

The Rule 11 issues presented by Plaintiff's Motion do not depend upon disputed witness testimony or competing factual narratives. Rather, they concern procedural events reflected in official judicial records that are capable of objective verification by this Court.

Plaintiff's Motion identifies judicial orders, docket entries, and related appellate proceedings that form part of the procedural history underlying this litigation. These are matters of public record whose existence and content may be confirmed through the Court's own docket and the records of the related proceedings. Defendants do not dispute that these proceedings occurred or that the referenced orders and docket entries exist.

Because the relevant facts are established by official court records, the issue is not whether reasonable minds may differ regarding the legal consequences of those proceedings. Rather, the question is whether counsel fulfilled Rule 11's obligation to conduct a reasonable inquiry and to present the Court with factual representations that fairly and accurately reflected the material procedural history.

Rule 11 requires more than technically accurate statements viewed in isolation. It also requires that factual representations, taken as a whole, not create a materially incomplete or misleading picture of the proceedings before the Court. The omission of significant procedural developments may be as misleading as an affirmative misstatement when those developments are necessary to place the issues in their proper context.

Defendants' Opposition does not demonstrate that counsel undertook the reasonable inquiry required by Rule 11 with respect to the omitted procedural history. Nor does it explain why the challenged omissions were consistent with counsel's certification obligations. Instead, the Opposition largely bypasses the factual record identified in Plaintiff's Motion and focuses on Plaintiff personally rather than on counsel's compliance with Rule 11.

Accordingly, the Court should determine whether Defendants' challenged filing satisfied Rule 11 based upon the complete judicial record and the objective certification standards imposed by the Federal Rules of Civil Procedure. The existence of the underlying judicial proceedings is established by official court records, and those records provide the appropriate basis for evaluating the reasonableness of counsel's factual representations.

**CONCLUSION**

For the foregoing reasons, Defendants have failed to rebut the factual and legal grounds presented in Plaintiff's Motion for Rule 11 Sanctions. Rather than addressing the specific omissions, misrepresentations, and procedural defects identified in Plaintiff's Motion, Defendants rely upon character attacks, irrelevant references to Plaintiff's prior litigation, and arguments that do not satisfy the certification obligations imposed by Federal Rule of Civil Procedure 11.

Rule 11 requires attorneys to conduct a reasonable inquiry under the circumstances and to ensure that factual contentions presented to the Court have evidentiary support and that legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law. Those obligations apply regardless of the identity of the opposing party and

cannot be avoided through generalized assertions that a motion is frivolous or vexatious.

The record demonstrates that Defendants' Opposition does not refute the material omissions and inaccuracies identified in Plaintiff's Motion. Instead, it confirms the absence of any evidentiary basis for several representations made to the Court while failing to address the controlling procedural facts upon which Plaintiff's Motion is based.

Accordingly, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Rule 11 Sanctions, impose such sanctions as the Court deems appropriate under Rule 11(c), order such additional corrective relief as is necessary to protect the integrity of these proceedings, and grant such other and further relief as the Court deems just and proper.

Dated: July 10, 2026                 Respectfully submitted,

                                     Carl Gordon
                                     Plaintiff, appearing pro se
                                     8306 Wilshire Blvd., No. 792
                                     Beverly Hills, CA 90211
                                     universityofthehood@gmail.com
                                     (310) 926-3939

**NOTICE OF RELATED PROCEEDINGS**

Plaintiff respectfully submits this Notice to advise the Court of a subsequent procedural development related to Plaintiff's Supplemental Request for Judicial Notice filed on July 1, 2026.

On July 9, 2026, Emergency Application No. 26A36 was denied by the Circuit Justice. Plaintiff is submitting a renewed emergency application pursuant to Supreme Court Rule 22.

This Notice is provided solely to update the Court regarding the current procedural posture of the related Supreme Court proceedings in support of Plaintiff's July 1, 2026, Supplemental Request for Judicial Notice and does not request any action by this Court.

Dated: July 10, 2026                    Respectfully submitted,

Carl Gordon
Plaintiff, appearing pro se
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
universityofthehood@gmail.com
(310) 926-3939

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 11-6 of the United States District Court for the Central District of California, Plaintiff certifies that this Reply in Support of Plaintiff's Motion for Monetary Sanctions Pursuant to Federal Rule of Civil Procedure 11 contains approximately 3976 words, excluding those portions exempted by the applicable rules.

This document has been prepared in 14-point Times New Roman typeface.

Dated: July 10, 2026                   Respectfully submitted,

*Carl Gordon*

Carl Gordon
Plaintiff, appearing pro se
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
universityofthehood@gmail.com
(310) 926-3939

**PROOF OF SERVICE**

I, Mae Gordon, declare as follows:

I am employed in the City and County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My address is 1125 South Holt Avenue, Apt. 3, Los Angeles, California 90035.

On July 10, 2026, I served the foregoing PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR MONETARY SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11; REQUEST FOR JUDICIAL NOTICE; REQUEST FOR CORRECTION AND SUPPLEMENTATION OF THE RECORD; AND ALTERNATIVE MOTION FOR STAY PENDING RELATED APPELLATE PROCEEDINGS [PROPOSED] ORDER:

Todd Grabarsky
Supervising Deputy Attorney General
Office of the California Attorney General
Todd.Grabarsky@doj.ca.gov

Samuel E. Sokolsky
Deputy Attorney General
Office of the California Attorney General
Samuel.Sokolsky@doj.ca.gov

Service was effected by transmitting a true and correct copy of the document(s) via electronic mail to the addresses listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 10, 2026, at Los Angeles, California.

Mae Gordon

**CARL GORDON**
**UNIVERSITY OF THE 'HOOD®**
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
Tel. (310) 926-3939
Email: universityofthehood@gmail.com
Plaintiff, Pro Se

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CARL GORDON**,<br><br>Plaintiff,<br><br>v.<br><br>**GAVIN NEWSOM**, Governor of California;<br><br>**ELENI KOUNALAKIS**, Lieutenant Governor of California;<br><br>**ROB BONTA**, Attorney General of California;<br><br>**SHIRLEY N. WEBER**, Secretary of State of California;<br><br>**STEVEN J. REYES**, Chief Counsel to the Secretary of State,<br><br>Defendants. | Case No. 2:25-cv-04705-AB SSC<br><br>**[PROPOSED] ORDER**<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR MONETARY SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11; REQUEST FOR JUDICIAL NOTICE; REQUEST FOR CORRECTION AND SUPPLEMENTATION OF THE RECORD; AND ALTERNATIVE MOTION FOR STAY PENDING RELATED APPELLATE PROCEEDINGS**<br><br>Date: July 24, 2026<br>Time: 10:00 a.m.<br>Courtroom: 7B<br>Hon. André Birotte Jr. |

**[PROPOSED] ORDER**

The Court, having considered Plaintiff's Motion for Monetary Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Dkt. 62), Defendants' Opposition, Plaintiff's Reply, the requests for judicial notice, the record in this action, and all other matters properly before the Court, hereby ORDERS as follows:

1. Plaintiff's Motion for Monetary Sanctions is GRANTED.

2. The Court finds that sanctions are warranted pursuant to Federal Rule of Civil Procedure 11.

3. The Court grants such additional corrective relief as is set forth on the record or in a separate order of the Court.

IT IS SO ORDERED.

DATED: _____

_____

HON. ANDRÉ BIROTTE JR.

United States District Judge